**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAN 2 2 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**JOHNATHAN YASEVICH, KRISTEN COSTNER,**
**RONALD DENNEY, DANIELLE GROSS, HEATH**
**HATCHER, DESARAY HOLMES, SIERRA**
**NELSON, KATIE REED, LONNA ROSE, KADI**
**STONECIPHER, JOSHUA STRINGER, and**
**ASHLEY WEST, Each Individually and**
**on Behalf of All Others Similarly Situated**

**PLAINTIFFS**

This case assigned to District Judge _Baker_
and to Magistrate Judge _Kearney_

VS.                              No. 3:20-cv-_19_-_KGB_

**THE HERITAGE COMPANY, INC.,**
**and SANDRA FRANECKE**

**DEFENDANTS**

## ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COME NOW Plaintiffs Johnathan Yasevich, Kristen Costner, Ronald Denney, Desaray Holmes, Sierra Nelson, Katie Reed, Lonna Rose, Kadi Stonecipher, and Ashley West (collectively "Hourly Plaintiffs") and Plaintiffs Danielle Gross, Heath Hatcher, and Joshua Stringer (collectively with Hourly Plaintiffs, "Plaintiffs"), by and through their attorneys Daniel Ford and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Class and Collective Action ("Complaint") against DefendantS The Heritage Company, Inc., and Sandra Franecke (collectively "Defendant" or "Defendants"), they do hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Arkansas Minimum Wage Act, Ark. Code

Ann. § 11-4-201, *et seq.* ("AMWA"), and under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.* ("the WARN Act"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs and a reasonable attorney's fee as a result of Defendant's failure to pay Plaintiffs overtime wages as required by the FLSA and AMWA, and as a result of Defendant's failure to provide sufficient notice of mass layoffs or plant closure as required by the WARN Act.

## II.      JURISDICTION AND VENUE

2.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA and the WARN Act.

3.      Hourly Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint. Therefore, this Court has supplemental jurisdiction over Hourly Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

4.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

5.      The acts alleged in this Complaint had their principal effect within the Northern Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.      THE PARTIES

6.      Plaintiff Johnathan Yasevich is an individual and a resident and domiciliary of Arkansas.

7.      Plaintiff Kristin Costner is an individual and a resident and domiciliary of Arkansas.

8.      Plaintiff Ronald Denney is an individual and a resident and domiciliary of Arkansas.

9.      Plaintiff Danielle Gross is an individual and a resident and domiciliary of Arkansas.

10.     Plaintiff Heath Hatcher is an individual and a resident and domiciliary of Arkansas.

11.     Plaintiff Desaray Holmes is an individual and a resident and domiciliary of Arkansas.

12.     Plaintiff Sierra Nelson is an individual and a resident and domiciliary of Arkansas.

13.     Plaintiff Katie Reed is an individual and a resident and domiciliary of Arkansas.

14.     Plaintiff Lonna Rose is an individual and a resident and domiciliary of Arkansas.

15.     Plaintiff Kadi Stonecipher is an individual and a resident and domiciliary of Arkansas.

16.     Plaintiff Joshua Stringer is an individual and a resident and domiciliary of Arkansas.

17.     Plaintiff Ashley West is an individual and a resident and domiciliary of Arkansas.

18.     Defendant The Heritage Company, Inc. ("Heritage Company") is a domestic for-profit corporation.

19.     Heritage Company's registered agent for service is Charles D. Davidson, at 724 Garland Street, Little Rock, Arkansas 72201.

20.     Defendant Sandra Franecke ("Franecke") is an individual and resident and domiciliary of Arkansas.

21.     Franecke is the owner, principal, officer and/or director of Heritage Company.

22.     Franecke manages and controls the day-to-day operations of Heritage Company, including but not limited to the decision to not pay Hourly Plaintiffs a sufficient premium for hours worked in excess of forty (40) per week

23.     At all times relevant hereto, Defendants had the power to hire and fire employees, and supervised and set wages and wage policies for employees.

24.     During the relevant time, Defendant had at least two (2) employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

25.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

26.     Defendant employed more than four employees within the State of Arkansas during each of the four years preceding the filing of this Complaint.

