IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JOHNATHAN YASEVICH, et al.,**                                                **PLAINTIFFS**
**Each Individually and on Behalf**
**of All Others Similarly Situated**


vs.                                              No. 3:20-cv-19-KGB


**THE HERITAGE COMPANY, INC.,**                                      **DEFENDANTS**
**and SANDRA FRANECKE**


## BRIEF IN SUPPORT OF MOTION FOR RULE 23 CLASS CERTIFICATION

### I.   INTRODUCTION

Plaintiffs are former employees of Defendants The Heritage Company, Inc., and

Sandra Franecke (collectively "Defendants") who worked at Defendants' Arkansas call

centers. On or around December 22, 2019, Defendants ordered all employees to leave

their call centers until further notice. To date, the call centers have remained closed, and

all employees, including the Telemarketing Sales Representative ("TSR") and other

employees Defendants employed, are effectively terminated. No employee received any

written notification of the closure. Plaintiffs bring this action for themselves and for other

former employees who are similarly situated and request that the Court certify a Rule 23

Class of employees pursuant to the Worker Adjustment and Retraining Notification

(WARN) Act, 29 U.S.C. § 2101, *et seq.*

### II.   BRIEF STATEMENT OF FACTS

Defendants are a telemarketing company that own and operate call centers

throughout Central Arkansas, including in Sherwood, Searcy and Jonesboro. Exhibit 3,

Declarations of Kailey Dickerson, Kathy Burdess, Katrina Grimes, Marni Chagala, Megan

**Page 1 of 21**
**Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:20-cv-19-KGB**
**Brief in Support of Plaintiffs' Motion for Rule 23 Class Certification**

Fisher, Paula Gammons, Ronald Denney, Shelly Thomason, Sherri Denney, Sierra Nelson, Stephanie Dunbar, and Stephen Parnell (Hereinafter "All Decs.") ¶ 3. In the furtherance of their business, Defendants employed TSRs to make sales calls on behalf of Defendants' clients. All Decs. ¶ 4–5. Defendants also employed other employees to work at their call centers. All Decs. ¶ 5. On or around December 22, 2019, Defendants closed their call centers and sent all employees home. All Decs. ¶ 9. Defendants' employees had no warning that the call centers were closing. All Decs. ¶ 10, 14–16. In the weeks leading up to the closure, Defendants had been operating as usual, even going so far as to provide incentives for TSRs to make their sales quotas in the form of all-expense paid cruise vacations. All Decs. ¶ 15.

On or around December 22, 2019, Defendants called all TSRs currently working a shift into a mandatory meeting in which they informed TSRs that the call centers were closing indefinitely due technological issues following a cyber-attack that had occurred two months prior. All Decs. ¶ 10. Employees who were not currently working a shift were not informed that the call centers were closing until later. All Decs. ¶ 13. In fact, some employees arrived for the scheduled shifts on December 23, 2019, only to find the building closed and no manager on site to unlock the doors. All Decs. ¶ 13. Defendants gave employees the impression that they would be allowed to return to their jobs once the technological issues were resolved. All Decs. ¶ 17. In early January, Defendants provided a hot line for employees to call to receive updates on their job statuses. All Decs. ¶ 18. The message on the hot line wished the employees a happy new year as they looked for new employment. All Decs. ¶ 19. This was the employees' first indication that the they were terminated and would not be allowed to return to work. All Decs. ¶ 19.

**Page 2 of 21**
**Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:20-cv-19-KGB**
**Brief in Support of Plaintiffs' Motion for Rule 23 Class Certification**

### III.   LEGAL STANDARD

The WARN Act requires employers with 100 or more employees to provide at least 60 days' advance written notice prior to any "mass layoff" or "plant closing." 29 U.S.C. § 2101. Each employee who either will be terminated due to, or is a reasonably foreseeable result of, the mass layoff or closure must receive the written notice. Id. at § 2102. Failure to provide the notice renders the employer liable to each terminated employee for 60 days' of pay and benefits. 29 U.S.C. § 2104(a)(1). The notice must be disseminated in a method that is reasonably designed to ensure fulfillment of the employers' obligation to give notice to each affected employee. Id. at § 2107; 20 C.F.R. § 639.8.

