IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOHNATHAN YASEVICH, et al., Each
Individually and on Behalf of All Others Similarly          PLAINTIFFS
Situated

CASE NO. 3:20-19-KGB

THE HERITAGE COMPANY, INC.,
and SANDRA FRANECKE                                         DEFENDANTS

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE CERTAIN PLAINTIFFS' FILINGS

COMES NOW Defendants, The Heritage Company, Inc. (hereinafter referred to as "THC") and Sandra Franecke (hereinafter referred to as "Franecke") and sometimes collectively referred to as "Defendants", by and through their attorneys, Charles Darwin "Skip" Davidson, and the Davidson Law Firm, and for their Brief in Support of Defendants' Motion to Strike Certain Plaintiffs' Filings, state as follows:

### INTRODUCTION

On September 13, 2021, the Parties participated in mediation in the above-captioned matter. Prior to participating in mediation, the Parties entered into a Mediation Confidentiality Agreement. At that time of mediation, the Parties representatives (the attorneys, not the Parties) signed a Settlement Term Sheet ("STS") that contained some terms that the Parties would attempt to include in a formal final agreement to settle the claims. The Parties informed this Court that they had reached a settlement in principle that would resolve all claims asserted in this lawsuit, but the Parties were in the process of finalizing settlement terms and the Plaintiffs needed additional time to obtain signatures.

The Parties never told the Court that they had a final agreement. The Parties have not been able to reach a final agreement, and this has caused the Plaintiffs to file a Motion to Enforce Settlement on February 28, 2022, accompanied by a Brief in Support as well as five (5) exhibits. None of the documents were filed under seal.

The Plaintiffs have caused great prejudice to the Defendants as they have violated the confidentiality requirements surrounding the mediation. The filing of the Plaintiffs' Motion to Enforce Settlement, along with its Brief and exhibits, was a violation of confidentiality as they disclosed confidential communications between the Parties where other non-party former employees of the Defendant could gain access to them. To allow these documents to remain un-sealed and available for the public to view would be wholly inappropriate and an Order striking these filings from the record and for the Plaintiffs to file them under seal should be issued immediately in order to prevent further harm to the Defendants.

## LEGAL ANALYSIS

Plaintiffs have violated the confidentiality required by the Mediation Confidentiality Agreement entered into between the Parties and Ark. Code Ann. § 16-7-206 by the filing of their Motion to Enforce Settlement and associated documents. Immediate striking of these documents and filing under seal under Fed. R. Civ. P. 5.2 (d) is necessary to avoid further irreparable harm to the Defendants.

Fed. R. Civ. P. 5.2 (d) allows a court to order that a filing be made under seal without redaction. There is a common-law right of access to judicial records, but the right is not absolute. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). A court must weigh "the degree to which sealing a judicial record would interfere with the interests served by the common-law

right of access and balance that interference against the salutary interests served by maintaining

confidentiality of the information sought to be sealed." *Id.* at 1223.

The Plaintiffs' filing of their Motion to Enforce Settlement is full of communications

between the Parties at mediation in direct violation of the Mediation Confidentiality Agreement

and Ark. Code Ann. § 16-7-206. The Mediation Confidentiality Agreement states:

> All statements made during the course of the mediation are privileged settlement discussions, are made without prejudice to any party's legal position and without waiving any rights and will be non-discoverable and inadmissible for any purpose in any legal proceeding absent the prior written consent of both the parties and the mediator.
>
> No aspect of the mediation shall be relied upon or introduced as evidence in any arbitral, judicial, or other proceeding, including but not limited to:
>
> > (a) Views expressed or suggestions made by a party with respect to a possible settlement of the dispute;
> >
> > (b) Admissions made in the course of the mediation proceedings; and
> >
> > (c) Proposals made or views expressed by the mediator or the response of any party.
>
> It is further agreed by all parties to this agreement that all communications, records, allegations, and admissions revealed during the course of the mediation shall remain confidential and will not be revealed to any person not signing this agreement.

**Mediation Confidentiality Agreement, Attached as Ex. 1.**

Additionally, Ark. Code Ann. § 16-7-206 states:

**(a)** … a communication relating to the subject matter of any civil or criminal dispute made by a participant in a dispute resolution process… is confidential and is not subject to disclosure…

Specific confidential information disclosed in the Plaintiffs' filings include proposed

settlement amounts to be paid by the Defendants, how each Plaintiff would receive a share of the

---

proposed settlement amount, proposed attorneys' fees to be paid by the Defendants, and what all claims would be released by which parties.

This has allowed any former employee of the Defendant that is not a party to this matter to be able to see the Plaintiffs' filings as they are visible to the whole world as a public record. In fact, Franecke has already been contacted by several non-party former employees attempting to discuss specifics that they have learned about the mediation negotiations between the Parties. This has caused the Defendants to be subjected to great risk of possible future litigation involving these former employees. The Plaintiffs have completely ignored the responsibilities they owe to the Defendants under the Mediation Confidentiality Agreement and Ark. Code Ann. § 16-7-206. While great damage has already been done by this disclosure of confidential information by the Plaintiffs, more damage is likely to occur if these documents are not stricken from the record and filed under seal.

