IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JOHNATHAN YASEVICH,** *et al.*                                                                                  **PLAINTIFFS**

**v.**                                             **Case No. 3:20-cv-00019-KGB**

**HERITAGE COMPANY, INC.,** *et al.*                                                                  **DEFENDANTS**

**ORDER**

Before the Court is defendants Heritage Company, Inc. and Sandra Franecke's (collectively, "Heritage") motion for court to issue scheduling order (Dkt. No. 59). Heritage requests that this Court issue a new scheduling order placing this case back on the trial calendar and setting new pre-trial deadlines, including for discovery (*Id.*, ¶ 6). Plaintiffs, in response, agree that a new scheduling order and trial date is warranted, but plaintiffs oppose the entry of certain new pretrial deadlines or the reopening of discovery (Dkt. No. 60). Plaintiffs also request that the Court order that the parties attend a magistrate settlement conference (*Id.*).

As plaintiffs acknowledge, "[t]his case has a long and circuitous procedural history. . . ." (*Id.*, at 1). The present motion is based on the following events. On March 26, 2021, this Court issued an Amended Final Scheduling Order setting the discovery deadline for September 1, 2021, the motions deadline for September 16, 2021, and a bench trial for sometime during the week of November 15, 2021 (Dkt. No. 26). On September 16, 2021, the parties informed the Court they had reached a settlement in principle on all claims and requested "that all remaining deadlines be stayed pending finalization of their settlement." (Dkt. No. 28). Based on the parties' joint status report and notice of settlement, on November 10, 2021, the Court removed the case from the trial calendar and stayed all remaining pre-trial deadlines (Dkt. No. 30). On September 26, 2022, the Court entered an Order denying plaintiffs' motion to enforce settlement, among other things (Dkt.

No. 58). The Court indicated that it would "issue a separate scheduling order placing this case back on the trial calendar." (*Id.*, at 16).

Defendants represent that, while waiting for a new scheduling order, defendants propounded upon plaintiffs a set of written discovery to which plaintiffs objected on the basis that the requests were "untimely." (Dkt. No. 59, ¶ 5). The Court understands plaintiffs to argue that discovery closed in this case on September 1, 2021, pursuant to the Court's March 26, 2021, Amended Final Scheduling Order (Dkt. No. 60, at 2). Plaintiffs contend that "[n]othing about the settlement falling through warrants discovery being reopened"; that "the Parties should try the case with the level of discovery that occurred during the two previous discovery periods" and that "[r]eopening discovery would allow Defendants an unfair and inefficient third bite at the apple." (*Id.*). However, plaintiffs also acknowledge that "Defendants' responses to Plaintiffs' discovery requests were incomplete at the time mediation occurred (Plaintiffs did not pursue a Motion to Compel because they believed the case to be settled)." (Dkt. No. 60, at 2).

Having considered the matter, for good cause shown, the Court grants Heritage's motion and will issue by separate Order an amended final scheduling Order that sets a new trial date and pretrial deadlines, including a new discovery deadline (Dkt. No. 59). As for plaintiffs' separate request in its response that the Court refer this matter for settlement conference, the Court will do so if all parties are in agreement that the Court should do so. The parties may informally advise the Court of their position on this request.

It is so ordered this 1st day of February, 2023.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge