**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**JOHNATHAN YASEVICH, et al., Each Individually**
**and on Behalf of All Others Similarly Situated**                    **PLAINTIFFS**

**v.**                              **CASE NO. 3:20-19-KGB**

**THE HERITAGE COMPANY, INC.,**
**and SANDRA FRANECKE**                                    **DEFENDANTS**

## MOTION TO COMPEL DISCOVERY

COMES NOW Defendants, The Heritage Company, Inc. (hereinafter referred to as "Heritage") and Sandra Franecke (hereinafter referred to as "Franecke") and sometimes collectively referred to as "Defendants", by and through their attorneys, Charles Darwin "Skip" Davidson, Nicholas W. Dunn, and the Davidson Law Firm, and for their Motion to Compel Discovery from Plaintiffs, states as follows:

1.      This Motion is brought pursuant to Rule 37 of the Federal Rules of Civil Procedure.

2.      Plaintiff propounded written discovery on Plaintiffs, through Plaintiffs' counsel, on September 29, 2022. Said discovery consisted of the Defendants' First Set of Interrogatories and Requests for Production of Documents to Plaintiffs. **See Exhibit 1.**

3.      On April 13, 2023, Plaintiffs submitted their Responses to the above-mentioned discovery requests. **See Individual Plaintiff Jerol Amaya's Responses, attached as Exhibit 2.**

4.      There were numerous responses that were deficient. Pursuant to Local Rule 7.2(g), in an attempt to require Plaintiffs to provide complete responses, Defendants made a good faith effort to resolve this dispute without the necessity of court action by sending a good faith letter to counsel for Plaintiffs on May 3, 2023. **See Exhibit 3.** Said good faith letter requested a response

by May 9, 2023, or Defendants would file a motion with the Court to compel the responses.

5.      To date, no response has been received to the good faith letter.

6.      That Defendants respectfully request that this Court order and compel the Plaintiffs to provide full and complete discovery responses in good faith, in response to Defendants' discovery as referenced above.

7.      That Defendants be awarded attorney's fees and costs for having to bring this matter before the Court.

8.      A brief in support of this motion is filed herewith.

WHEREFORE, Defendants pray that this Court issue an order compelling the Plaintiffs to respond fully and completely to the above-mentioned discovery requests; to award their attorney's fees; and for all other legal and equitable relief in which they may be entitled.

Respectfully submitted,

Charles Darwin "Skip" Davidson; ABN 73026
Nickolas W. Dunn, ABN 2019115
**DAVIDSON LAW FIRM**
724 Garland, Cantrell at State
P.O. Box 1300
Little Rock, AR 72201
(501) 320-5132
Fax: (501) 374-5917
E-mail: skipd@dlf-ar.com
          nickd@dlf-ar.com

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I, Nickolas W. Dunn, do hereby certify that I have sent via:

□ Hand Delivery
□ Telefax
□ Electronic mail
□ U.S. Mail
□ U.S. Mail, Certified, Return Receipt (as noted below)
□ STATE CM/ECF System
☑ Federal Court ECF System (as noted below)

this **16th** day of **May 2023**, a true and complete copy of the forgoing to the following individuals:

**Josh Sanford**
**Daniel Ford**
SANFORD LAW FIRM, PLLC
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211

Nickolas W. Dunn

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**JOHNATHAN YASEVICH, ET AL., Each**                                    **PLAINTIFFS**
**Individually and on Behalf of All Others**
**Similarly Situated**


**vs.**                                    **No. 3:20-cv-19-KGB**


**THE HERITAGE COMPANY, INC.,**                                    **DEFENDANTS**
**and SANDRA FRANECKE**


<u>**DEFENDANTS' FIRST SET OF INTERROGATORIES AND FIRST REQUESTS FOR**
**PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFFS**</u>

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, Defendant Hudson Excess
Insurance Company ("Hudson") hereby propounds the following interrogatories and requests for
production of documents upon Plaintiff The Heritage Company, Inc. ("Heritage").  Heritage is
required to produce all documents requested below within thirty (30) days of service in
accordance with the definitions and instructions set forth below and all applicable Federal Rules
of Civil Procedure.


