IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOHNATHAN YASEVICH, et al., Each Individually
and on Behalf of All Others Similarly Situated                                    PLAINTIFFS

v.                                    CASE NO. 3:20-19-KGB

THE HERITAGE COMPANY, INC.,
and SANDRA FRANECKE                                                              DEFENDANTS

### DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

COMES NOW Defendants, The Heritage Company, Inc. (hereinafter referred to as "Heritage") and Sandra Franecke (hereinafter referred to as "Franecke") and sometimes collectively referred to as "Defendants", by and through their attorneys, Charles Darwin "Skip" Davidson, Nickolas W. Dunn, and the Davidson Law Firm, and for their Motion to Compel Discovery from Plaintiffs, states as follows:

### FACTUAL BACKGROUND

This action concerns claims for unpaid wages under the Fair Labor Standards Act ("FLSA") and Arkansas Minimum Wage Act ("AMWA") as well as claims under the Worker Adjustment and Retraining Notification Act ("WARN Act") by former employees of Defendant Heritage. On September 29, 2022, Defendants propounded written discovery on Plaintiffs, through Plaintiffs' counsel, on September 29, 2022. **See Exhibit 1.** Said discovery consisted of the Defendants' First Set of Interrogatories and Requests for Production of Documents to Plaintiffs.

On April 13, 2023, Plaintiffs individually submitted their Responses to the above-mentioned discovery requests. **See Individual Plaintiff Jerol Amaya's Responses, attached as Exhibit 2.** There were numerous responses that were deficient. On May 3, 2023, Defendants sent

a good faith letter to Plaintiffs' counsel requesting complete responses to the requests. **See Exhibit**

**3.** Specifically, Defendants made the following specific requests for further responses:

<u>Interrogatory No. 3</u>

This requests the name, address, place of employment, and telephone number of each witness Plaintiffs will or may call at the trial of this matter and s[t]ate the subject matter of his or her testimony. Your clients objected to this request stating that it was unduly burdensome and seeks to require Plaintiffs to marshal all Plaintiff's evidence prior to the end of discovery.

I disagree that this objection is valid. This request is not unduly burdensome as it requests basic information regarding witnesses that Plaintiffs may call at trial. This should be information readily available to Plaintiffs and would not constitute an "undue burden." Additionally, it is unclear what Plaintiffs mean when they say that this request requires Plaintiffs to "marshal all Plaintiff's evidence prior to the end of discovery." This request does not ask for "all evidence" that Plaintiffs have. Additionally, the discovery cutoff is quickly approaching, so at this point, Plaintiffs should know what witnesses it may call and are under an obligation to provide those to Defendants. Please provide the information requested in its entirety.

<u>Interrogatory No. 5</u>

This requests how many hours Plaintiffs contend that TSR Plaintiffs worked each week during the applicable statutory period. Plaintiffs objected to this request for being overly broad and unduly burdensome to the extent it seeks to have Plaintiff speculate as to the number of hours worked by any other employee and that an individual Plaintiff cannot be expected to recall the hours it worked each week. The Plaintiffs additionally state that it is the Defendants obligation to preserve employee records regarding wage and hours.

Plaintiffs' objections are without merit. Plaintiffs have brought their claims against Defendants for allegedly being unpaid for overtime worked. Plaintiffs have the burden of proving such a claim. Defendants are entitled to know what dates and the amount of hours each Plaintiff claims he/she was not paid for. Additionally, Defendants have provided Plaintiffs with times each Plaintiff worked each week in discovery. There has been no finding that Defendants have improperly kept records. If Plaintiffs cannot specify what hours they worked each week during the applicable statutory period, then they should say so. Otherwise, they should provide the requested information. Please provide the requested information immediately.

<u>Interrogatory No. 11</u>

This request asks Plaintiffs to identify all evidence Plaintiffs intend to use at any hearing, deposition, or trial of this case. Plaintiffs have objected to this request stating it is unduly burdensome.

Defendants disagree that this request is unduly burdensome. In a good faith attempt to resolve this issue, Defendants would narrow this request and ask for Plaintiffs to list any and all exhibits or other physical documents/items that Plaintiffs may use at a trial or hearing in this matter.

