IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JONATHAN YASEVICH, et al.,**                                                                 **PLAINTIFFS**
**Each Individually and on Behalf**
**Of All Others Similarly Situated**

vs.                                No. 3:20-cv-19-KGB

**THE HERITAGE COMPANY, INC.**                                             **DEFENDANTS**
**and SANDRA FRANECKE**

## RESPONSE TO MOTION TO COMPEL DISCOVERY

### I.    INTRODUCTION

Defendants' Motion to Compel Discovery (ECF No. 63) ("Motion") must be denied. Not only did Defendants provide the Court with a painfully decontextualized and one-sided perspective of this purported discovery dispute, they also failed to provide any specificity regarding what exactly is lacking in Plaintiffs' discovery responses.[1] While Defendants may wish that Plaintiffs had provided more detail in their responses, this is not the standard for responding to discovery and Plaintiffs are limited by their own recollection and personal knowledge. Because Plaintiffs have provided Defendants with the most complete answers possible, and because Defendants have not demonstrated that they will suffer any prejudice due to any deficiency in Plaintiffs' responses, their Motion must be denied entirely.

---

[1] As described below, 55 of the 59 Plaintiffs on whom Defendants served discovery provided full and complete responses "subject to the objections" that Defendants describe in their Motion. This extremely relevant information is completely left out of Defendants' Motion, which is revealing with respect to Defendants' motivations in filing the Motion.

Page 1 of 10
Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Response to Motion to Compel Discovery

## II.     RELEVANT BACKGROUND

This lawsuit has been pending for over three years, and "has a long and circuitous procedural history." Order, ECF No. 61. Plaintiffs will not reiterate the long process that led the parties to this Motion but will provide some background regarding the discovery "dispute" at issue.

Defendants propounded interrogatories and requests for production on September 29, 2022. *See* Defs.' First Set of Interrogatories and First Requests for Production of Documents Directed to Pls., attached as Ex. 2 to Defs.' Mot. to Compel Disc., p. 4–7. Due to the aforementioned circuitous history regarding settlement and subsequent lack thereof, Plaintiffs' deadline for responding to this written discovery was extended. Plaintiffs submitted their responses on April 13, 2023. *See* Pl. Jerol Amaya's discovery responses ("Amaya Responses"), attached as Ex. 2 to Defs.' Mot. to Compel Disc., p. 8–19. While these responses made the objections described in Defendants' Motion, all but four[2] of the responses provided a more complete answer "subject to and without waiving the foregoing objections." *See, e.g.*, Amaya Responses, ECF No. 63, p. 10. Despite this, Defendants sent Plaintiffs' counsel a Good Faith Letter on May 3 and demanded a response by May 9. *See* Good Faith Letter, attached as Ex. 3 to Defs.' Mot. to Compel Disc., ECF No. 63, p. 20–21. This was the only effort made by Defendants to resolve the dispute before filing their Motion. The parties met on May 10 for the deposition of Plaintiff Joseph Yasevich, but Plaintiffs' responses to written discovery were not mentioned.

---

[2]    The four who only lodged objections were unable to timely complete their responses, and Plaintiffs' counsel fully intends to supplement their responses in the same manner as the other 55. Regardless, these four responses are not referenced in Defendants' Motion and are not the impetus behind it. In support of their Motion, Defendants filed the Plaintiff Jerol Amaya's Responses, responses which were answered fully and completely. *See* Amaya Responses. Defendants are thus demanding responses to the discovery that Plaintiffs have fully responded to.

Page 2 of 10
Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Response to Motion to Compel Discovery

With no other communication between the parties regarding discovery disputes, Defendants' counsel filed their Motion on May 16, and Plaintiffs responded to the Good Faith Letter that same day. *See* Response to Good Faith Letter, attached as Ex. 1.

### III.  ARGUMENT

In their Motion, Defendants only provide half of Plaintiffs' responses in support of their request. Their motive for doing so is unclear given that the responses they provide as an example clearly show the full extent of Plaintiffs' responses. *See generally*, Amaya Responses. Regardless, Plaintiffs responded to each of Defendants' written discovery requests to the fullest extent of their knowledge and capability.

