

Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy
Suite 510
Little Rock, Arkansas 72211

800-615-4946 (main)
888-787-2040 (facsimile)

WWW.SANFORDLAWFIRM.COM

JOSH SANFORD [1, 2, 3, 5, 6, 7, 8, 11, 14]
ANNA SANFORD STIRITZ
KRISTA SHEETS [2, 5, 12, 13 *]
VANESSA KINNEY
STACY GIBSON
REBECCA MATLOCK
DANIEL FORD
SEAN SHORT [11]
COLBY QUALLS [2, 4, 5, 9, 10, 11]
SAMUEL BROWN [9, 11]
MICHAEL STIRITZ
LAURA EDMONDSON [1, 6, 11]

Of counsel:
JON R. SANFORD [11, 13]
KIRSTEN C. SANFORD

With offices in:
Little Rock, AR
Birmingham, AL
Chicago, IL
Denver, CO
Omaha, NE
Phoenix, AZ
San Antonio, TX
Seattle, WA

Also admitted to
practice in courts in:
1 - Colorado
2 - Illinois
3 - Michigan
4 - Missouri
5 - Nebraska
6 - New Mexico
7 - North Dakota
8 - Ohio
9 - Oklahoma
10 - Tennessee
11 - Texas
12 - Virginia
13 - Washington
14 - Wisconsin

* Not licensed in
  Arkansas state court

May 16, 2023

**VIA EMAIL**
skipd@dlf-ar.com
nickd@dlf-ar.com

Charles D. "Skip" Davidson, Esq.
Nickolas W. Dunn, Esq.
724 Garland Street
Little Rock, Arkansas 72201

     Re:    <u>Yasevich, et al. v. The Heritage Company, Inc., et al.</u>
             U.S.D.C. (E.D. Ark.) Case No. 3:20-cv-19-KGB

Dear Skip & Nick,

In response to Defendants' May 3, 2023, Good Faith Letter, Plaintiffs outline the issues identified below in bold and Plaintiffs' responses to the concerns raised follow each bolded section. I was trying to get you this last week, but I had a death in the family and was out from Thursday through today, the 16th.

### Interrogatory No. 3

**This requests the name, address, place of employment, and telephone number of each witness Plaintiffs will or may call at the trial of this matter and sated the subject matter of his or her testimony. Your clients objected to this request stating that it was unduly burdensome and seeks to require Plaintiffs to marshal all Plaintiff's evidence prior to the end of discovery.**

**I disagree that this objection is valid. This request is not unduly burdensome as it requests basic information regarding witnesses that Plaintiffs may call at trial. This should be information readily available to Plaintiffs and would not constitute an "undue burden." Additionally, it is unclear what Plaintiffs mean when they say that this request requires Plaintiffs to "marshal all Plaintiff's evidence prior to the end of discovery." This request does not ask for "all evidence" that Plaintiffs have. Additionally, the discovery cutoff is quickly approaching, so at this point, Plaintiffs should know what witnesses it may call and are under an obligation to provide those to Defendants. Please provide the information requested in its entirety.**

**RESPONSE:** While Plaintiffs have objected to the information requested to the extent that it seeks to have Plaintiff prematurely name each and every person (and their corresponding contact information and knowledge base) prior to Plaintiffs completing the discovery work necessary to make any such final determination of a witness list, Plaintiffs have still fully answered this questions to the extent necessary at this point in time by stating, "no witnesses have been identified at this time; however, Plaintiff reserves the right to call as witness any of the current or former Plaintiffs in this matter and/or otherwise any individuals identified by either party throughout the duration of this litigation."

Plaintiff has further responded by adding, "If and when any witnesses are identified, Plaintiff will disclose their identity in accordance with the federal Rules of Civil Procedure." At this time, however, Plaintiffs do not to intend to rely on any witnesses other than themselves, Defendants, and the individuals Defendants identify as witness, except for, perhaps, Defendants' custodian of time and pay records. All such individuals may either be contacted only through their counsel of Sanford Law Firm, PLLC, or such contact information is in the possession and control of Defendants.

**Interrogatory No. 5**

**This requests how many hours Plaintiffs contend that TSR Plaintiffs worked each week during the applicable statutory period. Plaintiffs objected to this request for being overly broad and unduly burdensome to the extent it seeks to have Plaintiff speculate as to the number of hours worked by any other employee and that an individual Plaintiff cannot be expected to recall the hours it worked each week. The Plaintiffs additionally state that it is the Defendants obligation to preserve employee records regarding wage and hours.**

**Plaintiffs' objections are without merit. Plaintiffs have brought their claims against Defendants for allegedly being unpaid for overtime worked. Plaintiffs have the burden of proving such a claim.**

**Defendants are entitled to know what dates and the amount of hours each Plaintiff claims he/she was not paid for. Additionally, Defendants have provided Plaintiffs with times each Plaintiff worked each week in discovery. There has been no finding that Defendants have improperly kept records. If Plaintiffs cannot specify what hours they worked each week during the applicable statutory period, then they should say so. Otherwise, they should provide the requested information. Please provide the requested information immediately.**
**Thank you for your time and attention to this matter.**

**RESPONSE:** Plaintiffs cannot be expected to recall with specificity the dates and amounts of hours they were logged out as off-the-clock between programs during the entirety of their employment with Defendants during the statute of limitations period. Plaintiffs aver that by utilizing a timekeeping system that clocked them out for any amount

of time while they were performing work for Defendants (namely, the time spent switching between software programs or computers) that Defendants have improperly kept records.

