IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JOHNATHAN YASEVICH et al.,**                                                                **PLAINTIFFS**
Each Individually and on Behalf of
All Others Similarly Situated


v.                                    CASE NO. No. 3:20-cv-19-KGB


**THE HERITAGE COMPANY, INC.**                                                              **DEFENDANTS**
and SANDRA FRANECKE

### AFFIDAVIT OF JENNIFER FRANECKE

I, Jennifer Franecke, first being duly sworn and attest that if called to testify I can do so competently about the information and facts stated by me in this affidavit in support of The Heritage Company, Inc.'s ("Heritage") and Sandra Franecke's (Franecke's) Motion for Partial Summary Judgment.

1. From 2016 until the closure of Heritage, I was a part owner of the company and its Chief Strategy Officer.

2. I am familiar with the operations of Heritage and its employees. I am personally familiar with the role Sandra Franecke has had with Heritage from 2016 to present.

3. Franecke had no direct control or duties associated with hiring and firing Plaintiff employees. There was a chain of command within Heritage and protocols in place that directly related to this process.

4. At the employment level of Plaintiffs, Heritage had supervisors and human resources representatives that oversaw hiring and firing of employees within the same roles as Plaintiffs. Franecke was not consulted before hiring or firing any of Plaintiff employees. This

1

function would have been handled by supervisors such as Derek Followell, Derek Tutolo, Jeff Spence, and David McNeill.

5. Franecke did not supervise Plaintiffs. Instead, Plaintiff had on sight sales managers who performed these duties.

6. Franecke primarily resided in California during the time period the Plaintiffs claim they are owed overtime wages and she was very seldom physically present at a Heritage location.

7. Franecke did not set Plaintiffs' work schedules. This task was handled by the supervisors such as those previously mentioned. She also had nothing to do with controlling the conditions of employment of Plaintiffs. This was also handled by the onsite supervisors.

8. Franecke did not set the rate or method of payment for Plaintiffs. Payment rates and methods were set by employees' supervisors during the hiring process and adjusted during employment, commensurate with employee performance, hours, longevity, and other like factors.

9. Employment records for Plaintiffs were not handled by Franecke. This was handled by the employees' supervisors or the HR department.

10. In the periods involved in this case, and still to this day, Franecke was suffering from serious health complications and entrusted day-to-day operations of the company to management employees. TSR employees were managed on a daily basis by Derek Followell, Derek Tutolo, Jeff Spence, and David McNeill. Clarence Young supervised the sales teams and handled human resources. Shannon Brennan, Dana Thomas, and Chip Miller did analytics and gave the needed hours to fulfill campaigns to the sales floor who would schedule the salespeople to fulfill those hours needed. Franecke's duties from 2016 until closure of the business were minimal. She primarily provided guidance and direction on big picture company decisions and plans moving into the future.

3

I declare under penalty of perjury that the foregoing is true and correct.

_____
Jennifer Franecke

3

I declare under penalty of perjury that the foregoing is true and correct.

_____
Jennifer Franecke

3