IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JOHNATHAN YASEVICH, et al.,**                                                    **PLAINTIFF**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.                                              No. 3:20-cv-19-KGB

**THE HERITAGE COMPANY, INC.,**                                              **DEFENDANTS**
**and SANDRA FRANECKE**

### PLAINTIFF GABRIELLE ANDERSON'S ANSWERS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff Gabrielle Anderson ("Plaintiff"), by and through her attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, hereby submits her Answers and Responses to Defendants' First Set of Interrogatories and Requests for Production of Documents, and states as follows:

### INTERROGATORIES AND REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 1:** Please state the names, addresses, and telephone numbers of all persons who provided information used in answering these Interrogatories and state in detail the information provided by each person identified.

**ANSWER NO. 1:** I, Gabrielle Anderson, provided the answers to these interrogatories with the assistance of counsel.

**INTERROGATORY NO. 2:** Please identify by name, address, and title of each and every person who has or may have knowledge of or information regarding any discoverable matter relating to the subject matter of this lawsuit, or matters pleaded with particularity in

Page 1 of 13
Johnathan Yasevich, et al. v. The Heritage Company, et al.
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Plaintiff Gabrielle Anderson's Answers and Responses to Defendants'
First Set of Interrogatories and Requests for Production of Documents

Plaintiffs' Complaint, whether or not that person will be called as a witness.

**ANSWER NO. 2:** Objection. This Interrogatory is overbroad and unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory and in that it fails to describe with reasonable particularity the category of information requested. Plaintiff cannot reasonably be expected to have ever known, or to now recall the name, address and title of "each and every" person who has or may have "knowledge of or information regarding any discoverable matter relating to the subject matter of this lawsuit, or matters pleaded with particularity in Plaintiffs' Complaint." Furthermore, Courts have found "blockbuster" discovery requests for all information "relating in any manner" to a Party's claims to be unreasonable on their face. *See Hilt v. SFC Inc.*, 170 F.R.D. 182, 187 (D. Kan. 1997).

Subject to and without waiving the foregoing objections, Plaintiffs possess some knowledge or information related to the hours they worked, the compensation they received, their job duties and communications they may have had with other former employees of Defendants, including managers or supervisors, germane to the same. Plaintiffs may be contacted only through counsel.

Defendants and other former employees of Defendants, including managers and supervisors, possess some knowledge or information related to the hours Plaintiffs worked, the compensation Plaintiffs received, Plaintiffs' job duties, and/or communications Plaintiffs' may have had with other former employees of Defendants, including managers or supervisors, germane to the same.

Otherwise, specifically, Plaintiff states as follows: To the best of my recollection,

**Page 2 of 13**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiff Gabrielle Anderson's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production of Documents**

these individuals likely know something about the claims in this case:

- Corey Throgmartin who was a Floor Supervisor, then a Lead Specialist. (870-761-5675)

- George McGill who was a Floor Supervisor, then a Lead Specialist.

- Roger Johnson who was a Floor Supervisor.

- Derrick Tutelo who was a Supervisor of other supervisors but I don't know his exact title. Probably General Manager or something like that.

- Katey Reed (now Clover Reed) who was a Lead specialist. (870-627-4921)

- Ashley Florez-Ramo who was a trainer.

- Dillion Moon who was a Floor Supervisor. (870-882-6572)

**INTERROGATORY NO. 3:** Please state the name, address, place of employment and telephone number of each witness Plaintiffs will or may call at the trial of this matter, and state, with respect to each, the expected subject matter of his or her testimony.

**ANSWER NO. 3:** Objection. This Interrogatory is unduly burdensome in that it seeks to have Plaintiff marshal all Plaintiff's evidence prior to the end of discovery.

Subject to and without waiving the foregoing objections, no witnesses have been identified at this time; however, Plaintiff reserves the right to call as witness any of the current or former Plaintiffs in this matter and/or otherwise any individuals identified by either party throughout the duration of this litigation. If and when any witnesses are identified, Plaintiff will disclose their identity in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 4:** Please describe Plaintiff's understanding of how they were or are paid by Defendants during the Applicable Statutory Period, including the amount

**Page 3 of 13**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiff Gabrielle Anderson's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production of Documents**

of compensation, method of compensation, whether they received the same amount of pay regardless of how many hours they worked, whether they received any compensation in addition to hourly, per diem and/or day rates, and, if so, the circumstances under which they would receive compensation in addition to their hourly, per diem, and/or day rates.

