IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JOHNATHAN YASEVICH, et al.**                                                               **PLAINTIFFS**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.                                              No. 3:20-cv-19-KGB

**THE HERITAGE COMPANY, INC.**                                                **DEFENDANTS**
**and SANDRA FRANECKE**

## RESPONSE TO STATEMENT OF UNDISPUTED FACTS

Plaintiff Johnathan Yasevich, individually and on behalf of all others similarly situated, by and through his attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, hereby submits his Response to Defendant's Statement of Undisputed Facts and states as follows:

1. Sandra Franecke is a part owner of Heritage.

**RESPONSE NO. 1:** Admitted.

2. Plaintiffs are former employees of Heritage.

**RESPONSE NO. 2:** Admitted.

3. Franecke had no direct control or duties associated with hiring and firing Plaintiffs.

**RESPONSE NO. 3:** Denied. While Plaintiffs were hired by Defendants' human resources department, all hiring and firing was pursuant to policies and criteria that was determined by Defendants' executives, specifically Ms. Franecke. *See* Decl. of Johnathan Yasevich ("Decl. Yasevich") ¶ 13, attached as Ex. 1; Decl. of Pamela Cannon ("Decl.

Page 1 of 5
Johnathan Yasevich, et al. v. The Heritage Company, Inc. and Sandra Franecke
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Response to Statement of Undisputed Facts

Cannon") ¶ 13, attached as Ex. 2; Decl. of Ronald Denney ("Decl. Denney") ¶ 12, attached as Ex. 3; Decl. of Chanell Williams ("Decl. Williams") ¶ 13, attached as Ex. 4. *See also* Aff. of Jennifer Franecke ("Aff. Franecke") ¶ 3, ECF No. 66-1 (stating that all hiring and firing was done pursuant to "a chain of command within Heritage and protocols in place that directly related to this process"). Further, Ms. Franecke set policies providing for grounds for termination and required executive approval prior to the termination of a TSR's employment. Decl. Williams ¶ 19 (stating that Ms. Franecke implemented a policy stating that TSRs could be terminated if they did not meet their quotas); Decl. of Jennifer Long ("Decl. Long") ¶ 18, attached as Ex. 5 ("if my managers wanted to fire someone, they had to get approval from upper management prior to doing so."). Finally, Ms. Franecke exercised control of employee positions such that she promoted and demoted by the creation and elimination of certain positions. Decl. of Katrina Grimes ("Decl. Grimes") ¶ 18, attached as Ex. 6

("when I was demoted from my position in payroll, my managers specifically told me it was Ms. Franecke's decision to do away with the position").

4.     Heritage had supervisors and human resource representatives that oversaw hiring and firing of employees within the same roles as Plaintiffs.

**RESPONSE NO. 4:** Admitted. These supervisors hired and fired pursuant to policies set by Heritage's executives, specifically Ms. Franecke. Decl. Yasevich ¶ 13; Decl. Cannon ¶ 13; Decl. Denney ¶ 12; Decl. Williams ¶ 13. *See also* Aff. Franecke ¶ 3. Further, Ms. Franecke set policies providing for grounds for termination and required executive approval prior to the termination of a TSR's employment. Decl. Williams ¶ 19 (stating that Ms. Franecke implemented a policy stating that TSRs could be terminated if

Page 2 of 5
**Johnathan Yasevich, et al. v. The Heritage Company, Inc. and Sandra Franecke**
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Response to Statement of Undisputed Facts

they did not meet their quotas); Decl. Long ¶ 18 ("if my managers wanted to fire someone, they had to get approval from upper management prior to doing so."). Finally, Ms. Franecke exercised control of employee positions such that she promoted and demoted by the creation and elimination of certain positions. Decl. Grimes ¶ 18 ("when I was demoted from my position in payroll, my managers specifically told me it was Ms. Franecke's decision to do away with the position").

