IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOHNATHAN YASEVICH, et al., Each
Individually and on Behalf of All Others Similarly                    PLAINTIFFS
Situated

CASE NO. 3:20-19-KGB

THE HERITAGE COMPANY, INC.,
and SANDRA FRANECKE                                                   DEFENDANTS

**RESPONSE TO MOTION TO SET ASIDE JOINT STIPULATION OF PARTIAL DISMISSAL WITHOUT PREJUDICE AND ORDER OF DISMISSAL RELATING THERETO**

COMES NOW Defendants, The Heritage Company, Inc. (hereinafter referred to as "THC") and Sandra Franecke (hereinafter referred to as "Franecke") and sometimes collectively referred to as "Defendants", by and through their attorneys, the Davidson Law Firm, and for their Response to Motion to Set Aside Joint Stipulation of Partial Dismissal Without Prejudice and Order of Dismissal Relating Thereto, state as follows:

1. Defendants admit that the parties engaged in mediation and that there were tentative settlement discussions that occurred. This issue has been thoroughly discussed by the Parties in previous filings. Defendants admit that ECF No. 28 was filed in this case which advised the Court that the parties had reached a settlement in principle, of course, the Parties could never come to a formal finalized settlement agreement and settlement ultimately failed.

2. Defendants deny the allegations made in Paragraph 2. ECF No. 28 makes no mention of dismissing certain Plaintiffs who had only WARN Act claims. ECF No. 29 is a Joint Stipulation of Partial Dismissal Without Prejudice. In ECF No. 29, the Parties told the Court, "Based on information exchanged during discovery and settlement negotiations, Defendants are exempt from

Response to Motion to Set Aside Joint Stipulation of Partial
Dismissal Without Prejudice and Order of Dismissal Relating
Thereto

Page **1** of **4**

liability under the WARN Act." Thus, the WARN Act Plaintiffs were dismissed because Plaintiffs acknowledged that these Plaintiffs had no actionable claim, not because of some alleged agreement.

3. Defendants deny the allegations made in Paragraph 3.

4. Defendants admit that ECF No. 30 is an Order of the Court. The Order stayed all remaining pre-trial deadlines and, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Court dismissed without prejudice the WARN Act claims of certain Plaintiffs. The Court also stated that the parties represented to the Court that these Plaintiffs asserted only WARN Act claims, that Defendants are exempt from liability under the WARN Act, and that these Plaintiffs therefore may be dismissed without prejudice from this action.

5. Defendants deny this allegation as it is directly contrary to what the Parties stated as the reason for the dismissal in ECF No. 30.

6. Defendants admit the allegations made in Paragraph 6.

7. Defendants deny the allegations made in Paragraph 7.

8. Defendants deny that they will not be prejudiced by the setting aside of the dismissal as the trial in this case is just over a month away and these former Plaintiffs have not been a part of this case for a year and a half. The discovery period has passed (May 24, 2023), and Defendants were unable to conduct any discovery regarding any of these former Plaintiffs as none of them were still in this lawsuit.

9. Defendants deny that the dismissed Plaintiffs would be prejudiced by a failure to reinstate their claims. They should have never moved to dismiss their claims if that were the case.

10. Defendants deny the WHEREFORE Paragraph of Plaintiffs' Motion.

Response to Motion to Set Aside Joint Stipulation of Partial Dismissal Without Prejudice and Order of Dismissal Relating Thereto

Page **2** of **4**

11. On June 9, 2023, the United States District Court for the Eastern District of Arkansas Office of the Clerk filed ECF No. 72, which is a Deficiency Letter regarding this Motion filed by Plaintiffs. The Clerk's office explained that Plaintiff's Motion was not accompanied by a supporting brief in accordance with Local Rule 7.2(a). As such, Plaintiffs' Motion should be denied.

12. A Brief in Support of this Motion is being filed contemporaneously herewith and is incorporated in this Motion as if fully set forth herein.

WHEREFORE, The Heritage Company, Inc. and Sandra Franecke respectfully request that the Court formally strike these documents from the record, ensure that the documents are removed from the Court's electronic filing system, require the docket entries be updated to reflect this Court's decision to order the removal of these filings from the PACER system, and order Plaintiffs to file the original documents under seal, and for all other just and proper relief to which they are entitled.

Respectfully submitted,

Charles Darwin "Skip" Davidson; ABN 73026
Nickolas W. Dunn, ABN 2019115
**DAVIDSON LAW FIRM**
724 Garland, Cantrell at State
P.O. Box 1300
Little Rock, AR 72201
(501) 320-5132
Fax: (501) 374-5917
E-mail: skipd@dlf-ar.com
          nickd@dlf-ar.com

**ATTORNEYS FOR DEFENDANTS**

Response to Motion to Set Aside Joint Stipulation of Partial Dismissal Without Prejudice and Order of Dismissal Relating Thereto

Page **3** of **4**

## CERTIFICATE OF SERVICE

I, Nickolas W. Dunn, do hereby certify that I have sent via:

☐ Hand Delivery
☐ Telefax
☐ Electronic mail
☐ U.S. Mail
☐ U.S. Mail, Certified, Return Receipt (as noted below)
☐ STATE CM/ECF System
☒ Federal Court ECF System (as noted below)

this **21st** day of **June 2023**, a true and complete copy of the forgoing to the following individuals:

**Josh Sanford**
**Daniel Ford**
SANFORD LAW FIRM, PLLC
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211

              Nickolas W. Dunn

Response to Motion to Set Aside Joint Stipulation of Partial Dismissal Without Prejudice and Order of Dismissal Relating Thereto

Page **4** of **4**