IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOHNATHAN YASEVICH, et al., Each
Individually and on Behalf of All Others Similarly             PLAINTIFFS
Situated

CASE NO. 3:20-19-KGB

THE HERITAGE COMPANY, INC.,
and SANDRA FRANECKE                                            DEFENDANTS

**BRIEF IN SUPPORT OF RESPONSE TO MOTION TO SET ASIDE JOINT STIPULATION OF PARTIAL DISMISSAL WITHOUT PREJUDICE AND ORDER OF DISMISSAL RELATING THERETO**

COMES NOW Defendants, The Heritage Company, Inc. (hereinafter referred to as "THC") and Sandra Franecke (hereinafter referred to as "Franecke") and sometimes collectively referred to as "Defendants", by and through their attorneys, the Davidson Law Firm, and for their Brief in Support of Response to Motion to Set Aside Joint Stipulation of Partial Dismissal Without Prejudice and Order of Dismissal Relating Thereto, state as follows:

## INTRODUCTION

On September 13, 2021, the Parties participated in mediation in the above-captioned matter. On September 19, 2021, the Parties filed ECF No. 28 which is a Joint Status Report and Notice of Settlement. It advised the Court that the parties had reached a settlement in principle. Of course, the Parties could never come to a formal finalized settlement agreement and settlement ultimately failed.

On October 18, 2021, the Parties filed ECF No. 29 which is a Joint Stipulation of Partial Dismissal Without Prejudice. In ECF No. 29, the Parties told the Court, "Based on information exchanged during discovery and settlement negotiations, Defendants are exempt from liability

Brief in Support of Defendants' Response to Motion to Set Aside                                   Page **1** of **4**
Joint Stipulation of Partial Dismissal Without Prejudice and Order of
Dismissal Relating Thereto

under the WARN Act." Thus, the WARN Act Plaintiffs were dismissed because Plaintiffs acknowledged that these Plaintiffs had no actionable claim, not because of some alleged agreement as the Plaintiffs claim.

On June 8, 2023, over a year and a half after these Plaintiffs were dismissed, after the discovery period in this case has closed, and just over a month before trial, Plaintiffs have requested that the Joint Stipulation dismissing the WARN Act Plaintiffs be set aside. Defendants deny that this is appropriate.

On June 9, 2023, the United States District Court for the Eastern District of Arkansas Office of the Clerk filed ECF No. 72, which is a Deficiency Letter regarding this Motion filed by Plaintiffs. The Clerk's office explained that Plaintiff's Motion was not accompanied by a supporting brief in accordance with Local Rule 7.2(a). Thus, their Motion should be denied.

## **LEGAL ANALYSIS**

Plaintiffs' Motion should be denied, otherwise, Defendants will be greatly prejudiced. The WARN Act Plaintiffs were dismissed from this case on November 10, 2021. The discovery deadline in this case was May 24, 2023. More than two weeks after the discovery deadline, Plaintiffs have now requested that this Court bring back the Plaintiffs that were dismissed over a year and a half ago.

As these Plaintiffs were dismissed long ago, Defendants have conducted no discovery about these Plaintiffs. Defendants sent out written discovery requests for information to all remaining Plaintiffs on September 29, 2022. None of the former Plaintiffs were subject to those discovery requests, however, because they were no longer parties. As the discovery period has now passed, Defendants cannot propound any discovery on these former Plaintiffs if they were allowed to be rejoined in this lawsuit. Such a situation would be obviously unfair to Defendants.

Brief in Support of Defendants' Response to Motion to Set Aside  Page **2** of **4**
Joint Stipulation of Partial Dismissal Without Prejudice and Order of
Dismissal Relating Thereto

If Plaintiffs wanted to bring back these former Plaintiffs, they had ample time to do so. They could have done so at any time after settlement negotiations broke down. They could have done so when this Court affirmed that no settlement had been reached. They choose not to do so. Accordingly, the Court should consider this request too late.

In addition to the prejudice this request would cause, the logic behind it is contrary to the previous filings in this case. Plaintiffs allege that these former Plaintiffs were dismissed because of some settlement agreement between the parties. In the first place, there never was a settlement agreement between the parties as the Court has previously ruled. Instead, the reason for the dismissal can be found in ECF No. 29 which states, "Based on information exchanged during discovery and settlement negotiations, Defendants are exempt from liability under the WARN Act." Thus, the WARN Act Plaintiffs were dismissed because Plaintiffs acknowledged that these Plaintiffs had no actionable claim, not because of some alleged agreement. To allow the Plaintiffs to blatantly change their position now this late in the case would greatly prejudice Defendants.

Finally, on June 9, 2023, the United States District Court for the Eastern District of Arkansas Office of the Clerk filed ECF No. 72, which is a Deficiency Letter regarding this Motion filed by Plaintiffs. The Clerk's office explained that Plaintiff's Motion was not accompanied by a supporting brief in accordance with Local Rule 7.2(a). As such, Plaintiffs' Motion should be denied.

## **CONCLUSION**

As Plaintiffs' Motion would cause great prejudice to Defendants and has run afoul of Local Rule 7.2(a) it should be denied.

Brief in Support of Defendants' Response to Motion to Set Aside
Joint Stipulation of Partial Dismissal Without Prejudice and Order of
Dismissal Relating Thereto

Page **3** of **4**

        Respectfully submitted,

        Charles Darwin "Skip" Davidson; ABN 73026
        Nickolas W. Dunn, ABN 2019115
        **DAVIDSON LAW FIRM**
        724 Garland, Cantrell at State
        P.O. Box 1300
        Little Rock, AR 72201
        (501) 320-5132
        Fax: (501) 374-5917
        E-mail: skipd@dlf-ar.com
                nickd@dlf-ar.com

        **ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I, Nickolas W. Dunn, do hereby certify that I have sent via:

    ☐ Hand Delivery
    ☐ Telefax
    ☐ Electronic mail
    ☐ U.S. Mail
    ☐ U.S. Mail, Certified, Return Receipt (as noted below)
    ☐ STATE CM/ECF System
    ☒ Federal Court ECF System (as noted below)

this **21st** day of **June 2023**, a true and complete copy of the forgoing to the following individuals:

**Josh Sanford**
**Daniel Ford**
SANFORD LAW FIRM, PLLC
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211

        Nickolas W. Dunn

Brief in Support of Defendants' Response to Motion to Set Aside Joint Stipulation of Partial Dismissal Without Prejudice and Order of Dismissal Relating Thereto

Page 4 of 4