IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JOHNATHAN YASEVICH, et al.,**             **PLAINTIFFS**
Each Individually and on Behalf
of All Others Similarly Situated

vs.            No. 3:20-cv-19-KGB

**THE HERITAGE COMPANY, INC.,**            **DEFENDANTS**
and SANDRA FRANECKE

**REPLY IN SUPPORT OF MOTION TO SET ASIDE JOINT STIPULATION OF PARTIAL DISMISSAL WITHOUT PREJUDICE AND ORDER OF DISMISSAL RELATING THERETO AND INCORPORATED BRIEF IN SUPPORT**

    This Court should grant Plaintiffs' Motion to Set Aside because principles of fairness and law require that the voluntarily-dismissed Plaintiffs' WARN Act claims be reinstated. Setting aside their dismissal would not prejudice Defendants while also allowing the dismissed claims to be properly adjudicated at trial at the same time as the identical WARN Act claims of the more than fifty Plaintiffs remaining in the case.

    First, Defendant argues that the Plaintiffs in question were not dismissed because of a tentative settlement agreement, but instead because of a voluntary merits-based decision. This is patently untrue: Paragraph 5 of the "Settlement Term Sheet" that both Parties signed through counsel, not attached here due to Defendants' previously expressed confidentiality concerns, explicitly dictates the manner in which these non-Telephone Sales Representative Plaintiffs' claims will be handled. It was a literal term included in the term sheet, and Plaintiffs certainly would not have agreed to it absent other consideration in the form of the tentative settlement agreement. Because that

Page 1 of 3
Johnathan Yasevich, et al. v. The Heritage Company, et al.
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Reply in Support of Motion to Set Aside

consideration was never provided and the settlement agreement never finalized, actions taken in reliance upon the agreement, specifically the dismissal requested in ECF No. 29 and granted in ECF No. 30, should be set aside.

Second, Defendants argue that they will be prejudiced by the setting aside of this dismissal because of the timing of the request and their failure to conduct discovery on these individuals. This prejudice, however, is both nonexistent and of Defendants' own making. The claims that Plaintiffs seek reinstated are identical in every way to the WARN Act claims of the fifty-plus Plaintiffs on whom Defendants *did* conduct written discovery. The only potential difference is the pay rate or full-time/part-time status that would be used to calculate damages, but this information is already contained in documents produced by Defendants throughout the litigation and the dismissed Plaintiffs' participation in discovery is unnecessary to provide that information. Accordingly, the "missed opportunity" that Defendants claim prejudices them is merely a missed opportunity to conduct redundant discovery that would be a waste of time and resources for all parties involved.

Furthermore, had Defendants actually wished to conduct discovery on these Plaintiffs, they could have done so during the initial full discovery period leading up to the settlement conference that gave rise to the dismissal term at issue in this Motion. They did not, and to now claim prejudice for not being able to do so is disingenuous. The actual prejudice in this situation is felt solely by the Plaintiffs who were dismissed in reliance on a tentative agreement that Defendants did not finalize as anticipated.

Third, Defendants seem to argue that a deficiency notice from the clerk related to this Motion warrants denial in and of itself. This meritless argument ignores the fact that

Page 2 of 3
Johnathan Yasevich, et al. v. The Heritage Company, et al.
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Reply in Support of Motion to Set Aside

Plaintiffs immediately corrected their mistake and included an Incorporated Brief in Support in an updated version of the Motion, which the clerk accepted and substituted as the operative document. Denial of this Motion for a procedural misstep that was immediately corrected would be an overly harsh sanction unsupported by law, and this Court should decline to do so.

In conclusion, this Court should set aside the Parties' Joint Stipulation of Partial Dismissal Without Prejudice (ECF No. 29) and Order of Dismissal Relating Thereto (ECF No. 30). Defendant would not be prejudiced, and principles of fairness, judicial economy and reliance warrant reinstatement of the claims in question.

Respectfully submitted,

**JOHNATHAN YASEVICH,**
**et al., PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 3 of 3
Johnathan Yasevich, et al. v. The Heritage Company, et al.
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Reply in Support of Motion to Set Aside