27.     Defendant employed 100 or more employees, excluding part-time employees, at the time it closed.

## IV.     FACTUAL ALLEGATIONS

28.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

29.     During the time period relevant to this lawsuit, Defendant operated call-centers throughout Arkansas.

30.     Plaintiff Yasevich worked as an hourly-paid employee for Defendant from October of 2014 to December of 2019.

31.     Each Hourly Plaintiff worked as an hourly-paid employee for Defendant during the three years preceding the filing of this lawsuit.

32.     Defendant employed Hourly Plaintiffs as telemarketing sales representatives.

33.     Defendant directly hired Hourly Plaintiffs and similarly situated employees to work in its facilities, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

34.     At all relevant times, Hourly Plaintiffs have been classified as non-exempt from the overtime provisions of the FLSA.

35.     Hourly Plaintiffs and similarly situated employees regularly worked over forty hours in a workweek.

36.     Hourly Plaintiffs were paid "straight time," meaning they did not receive an overtime premium for hours worked over forty (40) in a week.

37.     Defendant failed to pay Hourly Plaintiffs and similarly situated employees one and one-half times their regular rate of pay for all hours worked over forty in a workweek.

38.     Hourly Plaintiffs were paid only for time spent logged into certain programs.

39.     Hourly Plaintiffs were required to switch programs approximately four to five times per day.

40.     The time it took to switch programs took up to five minutes at a time.

41.     Because Hourly Plaintiffs were not paid for the time it took to switch programs, each Hourly Plaintiff worked approximately two hours per week for which they were not paid.

42.     On or around December 20, 2019, Defendant notified Plaintiffs and similarly situated employees that Defendant's company was closing, effectively immediately.

43.     Defendant did not give Plaintiffs or similarly situated employees advance notice of the close.

V.      **REPRESENTATIVE ACTION ALLEGATIONS—FLSA**

44.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

45.     Hourly Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Payment for all hours worked, including overtime premiums for all hours worked over 40 in any week;

B.     Liquidated damages; and

C.     Attorney's fees and costs.

46.     Hourly Plaintiffs propose the following class under the FLSA:

**All hourly-paid employees within the past three years.**

47.     In conformity with the requirements of FLSA Section 16(b), Hourly Plaintiffs have filed or will soon file a written Consent to Join this lawsuit.

48.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

49.     The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.     They were paid hourly;

B.     They were subject to Defendant's common timekeeping system;

C.     They were subject to Defendant's common policy of failing to pay for all hours worked;

D.   They were subject to Defendant's common policy of failing to pay an overtime premium for all hours worked over forty in a week;

E.   They had substantially similar job duties, requirements, and pay provisions.

50.   Hourly Plaintiffs are unable to state the exact number of the class but believe that the class exceeds one hundred (100) persons.

51.   Defendant can readily identify the members of the class, who are a certain portion of the former employees of Defendant.

52.   The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

53.   The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI.   RULE 23 CLASS ACTION ALLEGATIONS—the WARN Act

54.   Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section

55.   Plaintiffs bring this claim for relief for violation of the WARN Act as a class action pursuant to Fed. R. Civ. P. 23.

56.   While Plaintiffs do not know the exact number of potential class members, upon information and belief, Plaintiffs estimate that there are at least one hundred (100) other employees who were affected by and did not receive notice of Defendant's closure.

57.   Common questions of law or fact common to the class of affected employees are:

A.    Whether Defendant is an employer under the WARN Act;

B.    Whether the members of the class received timely notice of Defendant's closure; and

C.    What each class member's damages will be.

58.    Plaintiffs' claims are typical of the class of employees affected by the closure in that they arose from the same employer, the same instance of Defendant's sudden and untimely closure, and are based on the same legal theories.

59.    As former employees who were affected by the December 20 closure, Plaintiffs are not only members of the class, but are adequate class representatives because Plaintiffs did not receive notice of the closure and therefore have an interest in seeking recovery for the same types of damages that members of the class would seek.

60.    Plaintiffs know of no conflict of interest with the class of employees who were affected by the closure.

61.    Plaintiffs have hired the Sanford Law Firm, PLLC, to pursue their claim for backpay under the WARN Act. The Sanford Law Firm, PLLC, focuses its practice on plaintiff's employment law. It has represented numerous other plaintiffs in wage-related class actions within the past five years.