To satisfy the prerequisites for class certification under Rule 23(a), Plaintiffs need only show (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Rule 23(a) of the Federal Rules of Civil Procedure provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if (1) the class is so numerous that joinder of all members is impracticable [("numerosity")], (2) there are questions of law or fact common to the class [("commonality")], (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class [("typicality")], and (4) the representative parties will fairly and adequately protect the interests of the class [("adequacy of representation")]." Fed. R. Civ. P. 23(a).

Before certifying a class, the "district judge must receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met." In re Initial Pub. Offering Sec. Litig. ("IPO"), 471 F.3d 24, 41 (2d Cir. 2006). Plaintiffs bear the burden of proving that the requirements of Rule 23 have been met.

**Page 3 of 21**
**Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:20-cv-19-KGB**
**Brief in Support of Plaintiffs' Motion for Rule 23 Class Certification**

Walls v. Sagamore Ins. Co., No. 07-CV-1020, 2009 U.S. Dist. LEXIS 38574, at *8 (W.D. Ark. Mar. 31, 2009) (citing Coleman v. Watt, 40 F.3d 255, 259 (8th Cir. 1994)). Courts must conduct a "rigorous analysis" as to whether plaintiffs meet Rule 23's requirements; however, deciding certification is not an occasion for examination of the merits of the case.  Robinson v. Sears, Roebuck and Co., 111 F. Supp. 2d 1101 (E.D. Ark. 2000) ("[N]othing in either the language or history of Rule 23 gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action.  In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but whether the requirements of Rule 23 are met.") (internal citations, quotations, and editing marks omitted); See also In re Visa Check/MasterMoney Antitrust Litig., 280 F.3d 124, 135 (2d Cir. 2001).

The elements of plaintiffs' claims are examined only to the extent necessary to determine whether the claims can be adjudicated on a class-wide basis.  See Blades v. Monsanto Co., 400 F.3d 562, 567 (8th Cir. 2005). Courts refrain from deciding any material disputes concerning the merits of the claims, and accept underlying allegations from plaintiffs' complaint as true.  In re Buspirone Patent Litig., 210 F.R.D. 43, 56 (S.D.N.Y. 2002) (citing cases).  As stated in Robinson v. Texas Auto Dealers Association:

> [W]e take care to inquire into the substance and structure of the underlying claims without passing judgment on their merits.  Although the strength of a plaintiff's claim should not affect the certification decision, the district court must look beyond the pleadings to understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues.

387 F.3d 416, 421 (5th Cir. 2004) (internal quotations omitted).

**Page 4 of 21**
**Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:20-cv-19-KGB**
**Brief in Support of Plaintiffs' Motion for Rule 23 Class Certification**

## IV.    ARGUMENT

1.    <u>The Proposed Class is Sufficiently Numerous.</u>

The class in this case is so numerous that joinder of all members is impracticable. No rules regarding the necessary size of classes have been established. <u>Paxton v. Union Nat'l Bank</u>, 688 F.2d 552, 559 (8th Cir. 1982). Instead, courts take into consideration a number of factors to determine whether numerosity has been established, including the number of persons in the class, the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members. <u>Id</u>. at 559–560. Under the appropriate circumstances, the Eighth Circuit has affirmed that numerosity requirements were met with respect to classes with as few as twenty and seventy-five class members and cited with approval cases from other circuits in which classes were certified with as few as eighteen class members. <u>Id</u>. at 561 (approving class of seventy-five members; citing with approval <u>Horn v. Associated Wholesale Grocers, Inc.</u>, 555 F.2d 270, 275–276 (10th Cir. 1977) (41–46 class members); <u>Arkansas Educ. Ass'n. v. Bd. Of Educ., Portland Ark. Sch. Dist.</u>, 446 F.2d 763, 765–766 (8th Cir. 1971) (20 class members); <u>Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n.</u>, 375 F.2d 648, 653 (4th Cir. 1967) (18 class members)).