The public's right to access to judicial records is greatly outweighed in this circumstance by the Defendants' need to keep this information confidential. The Plaintiffs agreed to keep this information confidential and should be required to abide by that agreement.

### **CONCLUSION**

The confidentiality of the mediation has been violated by the Plaintiffs' filing of their Motion to Enforce Settlement along with its supporting documents. The Heritage Company, Inc. and Sandra Franecke respectfully request that the Court formally strike these documents from the record, ensure that the documents are removed from the Court's electronic filing system, require the docket entries be updated to reflect this Court's decision to order the removal of these filings from the PACER system, and order Plaintiffs to file the original documents under seal, and for all other just and proper relief to which they are entitled.

Respectfully submitted,

Charles Darwin "Skip" Davidson; ABN 73026
Nickolas W. Dunn, ABN 2019115
**DAVIDSON LAW FIRM**
724 Garland, Cantrell at State
P.O. Box 1300
Little Rock, AR 72201
(501) 320-5132
Fax: (501) 374-5917
E-mail: skipd@dlf-ar.com
   nickd@dlf-ar.com

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I, Charles D. Davidson, do hereby certify that I have sent via:

☐ Hand Delivery
☐ Telefax
☐ Electronic mail
☐ U.S. Mail
☐ U.S. Mail, Certified, Return Receipt (as noted below)
☐ STATE CM/ECF System
☑ Federal Court ECF System (as noted below)

this **14**th day of **March 2022**, a true and complete copy of the forgoing to the following individuals:

**Josh Sanford**
**Daniel Ford**
SANFORD LAW FIRM, PLLC
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211

Charles Darwin "Skip" Davidson

JOHNATHAN YASEVICH, ET AL
EACH INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED                                    PLAINTIFFS

v.                                CASE NO. 3:20 CV-19-KGB

THE HERIAGE COMPANY, INC.,
AND SANDRA FRANECKE                                              DEFENDANTS

## *CONFIDENTIALITY AGREEMENT*

In order to promote communication among the parties and the mediator and to facilitate settlement of the dispute, all parties agree that in accordance with Section 7 of Act 641 of the 79th General Assembly of the State of Arkansas, Regular Session, 1993, the mediator has no liability for any act or omission in connection with the mediation, and further agree as follows:

The mediator is a neutral intermediary who may not act as an advocate for any party. During the course of the mediation proceedings, disclosures made by or for any party privately in caucus to the mediator shall not be disclosed by the mediator to any other party without the consent of the disclosing party.

All statements made during the course of the mediation are privileged settlement discussions, are made without prejudice to any party's legal position and without waiving any rights and will be non-discoverable and inadmissible for any purpose in any legal proceeding absent the prior written consent of both the parties and the mediator.

*Should this mediation be conducted virtually via a video conferencing service. The parties agree that, in keeping with the confidential nature of the proceeding, no part of the proceedings will be recorded, photographed, or otherwise electronically stored.*

The privileged character of any information is not altered by disclosure to the mediator. Disclosure of any records, reports, including presentations made by third-parties, or other documents received or prepared by the mediator cannot be compelled. The mediator shall not be compelled to disclose or testify in any proceeding as to (i) any records, reports, or other documents received or prepared by the mediator or (ii) information disclosed or representations made in the course of the mediation or otherwise communicated to the mediator in confidence.

**Exhibit
1**

No aspect of the mediation shall be relied upon or introduced as evidence in any arbitral, judicial, or other proceeding, including but not limited to.

    (a)    Views expressed or suggestions made by a party with respect to a possible settlement of the dispute;

    (b)    Admissions made in the course of the mediation proceedings; and

    (c)    Proposals made or views expressed by the mediator or the response of any party.

Since the parties are disclosing sensitive information in reliance upon this agreement of confidentiality, any breach of this agreement would cause irreparable injury for which monetary damages would be inadequate. Consequently, any party to this agreement may obtain an injunction to prevent disclosure of any such confidential information in violation of this agreement.

Any party breaching this agreement shall be liable for and shall indemnify the non-breaching parties and the mediator for all costs, expenses, liabilities, and fees, including attorneys' fees, which may be incurred as a result of such breach.

It is further agreed that Section 6 of Act 641 of the 79th General Assembly of the State of Arkansas, Regular Session, 1993, concerning confidentiality of communications in dispute resolution procedures, shall apply to this mediation.

It is further agreed by all parties to this agreement that all communications, records, allegations, and admissions revealed during the course of the mediation shall remain confidential and will not be revealed to any person not signing this agreement.

Dated this 13th day of September 2021 and signed before commencement of the mediation by each of the persons whose signatures appear below.

_____
Mediator – Chris Gomlicker

DANIEL FORD – _____          _____

Blake Speights – _____          _____

JOHN TONEY _____          _____