**I.      INTERROGATORIES AND REQUESTS FOR PRODUCTION**

<u>INTERROGATORY NO. 1.</u>  Please state the names, addresses, and telephone numbers of
all persons who provided information used in answering these Interrogatories and state in detail
the information provided by each person identified.

<u>INTERROGATORY NO. 2.</u>  Please identify by name, address, and title of each and every
person who has or may have knowledge of or information regarding any discoverable matter

Exhibit 1

relating to the subject matter of this lawsuit, or matters pleaded with particularity in Plaintiffs' Complaint, whether or not that person will be called as a witness.

INTERROGATORY NO. 3.  Please state the name, address, place of employment and telephone number of each witness Plaintiffs will or may call at the trial of this matter, and state, with respect to each, the expected subject matter of his or her testimony.

INTERROGATORY NO. 4. Please describe Plaintiffs understanding of how they were or are paid by Defendants during the Applicable Statutory Period, including the amount of compensation, method of compensation, whether they received the same amount of pay regardless of how many hours they worked, whether they received any compensation in addition to hourly, per diem and/or day rates, and, if so, the circumstances under which they would receive compensation in addition to their hourly, per diem, and/or day rates.

INTERROGATORY NO. 5. Please state how many hours Plaintiffs contend that TSR Plaintiffs worked each and every individual week during the Applicable Statutory Period.

INTERROGATORY NO. 6. Please state the day rate, per diem, piece rate or hourly wage of TSR Plaintiffs for each and every individual week during the Applicable Statutory Period.

INTERROGATORY NO. 7. Please describe in detail Plaintiffs understanding of all duties, responsibilities, and work required of TSR Plaintiffs during the Applicable Statutory Period, the time when such work was to be performed, and if the duties changed over time. If the duties changed over time, please state when and how the duties changed and how those changes were communicated to TSR Plaintiffs.

INTERROGATORY NO. 8. Please state the terms and conditions of any and all oral or written agreements between Defendants and TSR Plaintiffs regarding the method for

compensation, including the rates of pay, and the recording of and payment for hours worked by TSR Plaintiffs during the Applicable Statutory Period.

INTERROGATORY NO. 9. Please identify steps Plaintiffs have taken to locate and preserve documents and ESI which are relevant to this case, including, but not limited to, text or email messages to or from Plaintiffs and/or other employees of Defendants, or other documents pertaining to Plaintiffs' claims or Defendants' defenses or contentions in this case.

INTERROGATORY NO. 10. Please identify Plaintiffs' efforts to find all documents responsive to Defendants' Requests for Production of Documents, and identify all persons involved in searching for documents, consulted, or interviewed who in any way provided documents or information related to these Interrogatories or to any Requests for Production of Documents.

INTERROGATORY NO. 11. Please identify and list all evidence Plaintiffs intend to use at any hearing, deposition, or trial of this case.

INTERROGATORY NO. 12. Please list each individual Plaintiff that you contend was not paid for overtime worked, and for each Plaintiff, specify the dates the overtime occurred, times the overtime occurred, and the hourly rate of each Plaintiff.

INTERROGATORY NO. 13. Please identify all information known to you that supports your contention that Sandra Franecke, in her individual capacity, is liable to Plaintiffs.

REQUEST FOR PRODUCTION NO. 1.    Please produce all records, policies, or other documents referenced by, related to, or that support the Responses to the previous Interrogatories.

REQUEST FOR PRODUCTION NO. 2.    Please produce any and all documents Plaintiffs will or may use to negate Defendants' defenses or to support Plaintiffs' claims or for any

other purpose in the context in this case, including documents to be used at depositions, hearings, pleadings, motions, and trial.