<u>Interrogatory No. 12</u>

This requests each individual Plaintiff that Plaintiffs contend was not paid for overtime worked, and for each Plaintiff, specify the dates the overtime occurred, times the overtime occurred, and the hourly rate of each Plaintiff. Plaintiffs objected to this request for the same reasons they objected to Interrogatory Nos. 4 & 5. For the same reasons stated above regarding Interrogatory No. 5, these objections are without merit. If a Plaintiff contends that he or she was not paid overtime, he or she should be able to state as much. From there he or she should be able to specify what dates in which the overtime work occurred, how much his or her rate was at the time, and the amount of overtime worked.

If a Plaintiff cannot make such statements, then the response should be that he or she does not know this information. Defendants are entitled to know what damage amounts Plaintiffs are claiming. There appears to be some claim by Plaintiffs that Defendants have not provided documentary evidence relating to pay rates, hours worked, tenures of employment, etc. This is simply untrue. Please refer to Bates Nos. DLF – Heritage 1-692 previously provided.

To date, no response has been received to this correspondence. Defendants have acted in accordance with Rule 37(a)(1) and Local Rule 7.2(g) by sending their good faith correspondence to Plaintiffs, but Plaintiffs have failed to respond in any fashion. The discovery deadline in this case is set for May 24, 2023. As such, time is of the essence for Defendants to obtain a resolution to this discovery dispute.

**ARGUMENT**

Plaintiffs have failed to provide complete discovery responses in this matter despite Defendants' good faith attempt to obtain them. As such, Defendants are entitled to an order compelling the complete discovery responses from Plaintiffs along with appropriate sanctions for having to enlist the Court's intervention in this dispute.

On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. Fed Rules Civ. Pro. R 37(a)(1). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection if a party fails to answer an interrogatory or request for production of documentation. Fed Rules Civ. Pro. R 37(a)(3)(B). Evasive or incomplete responses must be treated as a failure to respond. Fed Rules Civ. Pro. R 37(a)(4). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed Rules Civ. Pro. R 37(a)(5).

As previously stated, on September 29, 2022, Defendants propounded written discovery on Plaintiffs, through Plaintiffs' counsel, on September 29, 2022. **See Exhibit 1.** Said discovery consisted of the Defendants' First Set of Interrogatories and Requests for Production of Documents to Plaintiffs.

On April 13, 2023, Plaintiffs individually submitted their Responses to the above-mentioned discovery requests. **See Individual Plaintiff Jerol Amaya's Responses, attached as Exhibit 2.** There were numerous responses that were deficient. On May 3, 2023, Defendants sent a good faith letter to Plaintiffs' counsel requesting complete responses to the requests. **See Exhibit 3.** To date, no response to Defendants' letter has been received.

Defendants' requests for further information from Plaintiffs are reasonable. The first request in Defendants' good faith letter is with regard to Interrogatory No. 3.

This requests how many hours Plaintiffs contend that TSR Plaintiffs worked each week during the applicable statutory period. Plaintiffs objected to this request for being overly broad and unduly burdensome to the extent it seeks to have Plaintiff speculate as to the number of hours worked by any other employee and that an individual Plaintiff cannot be expected to recall the hours it worked each week. The Plaintiffs additionally state that it is the Defendants obligation to preserve employee records regarding wage and hours.

Plaintiffs' objections are without merit. Plaintiffs have brought their claims against Defendants for allegedly not being paid for time worked as an employee of Heritage. Plaintiffs have the burden of proving such a claim. Defendants are entitled to know what dates and the amount of hours each Plaintiff claims he/she was not paid for. Additionally, Defendants have provided Plaintiffs with times each Plaintiff worked each week in discovery. There has been no finding that Defendants have improperly kept records. If Plaintiffs cannot specify what hours they worked each week during the applicable statutory period, then they should say so. Otherwise, they should provide the requested information.

The second request in Defendants' good faith letter is with respect to Interrogatory No. 5. This requests how many hours Plaintiffs contend that TSR Plaintiffs worked each week during the applicable statutory period. Plaintiffs objected to this request for being overly broad and unduly burdensome to the extent it seeks to have Plaintiff speculate as to the number of hours worked by any other employee and that an individual Plaintiff cannot be expected to recall the hours it worked each week. The Plaintiffs additionally state that it is the Defendants obligation to preserve employee records regarding wage and hours.

Plaintiffs' objections in this response are the same as in Interrogatory No. 3. Plaintiffs have the burden of proving their claims. Defendants are entitled to know what dates and the amount of

hours each Plaintiff claims he/she was not paid for. Additionally, Defendants have provided Plaintiffs with times each Plaintiff worked each week in discovery. There has been no finding that Defendants have improperly kept records. If Plaintiffs cannot specify what hours they worked each week during the applicable statutory period, then they should say so. Otherwise, they should provide the requested information.