It is axiomatic that parties cannot produce via discovery documents or information that they do not possess. *See Acosta v. La Piedad Corp.*, 894 F.3d 947, 951 (8th Cir. 2018) (citing *Traub v. United States*, 232 F.2d 43, n.9 (D.C. Cir. 1955) *In Re Grand Jury*, 821 F.2d 946, 951 (3d Cir. 1987)). "A person cannot be compelled to produce . . . a document which is neither in his possession or under his control." *Id*. As more fully described below, Plaintiffs have provided as full and complete a response as possible to each of the disputed discovery requests. Any additional information is not within their personal knowledge and they are unable to provide the requested information.

### A.  Interrogatory No. 3

Defendants claim that Plaintiffs did not respond to Interrogatory No. 3, but following the objection, Plaintiffs responded as follows:

> Subject to and without waiving the foregoing objections, no witnesses have been identified at this time; however, Plaintiff reserves the right to call as witness any of the current or former Plaintiffs in this matter and/or otherwise any individuals identified by either party throughout the duration of this litigation. If and when any witnesses are identified, Plaintiff will

Page 3 of 10
Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Response to Motion to Compel Discovery

disclose their identity in accordance with the Federal Rules of Civil Procedure.

Amaya Responses, ECF No. 63, p. 10. In their Response Letter, Plaintiffs further clarified their answers to this interrogatory, stating as follows:

> At this time, however, Plaintiffs do not to intend to rely on any witnesses other than themselves, Defendants, and the individuals Defendants identify as witness, except for, perhaps, Defendants' custodian of time and pay records. All such individuals may either be contacted only through their counsel of Sanford Law Firm, PLLC, or such contact information is in the possession and control of Defendants.

Good Faith Letter, p. 2. There is simply no way to answer this Interrogatory more fully. Plaintiffs have provided Defendants with the complete list of potential witnesses that exists at this time; providing a list of witnesses not yet known is not possible. *Acosta*, 894 F.3d at 951. *See also Walker v. Watson*, No. 6:20-cv-06114, 2021 U.S. Dist. LEXIS 158242, at *13–14 (W.D. Ark. May 17, 2021) (finding that the defendant "sufficiently complied" with a discovery request when it provided the extent of the information in its possession "subject to [the defendant's] objection").

### B. Interrogatory No. 5

Defendants claim that because Plaintiffs brought claims for unpaid overtime worked, "Plaintiffs have the burden of proving such a claim," and "Defendants are entitled to know what dates and the amount of hours each Plaintiff claims he/she was not paid for." Br. in Supp. of Mot. to Compel Discovery, p. 2. This is a complete misstatement of both law and fact. Not only do Defendants force an improper legal standard on Plaintiffs, they also once again leave out the critical fact that Plaintiffs provided Defendants with their best recollection of unpaid overtime worked in their responses to Interrogatory No. 12. *See* Amaya Responses, ECF No. 63, p. 16–17.

Page 4 of 10
Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Response to Motion to Compel Discovery

Regardless, Plaintiffs' objection to this Interrogatory is valid. It is unquestionably the employer's burden to maintain accurate time records and pay data. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–88 (1946). In *Mt. Clemens*, the Supreme Court recognized the futility in requiring employees to recall every instance of unpaid work when the employer maintained untrustworthy records. *Id*. When an employee shows that the records the employer maintains are inaccurate, the employee may establish the amount of his uncompensated work as a matter of "just and reasonable inference." *Id*. Here, Plaintiffs' claims center on the inaccuracy of Defendants' time-keeping mechanism: Defendants recorded Plaintiffs' time via a computer time-keeping system, but Plaintiffs were required to switch between computer software systems and stations multiple times during the day, and the time-keeping system did not record the time between signing out on one software or station and signing in on the next. *See generally*, Decls. filed in support of Pls.' Mot. for Conditional Certification, ECF Nos. 7–16. Defendants currently have all the information regarding unpaid overtime claimed that Plaintiffs have, and there is no further information for Plaintiffs to provide.