That being said, Plaintiffs have provided as part of Answer No. 12 an accounting to the best of their recollection containing estimates of the hours they worked, their dates of employment, and how much time they believe they are owed on a daily and/or weekly basis. Please see Answer No. 12.

**Interrogatory No. 11**

**This request asks Plaintiffs to identify all evidence Plaintiffs intend to use at any hearing, deposition, or trial of this case. Plaintiffs have objected to this request stating it is unduly burdensome.**

**Defendants disagree that this request is unduly burdensome. In a good faith attempt to resolve this issue, Defendants would narrow this request and ask for Plaintiffs to list any and all exhibits or other physical documents/items that Plaintiffs may use at a trial or hearing in this matter.**

**RESPONSE:** Plaintiffs have objected to this Interrogatory because Plaintiffs have not yet decided what evidence they will rely on at the trial of this matter; therefore, no exhibits have been identified at this time. However, the pool of documents from which Plaintiff intends to select exhibits for the trial of this matter are those which have been or will be produced by either party in this matter. All of which, to date, are fully in the possession of both parties, including but not limited to, Defendants bates numbering DLF – Heritage 001-692 and Plaintiffs' bates numbering, Yasevich000001-0000076.

**Interrogatory No. 12**

**This requests each individual Plaintiff that Plaintiffs contend was not paid for overtime worked, and for each Plaintiff, specify the dates the overtime occurred, times the overtime occurred, and the hourly rate of each Plaintiff. Plaintiffs objected to this request for the same reasons they objected to Interrogatory Nos. 4 & 5. For the same reasons stated above regarding Interrogatory No. 5, these objections are without merit. If a Plaintiff contends that he or she was not paid overtime, he or she should be able to state as much. From there he or she should be able to specify what dates in which the overtime work occurred, how much his or her rate was at the time, and the amount of overtime worked.**

**If a Plaintiff cannot make such statements, then the response should be that he or she does not know this information. Defendants are entitled to know what damage amounts Plaintiffs are claiming. There appears to be some claim by Plaintiffs that Defendants have not provided documentary evidence relating to pay rates, hours worked, tenures of employment, etc. This is simply untrue. Please refer to Bates Nos. DLF – Heritage 1-692 previously provided.**

**RESPONSE:** Defendants' contention that Plaintiffs should be able to recall the duration of multiple instances of Plaintiffs being clocked out while working for Defendants over the span of up to three years in order to relay in their response the specific dates and times in which such time-shaving affected their being lawfully paid overtime compensation *and* that Plaintiffs should be able to recall what their hourly rate might have been at any given time in which such overtime compensation violations occurred—especially given the frequency in which Defendants increased or decreased Plaintiffs hourly rates of pay—is preposterous. Plaintiffs have objected to this as unreasonable and they stand on that objection.

Despite Plaintiffs' objections throughout their Answers to Defendants' Interrogatories, Plaintiffs have provided all the information available to them based on their best recollection. In Answer No. 2, Plaintiffs have identified themselves and Defendants as potential witnesses. In Answer No. 4 Plaintiffs have provided information related to how they were paid. In Answer No. 6, Plaintiffs have provided information about what their hourly rate was and how it changed over time. In Interrogatory No. 7, Plaintiffs have described their job duties. In Answer No. 12, Plaintiffs have provided their dates of employment, their normal shifts worked and estimates of how much they believed they are owed for working off-the-clock due to Defendants' defective timekeeping system.

Plaintiffs cannot be expected to recall with any further specificity the relevant case facts that either 1) Defendants bear the responsibility of maintaining or 2) that were not trackable by either party because of the defective systems put in place by the employers related to timekeeping. Plaintiffs continue to rely on *Mt. Clemens* and consider the information provided sufficient to meet the just and reasonable inference standard enunciated therewith.

Plaintiffs have been and remain in the process of amending damages calculations that were previously provided to Defendants prior to the falling through of the last settlement agreement. Those will be provided to Defendant through supplemental initial disclosures that are served prior to the close of discovery, which is timely.

Plaintiffs do not withhold any information available to them and do not resist providing further information should any become available to them. Plaintiffs merely cannot be expected to provide information with the specificity requested by Defendants, nor do Plaintiffs believe the spirit of *Mt. Clemens* requires them to do so. Please take this response to your good faith attempt as a good faith attempt in kind to resolve not only the discovery in dispute but the issues in that matter on whole.

If you have any questions, please contact me at 501-904-1653.

>Sincerely,
>SANFORD LAW FIRM, PLLC
>
>*/s/ Daniel Ford*
>**Daniel Ford**