**ANSWER NO. 4:** When I started, I was paid whatever minimum wage was at the time in 2017 and I was paid on a weekly basis. I was paid via paper check the first year I worked there, at which time, I moved to direct deposit. I would get raises based upon my performance, but my pay could also be reduced based on my performance. I believe the most I ever made as an hourly rate was $10.25 an hour. My pay fluctuated from week to week depending on how many hours I worked. I received a new employee bonus twice based upon qualifying new hire performance within my first 3 months of employment totaling about $100.

**INTERROGATORY NO. 5:** Please state how many hours Plaintiffs contend that TSR Plaintiffs worked each and every individual week during the Applicable Statutory Period.

**ANSWER NO. 5:** Objection. This Interrogatory is overbroad and unduly burdensome to the extent that it seeks to have Plaintiff speculate as to the number of hours worked by any TSR Plaintiff other than him- or herself and to the extent that this Interrogatory seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to recall the number of hours Plaintiff worked in each and every individual work week while employed by Defendants during the Applicable Statutory Period. Additionally, the information requested is as easily, or more easily, accessible by Defendants reviewing their own records. Fed. R. Civ. P. 33(d). The Fair Labor Standards

**Page 4 of 13**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiff Gabrielle Anderson's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production of Documents**

Act requires employers, not employees, to make, keep and preserve records of employees and of their wages, hours, and other conditions and practices of employment. 29 U.S.C. § 211(c).

Defendants are legally responsible for maintaining records of hours worked. The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference," the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88.  If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate." *Id.* at 688.

**Page 5 of 13**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiff Gabrielle Anderson's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production of Documents**

In this case, Plaintiff does not know if Defendants kept adequate or accurate records of hours worked by Plaintiff.  If Defendants did not keep such records, Plaintiff is entitled to prove her damages under the just and reasonable inference standard enunciated in *Mt. Clemens.*

**INTERROGATORY NO. 6:** Please state the day rate, per diem, piece rate or hourly wage of TSR Plaintiffs for each and every individual week during the Applicable Statutory Period.

**ANSWER NO. 6:** Objection. This Interrogatory is overbroad and unduly burdensome to the extent that it seeks to have Plaintiff speculate as to the day rate, per diem, piece rate or hourly wage received by any TSR Plaintiff other than him- or herself and to the extent that this Interrogatory seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to recall the exact hourly wage Plaintiff received in each and every individual work week while employed by Defendants during the Applicable Statutory Period. Additionally, the information requested is as easily, or more easily, accessible by Defendants reviewing their own records. Fed. R. Civ. P. 33(d). The Fair Labor Standards Act requires employers, not employees, to make, keep and preserve records of employees and of their wages, hours, and other conditions and practices of employment. 29 U.S.C. § 211(c).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I cannot recall specific dates that I got raises, but I believe I started around $8/hour in 2017 and I would get raises in $0.25 increments every few months. Eventually, I made it up to $10.50/hour for a few months before being reduced back down to $10/hour.

**Page 6 of 13**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiff Gabrielle Anderson's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production of Documents**

**INTERROGATORY NO. 7:** Please describe in detail Plaintiffs understanding of all duties, responsibilities, and work required of TSR Plaintiffs during the Applicable Statutory Period, the time when such work was to be performed, and if the duties changed over time. If the duties changed over time, please state when and how the duties changed and how those changes were communicated to TSR Plaintiffs.