5. Franecke did not supervise or control the Plaintiffs' work schedules or conditions of employment.

**RESPONSE NO. 5:** Denied. Ms. Franecke set policies that affected Plaintiffs' work schedules and conditions of employment. For example, Ms. Franecke implemented a policy requiring breaks to last only 10 minutes and prohibiting TSRs from having food at their stations. Decl. Yasevich ¶ 22. Ms. Franecke set the call scripts Plaintiffs used to perform their job duties and set the policies determining how to place and end calls. Decl. Denney ¶ 19 ("any time they wanted to change our call script, our managers would have to get executive approval."); Decl. Cannon ¶ 23 ("we were told that you had to take three no's before you could end a call with a donor, and that Ms. Franeke was the one who established these rules with her mother back when they started the business."). Likewise, Ms. Franecke was personally responsible for the policy stating that Plaintiffs would not be paid for their time spent in switching computers and computer programs. Decl. Cannon ¶ 19 ("we were told that we wouldn't be paid for the extra time required to switch computers and that my managers specifically said it was being implemented because Ms. Franecke wanted it done that way."). Finally, Ms. Franecke exerted control over Plaintiffs' schedules by implementing a policy that required site managers to obtain approval on any overtime

Page 3 of 5
**Johnathan Yasevich, et al. v. The Heritage Company, Inc. and Sandra Franecke**
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Response to Statement of Undisputed Facts

hours requested by employees at the call center. Decl. Grimes ¶ 20.

6. Plaintiffs' work schedules and conditions of employment were handled by Plaintiffs' managers/supervisors.

**RESPONSE NO. 6:** Admitted. These managers and supervisors set schedules and work conditions pursuant to policies set by Heritage's executives, specifically Ms. Franecke. For example, Ms. Franecke implemented a policy requiring breaks to last only 10 minutes and prohibiting TSRs from having food at their stations. Decl. Yasevich ¶ 22. Ms. Franecke set the call scripts Plaintiffs used to perform their job duties and set the policies determining how to place and end calls. Decl. Denney ¶ 19 ("any time they wanted to change our call script, our managers would have to get executive approval."); Decl. Cannon ¶ 23 ("we were told that you had to take three no's before you could end a call with a donor, and that Ms. Franeke was the one who established these rules with her mother back when they started the business."). Likewise, Ms. Franecke was personally responsible for the policy stating that Plaintiffs would not be paid for their time spent in switching computers and computer programs. Decl. Cannon ¶ 19 ("we were told that we wouldn't be paid for the extra time required to switch computers and that my managers specifically said it was being implemented because Ms. Franecke wanted it done that way."). Finally, Ms. Franecke exerted control over Plaintiffs' schedules by implementing a policy that required site managers to obtain approval on any overtime hours requested by employees at the call center. Decl. Grimes ¶ 20.

7. Franecke did not handle Plaintiffs' rates of pay or their method of payment.

**RESPONSE NO. 7:** Denied. As owner and CEO, Ms. Francke set policies that determined Plaintiffs' rates and methods of pay and signed Plaintiffs' paychecks. Decl.

Page 4 of 5
**Johnathan Yasevich, et al. v. The Heritage Company, Inc. and Sandra Franecke**
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Response to Statement of Undisputed Facts

Yasevich ¶ 15–16; Decl. Cannon ¶ 15–16; Decl. Denney ¶ 15–16; Decl. Grimes ¶ 14–15; Decl. Long ¶ 13; Decl. Williams ¶ 15–16.

8. Franecke did not maintain Plaintiffs' employment records.

**RESPONSE NO. 8:** Denied. As owner and CEO of Heritage, Ms. Franecke wrote protocols pertaining to hiring, firing and training employees, including the employee handbook. Decl. Yasevich ¶ 10–12, 14; Decl. Cannon ¶ 10–12, 14; Decl. Denney ¶ 10–11, 13; Decl. Grimes ¶ 13; Decl. Long ¶ 10–12; Decl. Williams ¶ 10–12, 14. Moreover, Ms. Franecke signed Plaintiffs' paychecks and her name therefore appears in employment records. Decl. Yasevich ¶ 15–16; Decl. Cannon ¶ 15–16; Decl. Denney ¶ 14–15; Decl. Grimes ¶ 14–15; Decl. Long ¶ 13; Decl. Long ¶ 15–16.

Respectfully submitted,

**JONATHAN YASEVICH, et al.,
Individually and on Behalf of
All Others Similarly Situated,
PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 5 of 5
Johnathan Yasevich, et al. v. The Heritage Company, Inc. and Sandra Franecke
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Response to Statement of Undisputed Facts