## VII.    FIRST CAUSE OF ACTION
### (Individual Claims for Violation of the FLSA)

62.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

63.     Hourly Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64.     At all times relevant to this Complaint, Defendant has been Hourly Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

65.     At all times relevant to this Complaint, Defendant has acted as an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

66.     29 U.S.C. § 207 requires any enterprise engaged in commerce to pay all employees one and one-half times regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

67.     Defendant classified Hourly Plaintiffs as non-exempt from the requirements of the FLSA.

68.     Despite the entitlement of Hourly Plaintiffs to overtime payments under the FLSA, Defendant failed to pay Hourly Plaintiffs for all hours worked, including an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each week.

69.     Defendant's failure to pay Hourly Plaintiffs overtime wages owed was willful.

70.     By reason of the unlawful acts alleged herein, Defendant is liable to Hourly Plaintiffs for monetary damages, liquidated damages, and costs, including

reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.     SECOND CAUSE OF ACTION
### (Individual Claims for Violation of the AMWA)

71.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

72.     Hourly Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

73.     At all times relevant to this Complaint, Defendant was Hourly Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

74.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

75.     Defendant classified Hourly Plaintiffs as non-exempt from the requirements of the AMWA.

76.     Despite the entitlement of Hourly Plaintiffs to overtime payments under the AMWA, Defendant failed to pay Plaintiff for all hours worked, including an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each week.

77.     Defendant's failure to pay Hourly Plaintiff overtime wages owed was willful.

78.     By reason of the unlawful acts alleged herein, Defendant is liable to Hourly Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## IX.     THIRD CAUSE OF ACTION
### (Individual Claims for Violation of the WARN Act)

79.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

80.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the WARN Act, 29 U.S.C. § 2101, *et seq.*

81.     At all times relevant to this Complaint, Defendant was Plaintiffs' "employer" within the meaning of the WARN Act, 29 U.S.C. § 2101(a)(1).

82.     29 U.S.C. § 2102 prohibits employers from ordering a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order to each affected employee or the employees representative.

83.     29 U.S.C. § 2104 states that any employer who orders a plan closing or mass layoff in violation of § 2102 shall be liable to each aggrieved employee who suffers an employment loss as a result of such closing or layoff for backpay for each day of violation.

84.     Defendant failed to notify Plaintiffs of its closing sixty days before such closure.

85.     Defendant notified Plaintiffs of its closing on the day Defendant closed.

86.     By reason of the unlawful acts alleged herein, Defendant is liable to each Plaintiff for backpay for each day of violation at a rate of compensation not less than either their average regular rate during the last three years of each Plaintiff's employment, or each Plaintiff's final regular rate, whichever is higher. 29 U.S.C. § 2104(a)(1)(A). Defendant is also liable to Plaintiffs for a reasonable attorney's fee. 29 U.S.C. § 2104(a)(6).

## X.        FOURTH CAUSE OF ACTION
### (Collective Action Claim for Violation of FLSA)

87.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

88.     Hourly Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

89.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

90.     Defendant classified Hourly Plaintiffs and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

91.     Defendant failed to pay Hourly Plaintiffs and similarly situated employees one and one-half (1.5) times their regular rate for all hours worked over forty (40) per week.

92.     In the past three years, Defendant has employed more than one hundred (100) hourly-paid employees.

93.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

94.     By reason of the unlawful acts alleged herein, Defendant is liable to Hourly Plaintiffs and all similarly situated employees for monetary damages, liquidated damages, and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

95.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Hourly Plaintiffs and all those similarly situated as provided by the FLSA, Hourly Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## XI.     FIFTH CAUSE OF ACTION
### (Class Action Claim for Violation of the WARN Act)

96.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

97.     Plaintiffs assert this claim for damages and declaratory relief on behalf of all members of the putative class pursuant to the WARN Act, 29 U.S.C. § 2101, et seq.

98.     At all times relevant to this Complaint, Defendant was the "employer" of Plaintiffs and the putative class within the meaning of the WARN Act, 29 U.S.C. § 2101(a)(1).

99.     29 U.S.C. § 2102 prohibits employers from ordering a plant closing or mass layoff until the end of a 60-day period after the employer serves written

notice of such an order to each affected employee or the employees representative.

100.   29 U.S.C. § 2104 states that any employer who orders a plan closing or mass layoff in violation of § 2102 shall be liable to each aggrieved employee who suffers an employment loss as a result of such closing or layoff for backpay for each day of violation.