In relying on factors other than the actual number of class members, the court in <u>Arkansas Education Association. v. Board of Education, Portland Arkansas School District</u> stated:

> In this case, some of the teachers no longer teach in the Portland, Arkansas School District; those teachers who remain in the school system could have a natural fear or reluctance to bring this action on an individual basis; and

**Page 5 of 21**
**Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:20-cv-19-KGB**
**Brief in Support of Plaintiffs' Motion for Rule 23 Class Certification**

> subsequent to filing this action, a nondiscriminatory salary schedule was adopted, thereby reducing the potential members of the class and lessening the chance of individual actions by the black teachers affected thereby.

446 F.2d 763, 765–66 (8th Cir. 1971).  Although there is no definitive figure regarding the number of members necessary to certify a class action, the Eastern District of Arkansas has recognized the general presumption that a class of more than forty will meet the numerosity requirements of Rule 23(a)(1).  Robinson, 111 F. Supp. 2d at 1120.

Here, the facts satisfy the numerosity requirement.  The proposed class includes at least 100 class members.  See All Decs. ¶ 20.  This estimate is supported by the sheer number of Plaintiffs who have joined this case so far.  See e.g., First Amended and Substituted Complaint. ECF No. 5.  News stories surrounding the closure of Defendants' call centers estimated more than 300 individuals were affected.

Also, trying each potential plaintiff's claims individually rather than as a class would be impractical with respect to judicial economy. By certifying the proposed class, this Court will have one manageable case on the docket rather than more than a hundred potential cases covering the exact same issues taking up this Court's valuable time, or other courts' valuable time.  Trying each individual plaintiff's claims individually would also lead to extremely high costs.  The sum of all state court filing fees for each and every estimated class member would equal approximately $18,500.[1]  This figure does not include the costs of service, which would cost approximately another $5,000.00.[2]  These costs, although spread among many individuals, would be unnecessary and wasteful in the aggregate. Class certification in this case would facilitate a quicker and easier

---

[1] Estimated 100 plaintiffs x $185.00 state court filing fee = $18,500.00

[2] Estimated 100 plaintiffs x $50.00 service fee = $5,000.00.

**Page 6 of 21**
**Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:20-cv-19-KGB**
**Brief in Support of Plaintiffs' Motion for Rule 23 Class Certification**

resolution of all the claims than bringing a series of individual claims. As such, this Court should find that the numerosity requirement of Rule 23 has been met.

2.    The Plaintiffs' Claims Present Questions of Law and Fact that are Common to the Class.

There are questions of law or fact common to the proposed class in this case. Rule 23(a)(2) requires as a prerequisite to class certification that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The rule does not require that every question of law or fact be common to every member of the class, and may be satisfied, for example, where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated. Paxton, 688 F.2d at 561. Thus, factual differences are not fatal to maintenance of the class action if common questions of law exist. Robinson, 111 F. Supp. 2d at 1120. Ultimately, there need be only a single issue common to all members of the class; therefore the requirement of commonality is easily met in most cases. Id.

Defendants failed to provide the Plaintiffs and proposed class members with any advance warning that Defendants planned on shutting down its entire facilities in Sherwood, Searcy and Jonesboro. See All Decs. ¶ 9, 10, 14–16. Instead, of providing advance warning, Defendants simply informed its employees who were working on December 22, 2019, that the facilities would be closing effective immediately. All Decs. ¶ 9. Many other employees did not find out about the closure until the next day when their shifts were scheduled to start. All Decs. ¶ 13. Confirmation that the closure was permanent came through a hotline message to all employees. All Decs. ¶ 18, 19.