Respectfully submitted,

Charles Darwin "Skip" Davidson; ABN 73026
Nickolas W. Dunn; ABN 2019115
**DAVIDSON LAW FIRM**
724 Garland, Cantrell at State
P.O. Box 1300
Little Rock, AR 72201
(501) 320-5132
Fax: (501) 374-5917
E-mail: skipd@dlf-ar.com
             nickd@dlf-ar.com

**Attorneys for The Heritage Company, Inc. and Sandra Franecke**

## CERTIFICATE OF SERVICE

I, Nickolas W. Dunn, do hereby certify that I have sent via electronic mail this 29th day of September 2022, a true and complete copy of the forgoing to the following individuals:

**Daniel Ford**
**Josh Sanford**
Sanford Law Firm
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211

Nickolas W. Dunn

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JOHNATHAN YASEVICH, et al.,**                                               **PLAINTIFF**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.                                   No. 3:20-cv-19-KGB

**THE HERITAGE COMPANY, INC.,**                                   **DEFENDANTS**
**and SANDRA FRANECKE**

<u>**PLAINTIFF JEROL AMAYA'S ANSWERS AND RESPONSES TO DEFENDANTS'**
**FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF**
**DOCUMENTS**</u>

Plaintiff Jerol Amaya ("Plaintiff"), by and through his attorneys Daniel Ford and Josh
Sanford of Sanford Law Firm, PLLC, hereby submits his Answers and Responses to
Defendants' First Set of Interrogatories and Requests for Production of Documents, and
states as follows:

<u>**INTERROGATORIES AND REQUESTS FOR PRODUCTION**</u>

<u>**INTERROGATORY NO. 1:**</u> Please state the names, addresses, and telephone
numbers of all persons who provided information used in answering these Interrogatories
and state in detail the information provided by each person identified.

<u>**ANSWER NO. 1:**</u> I, Jerol Amaya, provided the answers to these interrogatories with
the assistance of counsel.

<u>**INTERROGATORY NO. 2:**</u> Please identify by name, address, and title of each and
every person who has or may have knowledge of or information regarding any discoverable
matter relating to the subject matter of this lawsuit, or matters pleaded with particularity in

Page 1 of 12
Johnathan Yasevich, et al. v. The Heritage Company, et al.
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Plaintiff Jerol Amaya's Answers and Responses to Defendants'
First Set of Interrogatories and Requests for Production of Documents

Exhibit 2

Plaintiffs' Complaint, whether or not that person will be called as a witness.

**ANSWER NO. 2:** Objection. This Interrogatory is overbroad and unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory and in that it fails to describe with reasonable particularity the category of information requested. Plaintiff cannot reasonably be expected to have ever known, or to now recall the name, address and title of "each and every" person who has or may have "knowledge of or information regarding any discoverable matter relating to the subject matter of this lawsuit, or matters pleaded with particularity in Plaintiffs' Complaint." Furthermore, Courts have found "blockbuster" discovery requests for all information "relating in any manner" to a Party's claims to be unreasonable on their face. *See Hilt v. SFC Inc.*, 170 F.R.D. 182, 187 (D. Kan. 1997).

Subject to and without waiving the foregoing objections, Plaintiffs possess some knowledge or information related to the hours they worked, the compensation they received, their job duties and communications they may have had with other former employees of Defendants, including managers or supervisors, germane to the same. Plaintiffs may be contacted only through counsel.

Defendants and other former employees of Defendants, including managers and supervisors, possess some knowledge or information related to the hours Plaintiffs worked, the compensation Plaintiffs received, Plaintiffs' job duties, and/or communications Plaintiffs' may have had with other former employees of Defendants, including managers or supervisors, germane to the same.

Otherwise, specifically, Plaintiff states as follows: Maureen Singleton, who was a

**Page 2 of 12**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiff Jerol Amaya's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production of Documents**

TSR for some of her employment and then promoted to a TSR Manager at some point. Plaintiff may be contacted only through counsel.

**INTERROGATORY NO. 3:** Please state the name, address, place of employment and telephone number of each witness Plaintiffs will or may call at the trial of this matter, and state, with respect to each, the expected subject matter of his or her testimony.

**ANSWER NO. 3:** Objection. This Interrogatory is unduly burdensome in that it seeks to have Plaintiff marshal all Plaintiff's evidence prior to the end of discovery.

Subject to and without waiving the foregoing objections, no witnesses have been identified at this time; however, Plaintiff reserves the right to call as witness any of the current or former Plaintiffs in this matter and/or otherwise any individuals identified by either party throughout the duration of this litigation. If and when any witnesses are identified, Plaintiff will disclose their identity in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 4:** Please describe Plaintiff's understanding of how they were or are paid by Defendants during the Applicable Statutory Period, including the amount of compensation, method of compensation, whether they received the same amount of pay regardless of how many hours they worked, whether they received any compensation in addition to hourly, per diem and/or day rates, and, if so, the circumstances under which they would receive compensation in addition to their hourly, per diem, and/or day rates.