The third request in Defendants' good faith letter is related to Interrogatory No. 11. This request asks Plaintiffs to identify all evidence Plaintiffs intend to use at any hearing, deposition, or trial of this case. Plaintiffs have objected to this request stating it is unduly burdensome.

Defendants disagree that this request is unduly burdensome. In a good faith attempt to resolve this issue, Defendants offered to narrow this request and ask for Plaintiffs to list any and all exhibits or other physical documents/items that Plaintiffs may use at a trial or hearing in this matter. As stated previously, Plaintiffs have made no comment on whether such a narrowing of the request allows them to respond in a more meaningful way. Defendants are entitled to this information and Plaintiffs should not be allowed to escape their obligation to provide it.

Defendants' last request in their good faith letter is with respect to Interrogatory No. 12. This requests each individual Plaintiff that Plaintiffs contend was not paid for overtime worked, and for each Plaintiff, specify the dates the overtime occurred, times the overtime occurred, and the hourly rate of each Plaintiff. Plaintiffs objected to this request for the same reasons they objected to Interrogatory Nos. 4 & 5. For the same reasons stated above regarding Interrogatory No. 5, these objections are without merit. If a Plaintiff contends that he or she was not paid overtime, he or she should be able to state as much. From there he or she should be able to specify what dates on which the overtime work occurred, how much his or her rate was at the time, and the amount of overtime worked.

If a Plaintiff cannot make such statements, then the response should be that he or she does not know this information. Defendants are entitled to know what damage amounts Plaintiffs are claiming. There appears to be some claim by Plaintiffs that Defendants have not provided documentary evidence relating to pay rates, hours worked, tenures of employment, etc. This is untrue as is pointed out in the good faith letter.

As there are no legitimate reasons for not providing the information requested in Defendants' discovery requests, this Court should order Plaintiffs to produce it.

Plaintiffs should also be ordered to pay Heritage's reasonable fees and costs in connection with this Motion to Compel. The Federal Rules of Civil Procedure provide that, if a motion to compel is granted, then the Court "must . . . require the party . . . whose conduct necessitated the motion . . . to pay . . . the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). In *American Atheists, Inc. v. Rapert*, No. 4:19-cv-00017-KGB, 2022 WL 2959908, at \*15 (E.D. Ark. July 26, 2022), the United States District Court for the Eastern District of Arkansas ordered the party moving to compel discovery to submit an attorney's fee petition after it granted the motion to compel. In so holding, the court explained that the motion to compel was filed because the non-moving party "did not relent in his opposition to discovery" even after the moving party had "sen[t] a letter, sen[t] emails, and [held] a conference call." *Id*. The court further noted that the non-moving party "doubled down on his boilerplate objections in many instances without requesting a protective order or submitting a privilege log, where doing so could have alleviated many of his purported concerns about information being sought." *Id.* Plaintiffs have committed similar conduct as outlined in *Rapert*, requiring Heritage to file this Motion to Compel

to obtain relief. Plaintiffs' conduct and flagrant disregard for the Federal Rules of Civil Procedure cannot be justified. Accordingly, if the Court grants this motion, Heritage is entitled to the reasonable expenses it incurred in connection with preparing the Motion. Heritage respectfully requests that the Court grant leave to submit a fee petition.

>Respectfully submitted,
>
> Charles Darwin "Skip" Davidson; ABN 73026
> Nickolas W. Dunn, ABN 2019115
> **DAVIDSON LAW FIRM**
> 724 Garland, Cantrell at State
> P.O. Box 1300
> Little Rock, AR 72201
> (501) 320-5132
> Fax: (501) 374-5917
> E-mail: skipd@dlf-ar.com
>    nickd@dlf-ar.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I, Nickolas W. Dunn, do hereby certify that I have sent via:

- ☐ Hand Delivery
- ☐ Telefax
- ☐ Electronic mail
- ☐ U.S. Mail
- ☐ U.S. Mail, Certified, Return Receipt (as noted below)
- ☐ STATE CM/ECF System
- ☒ Federal Court ECF System (as noted below)

this **16th** day of **May 2023**, a true and complete copy of the forgoing to the following individuals:

**Josh Sanford**
**Daniel Ford**
SANFORD LAW FIRM, PLLC
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211

>Nickolas W. Dunn

8