## C. Interrogatory No. 11

In Interrogatory No. 11, Defendants demand that Plaintiffs identify all exhibits and physical documents and items that Plaintiffs' plan to use at any hearing, deposition or trial. The portion of Plaintiffs' initial response to this request that Defendants fail to disclose to the Court is as follows:

> Subject to and without waiving the foregoing objections, no exhibits have been identified at this time. Plaintiff may offer as an exhibit any document disclosed by any Party in discovery. Any exhibits identified in the future will be disclosed in accordance with the Federal Rules of Civil Procedure.

Page 5 of 10
Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Response to Motion to Compel Discovery

Amaya Responses, p. 16. This is a full and complete response that sufficiently complies with Defendant's request. *See Walker*, 2021 U.S. Dist. LEXIS 158242, at *13–14. Regardless, in their Good Faith Letter Response, Plaintiffs clarified as follows:

> Plaintiffs have objected to this Interrogatory because Plaintiffs have not yet decided what evidence they will rely on at the trial of this matter; therefore, no exhibits have been identified at this time. However, the pool of documents from which Plaintiff intends to select exhibits for the trial of this matter are those which have been or will be produced by either party in this matter. All of which, to date, are fully in the possession of both parties, including but not limited to, Defendants bates numbering DLF – Heritage 001-692 and Plaintiffs' bates numbering, Yasevich000001-0000076.

Good Faith Letter Response, p. 3. Plaintiffs have therefore fully responded to this Interrogatory. All documents and physical evidence that Plaintiffs intend to introduce in support of their claims are within Defendants' possession, and in the event that a document is unexpectedly uncovered, it "will be disclosed in accordance with the Federal Rules of Civil Procedure." There is no further information to provide.

### D. Interrogatory No. 12

Defendants' dispute with Interrogatory No. 12 is simply a repeat of their dispute with Interrogatory No. 5. Defendants expect Plaintiffs to state with specificity each and every time, to the date, that Defendants' time shaving affected their compensation and by how much, as well as recall the exact dates that Plaintiffs' pay rates changed over the course of three years. As stated in Section B, *supra*, this is not the proper standard, and Plaintiffs have complied to the best of their knowledge and capability. *See, e.g.*, Amaya Responses, ECF No. 63, p. 16–17. As stated in Plaintiffs' Good Faith Letter Response:

> Despite Plaintiffs' objections throughout their Answers to Defendants' Interrogatories, Plaintiffs have provided all the information available to them based on their best recollection.

Page 6 of 10
Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Response to Motion to Compel Discovery

> In Answer No. 2, Plaintiffs have identified themselves and Defendants as potential witnesses. In Answer No. 4 Plaintiffs have provided information related to how they were paid. In Answer No. 6, Plaintiffs have provided information about what their hourly rate was and how it changed over time. In Interrogatory No. 7, Plaintiffs have described their job duties. In Answer No. 12, Plaintiffs have provided their dates of employment, their normal shifts worked and estimates of how much they believed they are owed for working off-the-clock due to Defendants defective timekeeping system.

Plaintiffs have responded to Defendants' discovery requests to the best of their knowledge. If there is additional information or more specific deficiencies with Plaintiffs' responses, Defendants must raise more specific objections so that Plaintiffs can respond accordingly.