**ANSWER NO. 7:** Objection. This Interrogatory is overbroad and unduly burdensome to the extent that it seeks to have Plaintiff speculate as to the duties, responsibilities, and work required of any TSR Plaintiff other than him- or herself and to the extent that this Interrogatory seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to recall all the duties, responsibilities and work required of Plaintiff in each and every individual work week while employed by Defendants during the Applicable Statutory Period. Additionally, the information requested is as easily, or more easily, accessible by Defendants reviewing their own records. Fed. R. Civ. P. 33(d). The Fair Labor Standards Act requires employers, not employees, to make, keep and preserve records of employees and of their wages, hours, and other conditions and practices of employment. 29 U.S.C. § 211(c).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I would make phone calls for different charitable organizations, such as the Special Olympics, ALS charities and MADD. I would ask for donations and could either take the credit card information or send them something in the mail. When I worked as a supervisor, I would confirm sales, process credit cards for the second time and push through sales. When I worked as a trainer, I would do the same thing as when I was a supervisor but I would also

**Page 7 of 13**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiff Gabrielle Anderson's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production of Documents**

train new TSRs on the job.

**INTERROGATORY NO. 8:** Please state the terms and conditions of any and all oral or written agreements between Defendants and TSR Plaintiffs regarding the method for compensation, including the rates of pay, and the recording of and payment for hours worked by TSR Plaintiffs during the Applicable Statutory Period.

**ANSWER NO. 8:** Objection. This Interrogatory is overbroad and unduly burdensome to the extent that it seeks to have Plaintiff speculate as to the terms and conditions of any and all oral or written agreements between Defendants and any TSR Plaintiff other than him- or herself and to the extent that this Interrogatory seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to recall all oral or written agreements between Defendants and Plaintiff, including the method for compensation, the rates of pay, the recording of and payment for hours worked by Plaintiff while employed by Defendants during the Applicable Statutory Period. Additionally, the information requested is as easily, or more easily, accessible by Defendants reviewing their own records. Fed. R. Civ. P. 33(d). The Fair Labor Standards Act requires employers, not employees, to make, keep and preserve records of employees and of their wages, hours, and other conditions and practices of employment. 29 U.S.C. § 211(c).

Subject to and without waiving the foregoing objections, Plaintiff states as follows: Maybe. I am not sure that I possess any of the records, but I believe that I had to fill out a direct deposit authorization form and, I think, when I had that pay decrease that I had to sign something reflecting that.

**Page 8 of 13**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiff Gabrielle Anderson's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production of Documents**

**INTERROGATORY NO. 9:** Please identify steps Plaintiffs have taken to locate and preserve documents and ESI which are relevant to this case, including, but not limited to, text or email messages to or from Plaintiffs and/or other employees of Defendants, or other documents pertaining to Plaintiffs' claims or Defendants' defenses or contentions in this case.

**ANSWER NO. 9:** Plaintiff has checked all devices in Plaintiff's possession, including any messaging platforms, that Plaintiff used to complete work-related communications with other former employees of Defendants.

**INTERROGATORY NO. 10:** Please identify Plaintiffs' efforts to find all documents responsive to Defendants' Requests for Production of Documents, and identify all persons involved in searching for documents, consulted, or interviewed who in any way provided documents or information related to these Interrogatories or to any Requests for Production of Documents.

**ANSWER NO. 10:** Plaintiff searched Plaintiff's personal physical records in an effort to find all documents responsive to Defendants' Requests for Production of Documents and will identify any requests in which responsive documents were located. No other person was involved in the process of searching Plaintiff's personal physical records for responsive documents.

**INTERROGATORY NO. 11:** Please identify and list all evidence Plaintiffs intend to use at any hearing, deposition, or trial of this case.

**ANSWER NO. 11:** Objection. This Interrogatory is unduly burdensome in that it seeks to have Plaintiff marshal all Plaintiff's evidence prior to the end of discovery.

**Page 9 of 13**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiff Gabrielle Anderson's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production of Documents**

Subject to and without waiving the foregoing objections, no exhibits have been identified at this time. Plaintiff may offer as an exhibit any document disclosed by any Party in discovery. Any exhibits identified in the future will be disclosed in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 12:** Please list each individual Plaintiff that you contend was not paid for overtime worked, and for each Plaintiff, specify the dates the overtime occurred, times the overtime occurred, and the hourly rate of each Plaintiff.