101.   Defendant failed to notify Plaintiffs and the putative class of its closing sixty days before such closure.

102.   Defendant notified Plaintiffs and the putative class of its closing on the day Defendant closed.

103.   By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and each member of the putative class for backpay for each day of violation at a rate of compensation not less than either their average regular rate during the last three years of each putative class member's employment, or their final regular rate, whichever is higher. 29 U.S.C. § 2104(a)(1)(A). Defendant is also liable to Plaintiffs and the putative class for a reasonable attorney's fee. 29 U.S.C. § 2104(a)(6).

## XII.        PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs respectfully request this Court grant the following relief:

A.        Summon each Defendant to appear and answer herein;

B.        Enter declaratory judgment that the practices complained of herein are unlawful under Federal and Arkansas law;

C.      Enter an Order for complete and accurate accounting of all the compensation to which Plaintiffs, the collective and the class is entitled;

D.      Award Hourly Plaintiffs and the collective compensatory damages in an amount equal to the unpaid back wages at the applicable minimum wage for a period of three (3) years prior to this lawsuit through the date of trial;

E.      Award a judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid compensation owed to Hourly Plaintiffs and the collective during the applicable statutory period;

F.      Award a judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations in an amount equal to all unpaid compensation owed to Hourly Plaintiffs during the applicable statutory period;

G.      Award Plaintiffs and the class a judgment for compensatory damages in an amount equal to the unpaid back wages at the applicable rate pursuant to the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.*;

H.      For certification of and notice to the collective and class to be determined by motions practice;

I.      An award to Plaintiffs of all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action, together with all applicable interest; and

J.    All such other and further relief to which this Court may find Plaintiffs entitled.

Respectfully submitted,

**JOHNATHAN YASEVICH, KRISTIN COSTNER, RONALD DENNEY, DANIELLE GROSS, HEATH HATCHER, DESARAY HOLMES, SIERRA NELSON, KATIE REED, LONNA ROSE, KADI STONECIPHER, JOSHUA STRINGER, and ASHLEY WEST, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JOHNATHAN YASEVICH, KRISTEN COSTNER,**                                **PLAINTIFFS**
**RONALD DENNEY, DANIELLE GROSS, HEATH**
**HATCHER, DESARAY HOLMES, SIERRA**
**NELSON, KATIE REED, LONNA ROSE, KADI**
**STONECIPHER, JOSHUA STRINGER, and**
**ASHLEY WEST, Each Individually and**
**on Behalf of All Others Similarly Situated**


vs.                                      No. 3:20-cv-____


**THE HERITAGE COMPANY, INC.,**                                     **DEFENDANTS**
**and SANDRA FRANECKE**


## <u>CONSENT TO JOIN COLLECTIVE ACTION</u>

I was employed as an hourly-paid worker for The Heritage Company, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.


_____
**JOHNATHAN YASEVICH**

January 21, 2020


**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JOHNATHAN YASEVICH, KRISTEN COSTNER,**          PLAINTIFFS
**RONALD DENNEY, DANIELLE GROSS, HEATH**
**HATCHER, DESARAY HOLMES, SIERRA**
**NELSON, KATIE REED, LONNA ROSE, KADI**
**STONECIPHER, JOSHUA STRINGER, and**
**ASHLEY WEST, Each Individually and**
**on Behalf of All Others Similarly Situated**

vs.                            No. 3:20-cv-____

**THE HERITAGE COMPANY, INC.,**                  DEFENDANTS
**and SANDRA FRANECKE**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly-paid worker for The Heritage Company, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**KRISTEN COSTNER**

January 21, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JOHNATHAN YASEVICH, KRISTEN COSTNER,**                    **PLAINTIFFS**
**RONALD DENNEY, DANIELLE GROSS, HEATH**
**HATCHER, DESARAY HOLMES, SIERRA**
**NELSON, KATIE REED, LONNA ROSE, KADI**
**STONECIPHER, JOSHUA STRINGER, and**
**ASHLEY WEST, Each Individually and**
**on Behalf of All Others Similarly Situated**


vs.                                          No. 3:20-cv-_____


**THE HERITAGE COMPANY, INC.,**                              **DEFENDANTS**
**and SANDRA FRANECKE**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly-paid worker for The Heritage Company, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.