The common issue here revolves around the WARN Act's notice requirements. Specifically, whether Defendants' employees were provided with the 60-day notice

**Page 7 of 21**
**Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:20-cv-19-KGB**
**Brief in Support of Plaintiffs' Motion for Rule 23 Class Certification**

required by the WARN Act. 29 U.S.C. § 2102(a). Defendants treated employees uniformly, providing a universal announcement on December 22, 2019, with other employees discovering the closure on December 23, 2019. All Decs. ¶ 10, 13. Defendants then provided a hotline number to be used by all employees. All Decs. ¶ 18. Defendants' treatment of its employees with respect to the closing of the Sherwood, Searcy and Jonesboro facilities was uniform. Therefore, this Court should decide once, for all employees of Defendants, whether Defendants' actions complied with the applicable law. Each member of the proposed class presents the same issue to the Court regarding whether he or she received adequate notice. This determination is more efficiently made on a class-wide basis rather than individually.

Other courts have determined that allegations of inadequate notice under the WARN Act satisfy the Rule 23 prerequisites, including the commonality requirement. See, e.g., *Morris v. Moon Ridge Foods, LLC*, No. 18-CV-03219-SRB, 2019 U.S. Dist. LEXIS 150333, at *5 (W.D. Mo. Sep. 4, 2019); *Geelan v. Mark Travel*, No. 03-6322(DSD/JSM), 2005 U.S. Dist. LEXIS 62012, at *7 (D. Minn. May 16, 2005). Although courts have acknowledged that the commonality requirement is "easily met," the proposed class in this case would meet the commonality requirement even under a far more stringent standard.

3.     Plaintiffs' Claims are Typical of the Class Claims.

The claims of the Plaintiffs are typical of the class claims. Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The Eighth Circuit "long ago defined typicality as requiring a demonstration that there are other members of the class who

Page 8 of 21
Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:20-cv-19-KGB
Brief in Support of Plaintiffs' Motion for Rule 23 Class Certification

have the same or similar grievances as the plaintiff." Chaffin v. Rheem Mfg. Co., 904 F.2d 1269, 1275 (8th Cir. 1990) (internal quotations and citations omitted).  This standard was adopted because the typicality requirement tended to merge with the commonality requirement, and courts sought to give the typicality requirement "independent meaning" by requiring assurance "that there is in fact a class needing representation." Paxton, 688 F.2d at 562.  In an effort to distinguish commonality and typicality requirements, some courts have stated that "[t]he commonality requirement questions the relationship of the claims among the class itself, while the typicality requirement focuses on the relationship between the representatives and the class as a whole." Nicholson, 2011 U.S. Dist. LEXIS 49890, at *9.

"[F]actual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory." Beck v. Maximus, Inc., 457 F.3d 291, 296 (3d Cir. 2006) (internal quotations and citations omitted; alteration in original); see Alpern v. UtiliCorp United, Inc., 84 F.3d 1526, 1540 (8th Cir. 1996); Paxton 688 F.2d at 561–562.  The burden of establishing typicality is "fairly easily met so long as other class members have claims similar to the named plaintiffs." DeBoer v. Mellon Mortg. Co., 64 F.3d 1171, 1174 (8th Cir. 1995).

As fully established in the previous section regarding commonality, the claims of the representative parties are typical of the claims of the entire class, and as fully established in the section regarding numerosity, there are many class members who have the same or similar grievances as the representative party. Plaintiffs, along with the members of the proposed class, all worked at Defendants' facilities in Sherwood, Searcy

**Page 9 of 21**
**Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:20-cv-19-KGB**
**Brief in Support of Plaintiffs' Motion for Rule 23 Class Certification**

and/or Jonesboro, all ended their employment on December 22, 2019, when Defendants abruptly closed its facilities, and all received similar notice through Defendants' announcement on December 22, 2019, or through the closure of the facility on December 23, 2019. All Decs. ¶ 9, 10, 14–16.

In short, there are no noteworthy differences between the representative party and the proposed class members or in the policies to which the representative party and the proposed Class Members were subject. The representative parties and proposed class members will present the same facts in support of the same legal argument—that they should have received proper notice under the WARN Act prior to Defendants' termination of their employment.  The facts and legal arguments relevant to the WARN Act claims of Plaintiffs and the potential class will not depend on job titles or other factual distinctions between employees.

Plaintiffs' arguments under the WARN Act, as well as any defenses put forth by Defendants, will succeed or fail as to the class as a whole.  The potential Class Members all have the same or similar grievances as the named Plaintiffs such that the typicality requirement is satisfied.