**ANSWER NO. 4:** I was paid via a paper check on a weekly basis. I started off at whatever the minimum wage was at the time and worked my way up to $17/hour. I think that there were some bonuses given out during some of my employment but they stopped doing them.

**Page 3 of 12**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiff Jerol Amaya's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production of Documents**

**INTERROGATORY NO. 5:** Please state how many hours Plaintiffs contend that TSR Plaintiffs worked each and every individual week during the Applicable Statutory Period.

**ANSWER NO. 5:** Objection. This Interrogatory is overbroad and unduly burdensome to the extent that it seeks to have Plaintiff speculate as to the number of hours worked by any TSR Plaintiff other than him- or herself and to the extent that this Interrogatory seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to recall the number of hours Plaintiff worked in each and every individual work week while employed by Defendants during the Applicable Statutory Period. Additionally, the information requested is as easily, or more easily, accessible by Defendants reviewing their own records. Fed. R. Civ. P. 33(d). The Fair Labor Standards Act requires employers, not employees, to make, keep and preserve records of employees and of their wages, hours, and other conditions and practices of employment. 29 U.S.C. § 211(c).

Defendants are legally responsible for maintaining records of hours worked. The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an

**Page 4 of 12**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiff Jerol Amaya's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production of Documents**

employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference," the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate." *Id.* at 688.

In this case, Plaintiff does not know if Defendants kept adequate or accurate records of hours worked by Plaintiff. If Defendants did not keep such records, Plaintiff is entitled to prove his damages under the just and reasonable inference standard enunciated in *Mt. Clemens.*

**INTERROGATORY NO. 6:** Please state the day rate, per diem, piece rate or hourly wage of TSR Plaintiffs for each and every individual week during the Applicable Statutory Period.

**ANSWER NO. 6:** Objection. This Interrogatory is overbroad and unduly burdensome to the extent that it seeks to have Plaintiff speculate as to the day rate, per diem, piece rate or hourly wage received by any TSR Plaintiff other than him- or herself and to the extent that this Interrogatory seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to recall the exact hourly wage

**Page 5 of 12**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiff Jerol Amaya's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production of Documents**

Plaintiff received in each and every individual work week while employed by Defendants during the Applicable Statutory Period. Additionally, the information requested is as easily, or more easily, accessible by Defendants reviewing their own records. Fed. R. Civ. P. 33(d). The Fair Labor Standards Act requires employers, not employees, to make, keep and preserve records of employees and of their wages, hours, and other conditions and practices of employment. 29 U.S.C. § 211(c).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I don't recall the dates when my pay increases occurred, but I started off at minimum wage, then went up to $16/hour, then to $17/hour.

**INTERROGATORY NO. 7:** Please describe in detail Plaintiffs understanding of all duties, responsibilities, and work required of TSR Plaintiffs during the Applicable Statutory Period, the time when such work was to be performed, and if the duties changed over time. If the duties changed over time, please state when and how the duties changed and how those changes were communicated to TSR Plaintiffs.

**ANSWER NO. 7:** Objection. This Interrogatory is overbroad and unduly burdensome to the extent that it seeks to have Plaintiff speculate as to the duties, responsibilities, and work required of any TSR Plaintiff other than him- or herself and to the extent that this Interrogatory seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to recall all the duties, responsibilities and work required of Plaintiff in each and every individual work week while employed by Defendants during the Applicable Statutory Period. Additionally, the information requested is as easily, or more easily, accessible by Defendants reviewing their own records. Fed. R.

**Page 6 of 12**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiff Jerol Amaya's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production of Documents**

Civ. P. 33(d). The Fair Labor Standards Act requires employers, not employees, to make, keep and preserve records of employees and of their wages, hours, and other conditions and practices of employment. 29 U.S.C. § 211(c).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I made phone calls seeking donations from people for charities that contracted with Defendants.