### E. An award of attorneys' fees is inappropriate.

Defendants' demand for fees associated with the filing of this Motion should be wholly denied. The Motion is based on (at best) negligent withholding of relevant facts and an entirely uncharitable and misleading reading of relevant law. Defendants rely on *American Atheists, Inc. v. Rapert*, No. 4:19-cv-00017-KGB, 2022 U.S. Dist. LEXIS 132824 (E.D. Ark. July 26, 2022), for the proposition that they have conferred with Plaintiffs "in good faith" regarding this discovery dispute, but Defendants' sole attempt to resolve the "dispute" was to send their Good Faith Letter, which demanded a response in four business days. *See* Good Faith Letter, ECF No. 63, p. 20. In *Rapert*, as clearly stated by Defendants, the plaintiffs made multiple attempts to resolve the dispute such as emails, conference calls, and letters. *Rapert*, 2022 U.S. Dist. LEXIS 13284, at *42. The defendant then "doubled down on his boilerplate objections" and refused to engage in further attempts to resolve the dispute. *Id*. at *43. A look at the facts of this case makes Defendants' flippant statement that "Plaintiffs have committed similar conduct as outlined

Page 7 of 10
Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Response to Motion to Compel Discovery

in *Rapert*" ridiculous.

The first Plaintiffs heard regarding any discovery dispute was on May 3 when Defendants sent their Good Faith Letter. Plaintiffs, who fortunately had *not* simply submitted boilerplate objections but had provided as full and complete an answer as possible, duly began working on a response.[3] Plaintiffs' counsel unfortunately missed the deadline set by Defendants due to personal reasons, but assumed the matter would be discussed at the deposition of Plaintiff Yasevich on May 10. Defendants were in a room with Plaintiff Yasevich and his counsel for several hours but never once mentioned written discovery or the Good Faith Letter. Plaintiffs' counsel was out of the office for several days following the deposition but provided the Good Faith Letter Response on the first day of his return.

Not once during that period did Defendants reach out to see if Plaintiffs intended to respond or to discuss any of the issues Defendants brought up in the Good Faith Letter. Defendants simply slammed Plaintiffs with a letter demanding information Plaintiffs had already provided, then filed the Motion without further discussion. While Defendants' Good Faith Letter may technically comply with the letter of Rule 37, their actions are certainly not in keeping with the spirit of civility Rule 37 is intended to cultivate.

Finally, Defendants completely fail to describe how the information Plaintiffs "failed" to provide will prejudice them. Plaintiffs provided damages calculations last year during settlement negotiations, are working diligently to update those calculations, and will produce them as soon as possible. *See* Good Faith Letter Response, p. 4 ("Plaintiffs have

---

[3] It's worth noting, however, that if Defendants truly believed that Plaintiffs needed to supplement their discovery responses, they only provided a four-day turnaround for Plaintiffs' counsel to track down 59 Plaintiffs in order to supplement those responses.

Page 8 of 10
Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Response to Motion to Compel Discovery

been and remain in the process of amending damages calculations that were previously provided to Defendants prior to the falling through of the last settlement agreement. Those will be provided to Defendant through supplemental initial disclosures that are served prior to the close of discovery, which is timely."). Thus, Defendants have been provided with all the information they requested. Plaintiffs have no more information to provide at this time, but should any new information arise, Plaintiffs fully intend to produce that information in compliance with the Rules of Civil Procedure.

Finally, if Defendants can state with more specificity what exactly they believe is lacking in Plaintiffs' discovery responses, Plaintiffs do not object to an extension of the discovery deadline in order to more fully respond. Plaintiffs would caveat, however, that this information must be discoverable information within Plaintiffs' knowledge, not simply the same information that Plaintiffs have already provided but that Defendants wish Plaintiffs knew more about.

## IV.   CONCLUSION

Defendants' Motion is nothing more than a spurious attempt to generate fees in prolonging and manipulating this case. In the Motion, Defendants misrepresented Plaintiffs' discovery responses, then had the gall to accuse Plaintiffs of "flagrant disregard for the Federal Rules of Civil Procedure." Defendants' Motion is without merit both in substance and in the methodology of its filing, and this Court must deny the Motion.

Page 9 of 10
Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Response to Motion to Compel Discovery

Respectfully submitted,
**JOHNATHAN YASEVICH,
et al., PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 10 of 10
Jonathan Yasevich, et al. v. The Heritage Company, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Response to Motion to Compel Discovery**