**ANSWER NO. 12:** Objection. Plaintiff restates and incorporates Plaintiff's objections as enunciated in Answer Nos. 4 & 5. Subject to and without waiving the foregoing objections, damages have not been fully and finally calculated in this case yet. However, damages include monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay proper regular and overtime wages under the FLSA and the AMWA. Plaintiff will provide detailed damages calculations after Plaintiff has had an opportunity to inspect relevant documents in Defendants' possession and the damages calculations have been prepared.

In the meantime, Plaintiff states as follows: I was employed by Defendants from May of 2017 until Heritage closed in December of 2019.. In a typical workweek, I could work any day of the week. Oftentimes, that looked like Monday through Friday from 7 am to 4 pm or Monday through Thursday from 2 pm to 10 pm. I also sometimes pulled doubles on Saturdays, working from 7 am to 11 pm or I worked Sundays from 2 pm to 10 pm. On average, I worked 40 hours per week; however, due to the Defendants' timekeeping system only tracking my hours while I was logged into one of the many software programs needed

**Page 10 of 13**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiff Gabrielle Anderson's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production of Documents**

to interact Defendants' clients' customer bases, I was not paid for work performed between calls, while switching from one program to another, including time spent relocating to different locations on the premises in order to access some of those specific programs. I would currently estimate that I was unpaid for approximately 5 hours per week.

**INTERROGATORY NO. 13:** Please identify all information known to you that supports your contention that Sandra Franecke, in her individual capacity, is liable to Plaintiffs.

**ANSWER NO. 13:** Objection. This Interrogatory is unduly burdensome in that it calls for legal analysis and conclusions. Subject to and without waiving the foregoing objections, Plaintiff states as follows: I know that Sandra was the owner of the company and I believe that she would know about the flaws in the company's processes that caused me to be underpaid for that reason.

**REQUEST FOR PRODUCTION NO. 1:** Please produce all records, policies, or other documents referenced by, related to, or that support the Responses to the previous Interrogatories.

**RESPONSE NO. 1:** Objection. This Request is overbroad and unduly burdensome in that it fails to state with reasonable particularity the category of information requested. "All records, policies, or other documents referenced by, related to, or that support" the Responses to the previous Interrogatories is exceedingly broad and vague because determining whether or not something is related is subject to interpretation. Subject to and without waiving the foregoing objections, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 2:** Please produce any and all documents'

**Page 11 of 13**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiff Gabrielle Anderson's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production of Documents**

Plaintiffs will or may use to negate Defendants' defenses or to support Plaintiffs' claims or for any other purpose in the context in this case, including documents to be used at depositions, hearings, pleadings, motions, and trial.

**RESPONSE NO. 2:** Objection. This Request is overly broad and vague in that it fails to describe with reasonable particularity the category of item requested. Courts have found "blockbuster" discovery requests for all information that "relates to" a Party's claims to be unreasonable on their face. *See Hilt v. SFC Inc.*, 170 F.R.D. 182, 187 (D. Kan. 1997). Without waiving that objection, no responsive documents, tangible items, electronic items or recordings have been identified at this time. If and when any responsive documents, tangible items, electronic items or recordings are identified, Plaintiff will produce them pursuant to these requests or otherwise in accordance with the Federal Rules of Civil Procedure.

**Page 12 of 13**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiff Gabrielle Anderson's Answers and Responses to Defendants'**
**First Set of Interrogatories and Requests for Production of Documents**

Respectfully submitted,

**PLAINTIFF GABRIELLE ANDERSON**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Daniel Ford*
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the April 13, 2023, a true and correct copy of the above and foregoing was sent via email to the following attorney of record:

Charles Darwin "Skip" Davidson, Esq.
Nickolas W. Dunn, Esq.
DAVIDSON LAW FIRM P.C.
P.O. Box 1300
Little Rock, Arkansas 72201
Telephone: (501) 320-5132
Facsimile: (501) 374-5917
skipd@dlfar.com
nickd@dlfar.com

*/s/ Daniel Ford*
**Daniel Ford**

Page 13 of 13
Johnathan Yasevich, et al. v. The Heritage Company, et al.
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Plaintiff Gabrielle Anderson's Answers and Responses to Defendants'
First Set of Interrogatories and Requests for Production of Documents