**RONALD DENNEY**

January 21, 2020


**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JOHNATHAN YASEVICH, KRISTEN COSTNER,**                         **PLAINTIFFS**
**RONALD DENNEY, DANIELLE GROSS, HEATH**
**HATCHER, DESARAY HOLMES, SIERRA**
**NELSON, KATIE REED, LONNA ROSE, KADI**
**STONECIPHER, JOSHUA STRINGER, and**
**ASHLEY WEST, Each Individually and**
**on Behalf of All Others Similarly Situated**


vs.                                  No. 3:20-cv-_____


**THE HERITAGE COMPANY, INC.,**                                  **DEFENDANTS**
**and SANDRA FRANECKE**

## <u>CONSENT TO JOIN COLLECTIVE ACTION</u>

I was employed as an hourly-paid worker for The Heritage Company, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.



**DESARAY HOLMES**

January 21, 2020


**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| JOHNATHAN YASEVICH, KRISTEN COSTNER, RONALD DENNEY, DANIELLE GROSS, HEATH HATCHER, DESARAY HOLMES, SIERRA NELSON, KATIE REED, LONNA ROSE, KADI STONECIPHER, JOSHUA STRINGER, and ASHLEY WEST, Each Individually and on Behalf of All Others Similarly Situated | PLAINTIFFS |

vs.                              No. 3:20-cv-____

| | |
|---|---|
| THE HERITAGE COMPANY, INC., and SANDRA FRANECKE | DEFENDANTS |

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly-paid worker for The Heritage Company, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**SIERRA NELSON**

January 21, 2020

Josh Sanford, Esq.
SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JOHNATHAN YASEVICH, KRISTEN COSTNER,**               **PLAINTIFFS**
**RONALD DENNEY, DANIELLE GROSS, HEATH**
**HATCHER, DESARAY HOLMES, SIERRA**
**NELSON, KATIE REED, LONNA ROSE, KADI**
**STONECIPHER, JOSHUA STRINGER, and**
**ASHLEY WEST, Each Individually and**
**on Behalf of All Others Similarly Situated**

vs.                                    No. 3:20-cv-_____

**THE HERITAGE COMPANY, INC.,**                        **DEFENDANTS**
**and SANDRA FRANECKE**

<u>**CONSENT TO JOIN COLLECTIVE ACTION**</u>

I was employed as an hourly-paid worker for The Heritage Company, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.



**KATIE REED**

January 21, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JOHNATHAN YASEVICH, KRISTEN COSTNER,**          **PLAINTIFFS**
**RONALD DENNEY, DANIELLE GROSS, HEATH**
**HATCHER, DESARAY HOLMES, SIERRA**
**NELSON, KATIE REED, LONNA ROSE, KADI**
**STONECIPHER, JOSHUA STRINGER, and**
**ASHLEY WEST, Each Individually and**
**on Behalf of All Others Similarly Situated**


vs.                                   No. 3:20-cv-_____


**THE HERITAGE COMPANY, INC.,**                     **DEFENDANTS**
**and SANDRA FRANECKE**


## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly-paid worker for The Heritage Company, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.



**LONNA ROSE**

January 21, 2020


**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JOHNATHAN YASEVICH, KRISTEN COSTNER,**          PLAINTIFFS
**RONALD DENNEY, DANIELLE GROSS, HEATH**
**HATCHER, DESARAY HOLMES, SIERRA**
**NELSON, KATIE REED, LONNA ROSE, KADI**
**STONECIPHER, JOSHUA STRINGER, and**
**ASHLEY WEST, Each Individually and**
**on Behalf of All Others Similarly Situated**


vs.                           No. 3:20-cv-_____


**THE HERITAGE COMPANY, INC.,**                    DEFENDANTS
**and SANDRA FRANECKE**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly-paid worker for The Heritage Company, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**KADI STONECIPHER**

January 21, 2020


**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JOHNATHAN YASEVICH, KRISTEN COSTNER,**                        PLAINTIFFS
**RONALD DENNEY, DANIELLE GROSS, HEATH**
**HATCHER, DESARAY HOLMES, SIERRA**
**NELSON, KATIE REED, LONNA ROSE, KADI**
**STONECIPHER, JOSHUA STRINGER, and**
**ASHLEY WEST, Each Individually and**
**on Behalf of All Others Similarly Situated**


vs.                                  No. 3:20-cv-____


**THE HERITAGE COMPANY, INC.,**                                DEFENDANTS
**and SANDRA FRANECKE**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly-paid worker for The Heritage Company, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**ASHLEY WEST**

January 21, 2020


**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**