4.      Plaintiffs and Class Counsel Will Adequately Represent the Class.

Plaintiffs Kailey Dickerson, Kathy Burdess, Katrina Grimes, Marni Chagala, Megan Fisher, Paula Gammons, Ronald Denney, Shelly Thomason, Sherri Denney, Sierra Nelson, Stephanie Dunbar, and Stephen Parnell (hereinafter "representative Plaintiffs") and their counsel will adequately represent the class. Rule 23(a)(4) requires as a prerequisite to class certification that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4). "The focus of Rule 23(a)(4) is

Page 10 of 21
Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:20-cv-19-KGB
Brief in Support of Plaintiffs' Motion for Rule 23 Class Certification

whether: (1) the class representatives have common interests with the members of the class; and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel" Paxton, 688 F.2d at 562.

Furthermore, a court must appoint class counsel upon certifying a class. Fed. R. Civ. P. 23(g)(1). A court must consider the following factors when appointing class counsel: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A).

Here, representative Plaintiffs and their counsel will adequately protect the interest of all proposed class members. As established thoroughly in the preceding section, representative Plaintiffs have the same interests as all members of the proposed class in establishing the Defendants' failure to provide adequate notice that its facilities were closing down as required by the WARN Act. Furthermore, there is no conflict between representative Plaintiffs and the class in this case; representative Plaintiffs' claims are in line with the claims of the rest of the class members. See All Decs. at ¶ 26, 27. Representative Plaintiffs have no individual claims that differ from proposed class members or that would distract from their duty to protect the interests of the class. Representative Plaintiffs have and will continue to aggressively and competently assert the interests of the class and are ready and able to provide the information necessary to complete any such pleadings. See generally, Pls.' filings in this case.

Furthermore, this Court should appoint Plaintiffs' counsel as class counsel.

**Page 11 of 21**
**Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:20-cv-19-KGB**
**Brief in Support of Plaintiffs' Motion for Rule 23 Class Certification**

Plaintiffs' counsel are competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one. See, generally, Exhibit 1, Declaration of Attorney Josh Sanford (hereinafter "Decl. Sanford"). Plaintiffs' counsel will, as they have done thus far, vigorously and competently pursue and protect the interests of the members of the proposed class. Plaintiffs' counsel are skilled and experienced in employment class litigation, have thoroughly prepared to represent the interests of the class in this case, and will devote the time and necessary resources to doing so. See Decl. Sanford at ¶ 15.  Plaintiffs' counsel have already devoted significant amounts of their own time as well as the time of several of their associate attorneys to prosecuting this case. Id. The competency of Plaintiffs' counsel is also demonstrated by the quality of the pleadings filed in this case to date. Therefore, this Court should appoint Josh Sanford, Daniel Ford, and Sanford Law Firm, PLLC, as class counsel pursuant to Rule 23(g).

5.      Common Questions of Law or Fact Predominate, and Class Adjudication is Superior to Other Methods.

In addition to the requirements of Rule 23(a), Rule 23(b)(3) states that a class action may be maintained if:

the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b)(3).

In this case both requirements of Rule 23(b)(3) are met in that questions of law and fact common to class members predominate over any questions affecting only individual members, and a class action in this case is superior to other available methods for fairly and efficiently adjudicating the controversy.

**Page 12 of 21**
**Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:20-cv-19-KGB**
**Brief in Support of Plaintiffs' Motion for Rule 23 Class Certification**

A. Common Questions Predominate Over Individual Questions.

In this case, questions of law and fact common to class members predominate over any questions affecting only individual members.  The Supreme Court has ruled that the "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623 (1997). "In order to 'predominate,' common issues must constitute a significant part of the individual cases." Jenkins v. Raymark Indus., Inc., 782 F.2d 468, 472 (5th Cir. 1986).  At the core of Rule 23(b)(3)'s predominance requirement is the issue of whether a defendant's liability to all plaintiffs may be established with common evidence. Avritt v. Reliastar Life Ins. Co., 615 F.3d 1023, 1029 (8th Cir. 2010).