**INTERROGATORY NO. 8:** Please state the terms and conditions of any and all oral or written agreements between Defendants and TSR Plaintiffs regarding the method for compensation, including the rates of pay, and the recording of and payment for hours worked by TSR Plaintiffs during the Applicable Statutory Period.

**ANSWER NO. 8:** Objection. This Interrogatory is overbroad and unduly burdensome to the extent that it seeks to have Plaintiff speculate as to the terms and conditions of any and all oral or written agreements between Defendants and any TSR Plaintiff other than him- or herself and to the extent that this Interrogatory seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to recall all oral or written agreements between Defendants and Plaintiff, including the method for compensation, the rates of pay, the recording of and payment for hours worked by Plaintiff while employed by Defendants during the Applicable Statutory Period. Additionally, the information requested is as easily, or more easily, accessible by Defendants reviewing their own records. Fed. R. Civ. P. 33(d). The Fair Labor Standards Act requires employers, not employees, to make, keep and preserve records of employees and of their wages, hours, and other conditions and practices of employment. 29 U.S.C. §

**Page 7 of 12**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiff Jerol Amaya's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production of Documents**

211(c).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: None.

**INTERROGATORY NO. 9:** Please identify steps Plaintiffs have taken to locate and preserve documents and ESI which are relevant to this case, including, but not limited to, text or email messages to or from Plaintiffs and/or other employees of Defendants, or other documents pertaining to Plaintiffs' claims or Defendants' defenses or contentions in this case.

**ANSWER NO. 9:** Plaintiff has checked all devices in Plaintiff's possession, including any messaging platforms, that Plaintiff used to complete work-related communications with other former employees of Defendants.

**INTERROGATORY NO. 10:** Please identify Plaintiffs' efforts to find all documents responsive to Defendants' Requests for Production of Documents, and identify all persons involved in searching for documents, consulted, or interviewed who in any way provided documents or information related to these Interrogatories or to any Requests for Production of Documents.

**ANSWER NO. 10:** Plaintiff searched Plaintiff's personal physical records in an effort to find all documents responsive to Defendants' Requests for Production of Documents and will identify any requests in which responsive documents were located. No other person was involved in the process of searching Plaintiff's personal physical records for responsive documents.

**INTERROGATORY NO. 11:** Please identify and list all evidence Plaintiffs intend to

**Page 8 of 12**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiff Jerol Amaya's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production of Documents**

use at any hearing, deposition, or trial of this case.

**ANSWER NO. 11:** Objection. This Interrogatory is unduly burdensome in that it seeks to have Plaintiff marshal all Plaintiff's evidence prior to the end of discovery.

Subject to and without waiving the foregoing objections, no exhibits have been identified at this time. Plaintiff may offer as an exhibit any document disclosed by any Party in discovery. Any exhibits identified in the future will be disclosed in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 12:** Please list each individual Plaintiff that you contend was not paid for overtime worked, and for each Plaintiff, specify the dates the overtime occurred, times the overtime occurred, and the hourly rate of each Plaintiff.

**ANSWER NO. 12:** Objection. Plaintiff restates and incorporates Plaintiff's objections as enunciated in Answer Nos. 4 & 5. Subject to and without waiving the foregoing objections, damages have not been fully and finally calculated in this case yet. However, damages include monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay proper regular and overtime wages under the FLSA and the AMWA. Plaintiff will provide detailed damages calculations after Plaintiff has had an opportunity to inspect relevant documents in Defendants' possession and the damages calculations have been prepared.

In the meantime, Plaintiff states as follows: I was employed by Defendants from sometime in 2004 until December of 2008. Then, I came back sometime in 2009 and worked there until Heritage closed in December of 2019. In a typical workweek, I worked from Monday through Friday and two Saturdays per month from 7 am to 4 pm. On average, I

**Page 9 of 12**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiff Jerol Amaya's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production of Documents**

worked about 40 hours per week; however, due to the Defendants' timekeeping system only tracking my hours while I was logged into one of the many software programs needed to interact Defendants' clients' customer bases, I was not paid for work performed between calls, while switching from one program to another, including time spent relocating to different locations on the premises in order to access some of those specific programs. I would currently estimate that I was unpaid for approximately 30 minutes per day worked.