> The nature of the evidence that will suffice to resolve a question determines whether the question is common or individual.  If, to make a prima facie showing on a given question, the members of a proposed class will need to present evidence that varies from member to members, then it is an individual question.  If the same evidence will suffice for each member to make a prima facie showing, then it becomes a common question.

Blades v. Monsanto Co., 400 F.3d 562, 566 (8th Cir. 2005) (internal citations omitted).

In this case, Defendants' liability to named Plaintiffs and proposed class members may be established with common evidence.  All class members' claims rise and fall on the same common questions; therefore, common issues "predominate" over any individual ones.  Each class member's case turns on whether Defendant provided the notice required by the WARN Act. The evidence presented by Plaintiffs is fundamentally the same for all Plaintiffs and all proposed Class Members. All employees working on December 22, 2019, were told that the call centers were closing indefinitely. All Decs. ¶ 9, 10. All other employees discovered that the facilities were closed when they came in for their next shift. All Decs. ¶ 13. Defendants then issued a hotline number where

**Page 13 of 21**
**Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:20-cv-19-KGB**
**Brief in Support of Plaintiffs' Motion for Rule 23 Class Certification**

Plaintiffs and the proposed Class Members all received the same message. Decl. All Decs. ¶ 18, 19.  The evidence presented by the class members to make their prima facie case will be the same from member to member, because all class members were subject to Defendants' uniform treatment with respect to the closing of Defendants' call centers.

Representative Plaintiffs are aware of no individual claims by himself or proposed class members that differ from the claims of the others. Certainly there are no individual claims that would predominate or distract from the litigation of the class claims.  In fact, the only potential subject for and individualized determination is the amount of damages owed to each class member. However, the "mere fact that damages awards will ultimately require individualized fact determinations is insufficient by itself to preclude class certification."  McCarthy v. Kleindienst, 741 F.2d 1406, 1415 (D.C. Cir. 1984).  Courts particularly "focus on the liability issue . . . and if the liability issue is common to the class, common questions are held to predominate over individual questions."  Dura-Bilt Corp. v. Chase Manhattan Corp., 89 F.R.D. 87, 93 (S.D.N.Y. 1981).

B.  Class Adjudication is Superior to Other Alternatives.

Not only has the first prong of Rule 23(b)(3) been met, but the second prong has been met as well.  In this case, a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Rule 23(b)(3) sets forth four relevant factors to consider when deciding whether a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  See Fed. R. Civ. P. 23(b)(3).  The factors are:  (1) the class members' interests in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already begun by or against

**Page 14 of 21**
**Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:20-cv-19-KGB**
**Brief in Support of Plaintiffs' Motion for Rule 23 Class Certification**

class members; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)–(D).

With respect to the first factor, Plaintiffs are unaware of any individual who is interested in "controlling the prosecution . . . of separate actions."  With respect to the general interests of class members in controlling the prosecution of separate actions, such an interest is unlikely.  This case does not involve complex issues with a wide variety of approaches that could cause dissent among the class members. This case involves a straight-forward question regarding whether Defendants provided adequate notice of the call center closures as required by the WARN Act. Since the filing of this lawsuit on January 22, 2020, no Plaintiff has expressed any desire to control the prosecution of a separate action.  See Decl. Sanford at ¶ 16.  Thus, the first factor weighs in favor of certifying a class.

Along those same lines and with respect to the second factor, named Plaintiffs are unaware of any other litigation regarding the issues presented herein by any of the proposed class members against Defendants.  Decl. Sanford at. ¶ 17. Therefore, the second factor weighs in favor of certifying a class.

With respect to the third factor, the concentration of litigation in this Court is desirable.  Requiring each class member to file his or her own claim would be unrealistic, burden the court system, risk inconsistent judgments and defeat the goals of efficiency and economy that the class action device was designed to promote.  Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 809 (1985).  As discussed above, the representative parties' claims all proposed class member claims will be proved by common evidence regarding

**Page 15 of 21**
**Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:20-cv-19-KGB**
**Brief in Support of Plaintiffs' Motion for Rule 23 Class Certification**

the notice Defendants' provided its employees of the closure of its facilities. Thus, adding class claims will not add to the body of evidence the Court will need to consider to decide this case. By the same token, denying class certification would do nothing to reduce the amount of evidence that will be presented to the Court.