**INTERROGATORY NO. 13:** Please identify all information known to you that supports your contention that Sandra Franecke, in her individual capacity, is liable to Plaintiffs.

**ANSWER NO. 13:** Objection. This Interrogatory is unduly burdensome in that it calls for legal analysis and conclusions. Subject to and without waiving the foregoing objections, Plaintiff states as follows: Sandra was the owner. She knew about the processes and people made complaints to her.

**REQUEST FOR PRODUCTION NO. 1:** Please produce all records, policies, or other documents referenced by, related to, or that support the Responses to the previous Interrogatories.

**RESPONSE NO. 1:** Objection. This Request is overbroad and unduly burdensome in that it fails to state with reasonable particularity the category of information requested. "All records, policies, or other documents referenced by, related to, or that support" the Responses to the previous Interrogatories is exceedingly broad and vague because determining whether or not something is related is subject to interpretation. Subject to and without waiving the foregoing objections, Plaintiff has no responsive documents.

**Page 10 of 12**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiff Jerol Amaya's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production of Documents**

**REQUEST FOR PRODUCTION NO. 2:** Please produce any and all documents' Plaintiffs will or may use to negate Defendants' defenses or to support Plaintiffs' claims or for any other purpose in the context in this case, including documents to be used at depositions, hearings, pleadings, motions, and trial.

**RESPONSE NO. 2:** Objection. This Request is overly broad and vague in that it fails to describe with reasonable particularity the category of item requested. Courts have found "blockbuster" discovery requests for all information that "relates to" a Party's claims to be unreasonable on their face. *See Hilt v. SFC Inc.*, 170 F.R.D. 182, 187 (D. Kan. 1997). Without waiving that objection, no responsive documents, tangible items, electronic items or recordings have been identified at this time. If and when any responsive documents, tangible items, electronic items or recordings are identified, Plaintiff will produce them pursuant to these requests or otherwise in accordance with the Federal Rules of Civil Procedure.

**Page 11 of 12**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiff Jerol Amaya's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production of Documents**

Respectfully submitted,

**PLAINTIFF JEROL AMAYA**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Daniel Ford*
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the April 13, 2023, a true and correct copy of the above and foregoing was sent via email to the following attorney of record:

Charles Darwin "Skip" Davidson, Esq.
Nickolas W. Dunn, Esq.
DAVIDSON LAW FIRM P.C.
P.O. Box 1300
Little Rock, Arkansas 72201
Telephone: (501) 320-5132
Facsimile: (501) 374-5917
skipd@dlfar.com
nickd@dlfar.com

*/s/ Daniel Ford*
**Daniel Ford**

Page 12 of 12
Johnathan Yasevich, et al. v. The Heritage Company, et al.
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Plaintiff Jerol Amaya's Answers and Responses to Defendants'
First Set of Interrogatories and Requests for Production of Documents



**REPLY TO**
PO Box 1300
Little Rock, Arkansas 72203
Phone: 501.374.9977
Fax: 501.374.5917

**LITTLE ROCK**
724 Garland Street
Corner of Cantrell and State
Little Rock, Arkansas 72201

**HOT SPRINGS**
100 Ridgeway Street, Ste 4
Hot Springs, Arkansas 71901

**CONWAY**
1422 Caldwell Street
Ste 3, Box 7
Conway, Arkansas 72034

www.davidsonlawfirm.net

**CHARLES D. "SKIP" DAVIDSON, JD**
501.320.5110 - skipd@dlf-ar.com

**STEPHEN L. GERSHNER, JD**
501.320.5104 - slg@dlf-ar.com

**SARA K. LINGO, JD**
Attorney Ad Litem
501.320.5125 - saral@dlf-ar.com

**JESSICA L. WITHERSPOON, JD, LL.M**
501.320.5114 - jessicaw@dlf-ar.com

**NICKOLAS W. DUNN, JD**
501.320.5101 - nickd@dlf-ar.com

**KATHLEEN P. GRIFFIN, JD**
501.320.5108 - katieg@dlf-ar.com

Of Counsel:
**DAVID WESTBROOK "WEST" DOSS, JR, JD**
479.521.1033 - west@dosslaw.biz