To the extent that the individual class members could bring their own individual claims, the purpose of class actions in serving judicial economy would defeated because numerous courts, or even this Court, would be strapped with additional separate cases involving the *exact same issues* that could have been heard in this case. Elizabeth v. Montenez, 458 F.3d 779, 785 (8th Cir. 2006) (stating that "efficiency and economy of litigation" is a "principal purpose behind the class action device"). Therefore, the third factor weighs in favor of class certification.

With respect to the fourth factor, this case presents few, if any, difficulties in managing a class action but at least no more than would be presented by the average class action. Manageability "encompasses the whole range of practical problems that may render the class format inappropriate for a particular suit." Eisen v. Carlisle Jacquelin, 417 U.S. 156, 164 (1974). Refusal to certify a proposed class action on the sole ground that the case would be unmanageable is "disfavored and should be the exception rather than the rule." In re Visa Check/Mastermoney Antitrust Litigation, 280 F.3d 124, 140 (2d Cir. 2001).

Given the nature of the claims at issue and the legal basis for the claims, this case would be easily managed by this Court. This case does not require an examination of different laws from different states or jurisdictions, but rather Plaintiffs' claims are based on the WARN Act, which is a federal law equally applicable to all Plaintiffs and proposed

**Page 16 of 21**
**Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:20-cv-19-KGB**
**Brief in Support of Plaintiffs' Motion for Rule 23 Class Certification**

Class Members.  Contra In re St. Jude Medical, Inc., 425 F.3d 1116, 1122 (8th Cir. 2005) (refusing to certify seventeen-state medical monitoring class action, noting that differences in state laws regarding medical monitoring as well as the need to review individual medical histories of plaintiffs renders the case unmanageable).  Neither does this case involve substantial numbers of subclasses; rather, Plaintiffs have proposed a Rule 23 Class of employees at Defendants' Sherwood, Searcy and Jonesboro facilities. Id. at 1118 (noting additional requirements imposed by the district court when initial certification involved up to twenty-five subclasses).

The manageability of a class action in this case is further evidenced by Defendants' standard announcement of permanent closures through the hotline message. All Decs. ¶ 18, 19. In Thomas v. SmithKline Beecham Corp., 201 F.R.D. 386, 396–397 (E.D. Pa. 2001), the court stated that "[c]ertifications under [Rule 23(b)(2)] are common in labor relations cases because defendants often provide 'unitary treatment to all members of [a] putative class [in this] . . . area' and thus the right of absent 'class member[s] [are often] . . . implicated by litigation brought by other class members."  In this case, Defendants' uniform treatment affected everyone in the class in the same way.  This helps with manageability, because liability to all class members will be determined by essentially the same set or types of facts.

There is nothing about this case or the proposed class that would render this case unmanageable by this Court.  Given the nature of the claims at issue, which are based in federal law, the similarity of the class members' circumstances with respect Defendants' closure of all of their Sherwood, Searcy and Jonesboro facilities and Defendants' standard announcements to its employees regarding that closure, this case is ideally suited for

**Page 17 of 21**
**Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:20-cv-19-KGB**
**Brief in Support of Plaintiffs' Motion for Rule 23 Class Certification**

class action certification. Therefore, this Court should certify the proposed class.

## V.    PROPOSED NOTICE

This Court should approve the Proposed Notice provided by Plaintiffs. Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure requires that class members of a Rule 23(b)(3) class must receive "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).  The notice must contain the following information: (1) the nature of the action; (2) the definition of the class certified; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through an attorney if the member so desires; (5) that the court will exclude from the class any member who requests exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment on members under Rule 23(c)(3).  Fed. R. Civ. P. 23(c)(2)(B). Further, the above information must be clearly and concisely stated in plain, easily understood language.  Fed. R. Civ. P. 23(c)(2)(B).