**May 3, 2023**

Dear Mr. Ford & Mr. Sanford,

On September 29, 2022, Defendants sent their First Set of Interrogatories and Requests for Production of Documents to Plaintiffs. On October 31, 2022, you submitted on behalf of the Plaintiffs a response to the previously mentioned discovery requests objecting to the requests as untimely. Your clients subsequently submitted more substantive responses on April 13, 2023. There are, however, deficiencies in those responses that I request be remedied immediately. Specifically:

Interrogatory No. 3

This requests the name, address, place of employment, and telephone number of each witness Plaintiffs will or may call at the trial of this matter and sated the subject matter of his or her testimony. Your clients objected to this request stating that it was unduly burdensome and seeks to require Plaintiffs to marshal all Plaintiff's evidence prior to the end of discovery.

I disagree that this objection is valid. This request is not unduly burdensome as it requests basic information regarding witnesses that Plaintiffs may call at trial. This should be information readily available to Plaintiffs and would not constitute an "undue burden." Additionally, it is unclear what Plaintiffs mean when they say that this request requires Plaintiffs to "marshal all Plaintiff's evidence prior to the end of discovery." This request does not ask for "all evidence" that Plaintiffs have. Additionally, the discovery cutoff is quickly approaching, so at this point, Plaintiffs should know what witnesses it may call and are under an obligation to provide those to Defendants. Please provide the information requested in its entirety.

Interrogatory No. 5

This requests how many hours Plaintiffs contend that TSR Plaintiffs worked each week during the applicable statutory period. Plaintiffs objected to this request for being overly broad and unduly burdensome to the extent it seeks to have Plaintiff speculate as to the number of hours worked by any other employee and that an individual Plaintiff cannot be expected to recall the hours it worked each week. The Plaintiffs additionally state that it is the Defendants obligation to preserve employee records regarding wage and hours.

Plaintiffs' objections are without merit. Plaintiffs have brought their claims against Defendants for allegedly being unpaid for overtime worked. Plaintiffs have the burden of proving such a claim.

Exhibit 3

May 3, 2023
Page 2 of 2

Defendants are entitled to know what dates and the amount of hours each Plaintiff claims he/she was not paid for. Additionally, Defendants have provided Plaintiffs with times each Plaintiff worked each week in discovery. There has been no finding that Defendants have improperly kept records. If Plaintiffs cannot specify what hours they worked each week during the applicable statutory period, then they should say so. Otherwise, they should provide the requested information. Please provide the requested information immediately.

Interrogatory No. 11

This request asks Plaintiffs to identify all evidence Plaintiffs intend to use at any hearing, deposition, or trial of this case. Plaintiffs have objected to this request stating it is unduly burdensome.

Defendants disagree that this request is unduly burdensome. In a good faith attempt to resolve this issue, Defendants would narrow this request and ask for Plaintiffs to list any and all exhibits or other physical documents/items that Plaintiffs may use at a trial or hearing in this matter.

Interrogatory No. 12

This requests each individual Plaintiff that Plaintiffs contend was not paid for overtime worked, and for each Plaintiff, specify the dates the overtime occurred, times the overtime occurred, and the hourly rate of each Plaintiff. Plaintiffs objected to this request for the same reasons they objected to Interrogatory Nos. 4 & 5. For the same reasons stated above regarding Interrogatory No. 5, these objections are without merit. If a Plaintiff contends that he or she was not paid overtime, he or she should be able to state as much. From there he or she should be able to specify what dates in which the overtime work occurred, how much his or her rate was at the time, and the amount of overtime worked.

If a Plaintiff cannot make such statements, then the response should be that he or she does not know this information. Defendants are entitled to know what damage amounts Plaintiffs are claiming. There appears to be some claim by Plaintiffs that Defendants have not provided documentary evidence relating to pay rates, hours worked, tenures of employment, etc. This is simply untrue. Please refer to Bates Nos. DLF – Heritage 1-692 previously provided.

Please consider this a good faith attempt to resolve this discovery dispute. If I do not receive a supplemental response by May 9, 2023, I will be forced to file a Motion to Compel.

If you have any questions, please contact me.  Thank you.

Sincerely,

Nickolas W. Dunn