The proposed Notice provided by Plaintiffs meets all of the requirements of Rule 23(c) and is the best notice practicable under the circumstances.  The proposed Notice provides the definition of the class certified. See Exhibit 2, Proposed Notice at p. 2. The proposed Notice describes the nature of the action and the class claims and issues, providing a fair and impartial statement of Plaintiffs' claims as well as Defendants' denial of such claims. Id.  The Notice informs class members that they may enter an appearance through their own attorney. Id. at p. 3. The Notice also informs class members of their right to exclude themselves and the process for doing so, including provisions for a

**Page 18 of 21**
**Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:20-cv-19-KGB**
**Brief in Support of Plaintiffs' Motion for Rule 23 Class Certification**

deadline for requesting exclusion, which is intended to be completed upon finalization of this Court's orders regarding the plan for sending the proposed Notice. Id.  Finally, the Notice is very clear regarding the binding effect of any judgment on any class members who do not opt out of the litigation.  Id.

In addition to meeting the technical requirements of Rule 23(c), the Notice meets the requirement that notice be provided in "plain, easily understood language."  To the extent possible, the proposed Notice avoids legal jargon, using common language to convey the informational requirements of Rule 23(c).  See generally proposed Notice. In addition, the Notice is in a format that is easy to read, incorporating short, clearly delineated sections with prominent headings.  See Id.

In sum, all of the requirements of Rule 23(c) regarding notice are met in Plaintiffs' proposed Notice.  Plaintiffs request that this Court approve the same and enter appropriate orders for sending the proposed Notice to putative class members.  To that end, Plaintiffs also request that this Court require that Defendants provide the names, last known addresses, last known email addresses, and last known employers of the class members, such production to be in electronic importable format (i.e., Excel) with the following delimited fields: (a) first name; (b) last name; (c) street address; (d) city; (e) state; (f) zip code; (g) email address; and (h) last known employer.  Plaintiffs request that Defendants provide such information by no longer than fourteen (14) days following the entry of the Order requested herein.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiffs have made the requisite showing that Defendants treated Plaintiffs and the proposed Class Members uniformly with respect to

**Page 19 of 21**
**Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:20-cv-19-KGB**
**Brief in Support of Plaintiffs' Motion for Rule 23 Class Certification**

the closure of its Sherwood, Searcy and Jonesboro facilities and the notice it provided to Plaintiffs and proposed Class Members with respect to that closure. In failing to provide adequate notice, Defendants violated WARN Act. The issue of whether the representative parties and proposed class members should have been compensated according to the WARN Act for the requisite period predominates over all others, and in doing so populates this case with questions of law and fact common to each of Defendants' employees employed at the time of the facility closures.

For these reasons, and for all the reasons set forth herein above, class-wide adjudication is both appropriate and necessary. Accordingly, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Rule Class Certification, for certification of the proposed class, designate Plaintiffs Kailey Dickerson, Kathy Burdess, Katrina Grimes, Marni Chagala, Megan Fisher, Paula Gammons, Ronald Denney, Shelly Thomason, Sherri Denney, Sierra Nelson, Stephanie Dunbar, and Stephen Parnell as Class Representatives, and designate Plaintiffs' Counsel as Class Counsel. Plaintiffs also request that this Court approve their proposed Notice, which fully complies with both the letter and spirit of Rule 23(c) governing notice requirements. Plaintiffs further request that this Court enter appropriate orders for the sending of the proposed Notice to class members, including requiring Defendants to provide names, last known home and work addresses, and email addresses of the individuals who meet the class definition. Plaintiffs further request that this Court order Defendants to provide this contact information in an electronically manipulatable format no later than fourteen (14) days after the date of the entry of the Order.

**Page 20 of 21**
**Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:20-cv-19-KGB**
**Brief in Support of Plaintiffs' Motion for Rule 23 Class Certification**

Respectfully submitted,

**JOHNATHAN YASEVICH, et al,**
**Each Individually and on Behalf of All**
**Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 21 of 21**
**Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:20-cv-19-KGB**
**Brief in Support of Plaintiffs' Motion for Rule 23 Class Certification**