IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOHNATHAN YASEVICH, et al., Each
Individually and on Behalf of All Others Similarly        PLAINTIFFS
Situated

CASE NO. 3:20-19-KGB

THE HERITAGE COMPANY, INC.,
and SANDRA FRANECKE                                       DEFENDANTS

BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE

COMES NOW Defendants, The Heritage Company, Inc. (hereinafter referred to as "THC") and Sandra Franecke (hereinafter referred to as "Franecke") and sometimes collectively referred to as "Defendants", by and through their attorneys, the Davidson Law Firm, and for their Brief in Support of Defendants' Motion in Limine ("Motion"), state as follows:

## INTRODUCTION

The Heritage Company began around 60 years ago. Heritage grew to be one of the leading professional telephone fundraisers for non-profit charities in the nation, one of Arkansas's largest private employers, and the primary source of financial support for over 180 of America's greatest charities.

In late 2019, Heritage suffered a cyber security attack and ultimately, due to the crippling effects of the attack, had to shut its doors. On January 22, 2020, Plaintiffs filed the present action against Heritage and Franecke individually alleging violations of the Fair Labor Standards Act ("FLSA"), the Arkansas Minimum Wage Act ("AMWA"), and the Worker Adjustment and Retraining Notification Act ("WARN Act"). On February 28, 2020, Plaintiffs filed their First Amended and Substituted Complaint—Class and Collective Action against Defendants.

Specifically, Plaintiffs request declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs and a reasonable attorney's fee as a result of Defendants' alleged failure to pay Plaintiffs overtime wages as required by the FLSA and AMWA, and as a result of Defendants' alleged failure to provide sufficient notice of mass layoffs or plant closure as required by the WARN Act. Plaintiffs claim that Franecke, an officer and owner of Heritage, managed and controlled the day-to-day operations of Heritage, including the decision not to pay Plaintiff employees' overtime. **First Amended and Substituted Complaint, ¶¶ 11-12.**

Defendants anticipate that Plaintiffs may attempt to present certain inadmissible evidence during the trial in this matter. As such, Defendants bring their Motion before the Court in order to reduce rulings on the admissibility of such evidence as it arises during the trial.

## LEGAL ANALYSIS

Typically, a motion in limine is used to determine the admissibility of evidence at trial; this type of ruling is based upon a hypothesis as to how the evidence will be presented. *Aerotronics, Inc. v. Pneumo Abex Corp.*, 62 F.3d 1053, 1066. The Defendants respectfully request this Court to rule that the Plaintiffs be disallowed from attempting to introduce evidence of the following subjects.

> **a. Any information or exhibits that have not been disclosed by Plaintiffs in their responses to the written discovery or via the depositions in this matter.**

Fed. R. Civ. P. 26(a)(1) states that a party must provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

>(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;

Federal R. Civ. P. 26(a)(3) states in addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:

>**(i)** the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises;
>
>**(ii)** the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and
>
>**(iii)** an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises.

If a party fails to provide information . . . as required by Rule 26(a), then the party may not use that information at trial, unless the failure was substantially justified or is harmless. *Zick v. Paccar, Inc.*, 47 F.4th 672, 677. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed R. Civ. P. 37. To the extent that the Plaintiffs have failed to provide information as required by Rule 26(a), whether it be via a written discovery request or in some other fashion, then they should be excluded from introducing it at trial.

> **b. Any cause of action, claim, defense, or element of damage not properly pleaded and subjected to discovery or not properly before the Court as finder of fact. As well as any matters irrelevant to any properly pleaded claims.**

Fed. R. Evid. 401 states that evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 402 states, in relevant part, that irrelevant evidence is not admissible. The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

On January 22, 2020, Plaintiffs filed the present action against Heritage and Franecke individually alleging violations of the Fair Labor Standards Act ("FLSA"), the Arkansas Minimum Wage Act ("AMWA"), and the Worker Adjustment and Retraining Notification Act ("WARN Act"). On February 28, 2020, Plaintiffs filed their First Amended and Substituted Complaint—Class and Collective Action against Defendants.

Specifically, Plaintiffs request declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs and a reasonable attorney's fee as a result of Defendants' alleged failure to pay Plaintiffs overtime wages as required by the FLSA and AMWA, and as a result of Defendants' alleged failure to provide sufficient notice of mass layoffs or plant closure as required by the WARN Act. Plaintiffs claim that Franecke, an officer and owner of Heritage, managed and controlled the day-to-day operations of Heritage, including the decision not to pay Plaintiff employees' overtime. **First Amended and Substituted Complaint, ¶¶ 11-12.**

There should not be allowed any proposed evidence presented by the Plaintiffs of other causes of action, claims, defenses, or element of damage not properly pleaded and subjected to discovery or not properly before the Court as finder of fact. Additionally, any proposed evidence

not related to the claims pleaded by Plaintiffs should be deemed irrelevant and not admissible in accordance with Fed. R. Evid. 401-403.

**c. Any hearsay as defined by Fed. R. Evid. 801 and not subject to a valid exception.**

Fed. R. Evid. 802 states that hearsay is not admissible evidence unless there is a valid exception to the rule. To the extent that Plaintiffs intend to introduce hearsay evidence without a valid exception to the rule, Defendants request that the Court deem such proposed evidence inadmissible.

**d. Any mention or reference to transactions or communications, including but not limited to letter, emails, text messages, etc., between Defendants and Defendants' attorneys, including conversations and all transactions related thereto, for which Defendants claim the attorney-client privilege.**

Fed. R. Evid. 501 states the common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege unless any of the following provides otherwise:

- the United States Constitution;
- a federal statute; or
- rules prescribed by the Supreme Court.

Under Arkansas law, a client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (1) between himself or his representative and his lawyer or his lawyer's representative, (2) between his lawyer and the lawyer's representative, (3) by him or his representative or his lawyer or a representative of the lawyer to a lawyer or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein, (4) between representatives of the client or between the client and a

representative of the client, or (5) among lawyers and their representatives representing the same client. Ark. R. Evid. 502.

To the extent that the Plaintiffs intend to introduce any evidence of privileged communications between Defendants and their attorneys, Defendants respectfully request the Court to prohibit Plaintiffs from attempting to do so.

> **e. Any mention or reference to Defendants' offering or promising to furnish any valuable consideration to compromise or attempt to compromise the claims made in the lawsuit which are disputed both as to validity and amount, together with any mention or reference of conduct or statements made in settlement negotiations.**

Fed. R. Evid. 408 states evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

> **(1)** furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and
>
> **(2)** conduct or a statement made during compromise negotiations about the claim—except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

To the extent that the Plaintiffs intend to introduce any evidence of settlement discussions between the parties, Defendants respectfully request the Court to prohibit Plaintiffs from attempting to do so.

> **f. Plaintiffs and any witnesses should be prevented from testifying to any opinion not rationally based on the perception of the witness such as any allusion to a legal standard or conclusion as to the reasonableness or contractual compliance of any act of the Defendants.**

Fed. R. Evid. 602 states a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed. R. Evid.

701 states if a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

(a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

The Plaintiffs have not identified any expert witnesses that may testify as a witness in this matter. The Federal Rules of Evidence are clear that a lay witness may not testify beyond their personal perception of an event or events. As such, Plaintiffs should be prevented from presenting any testimony to any opinion not rationally based on the perception of the witness testifying such as any allusion to a legal standard or conclusion as to the reasonableness or contractual compliance of any act of the Defendants.

**g. Plaintiffs should be prevented from introducing at trial any testimony or evidence, outside of the document itself, that attempts to explain the meaning of a term(s) in a document.**

Plaintiffs should be prevented from introducing at trial any testimony or evidence as to the meaning of a document or a term within it. the parol evidence rule is that when competent parties enter into a contract and incorporate the terms of their agreement into a plain and unambiguous written instrument, parol evidence of prior negotiations, representations, promises or understandings is not admissible for the purpose of varying or contradicting the terms of the written instrument. *Starling v. Valmac Industries, Inc.*, 589 F.2d 382, 386.

To the extent that any document involved in this case constitutes a contract between the parties, the Plaintiffs should be barred from presenting evidence as to the meaning of any term within the document or the meaning of the document itself.

> **h. Counsel for Plaintiffs should be prevented from making any arguments on an issue that is not going to be supported by facts introduced into evidence.**

Opening statements by counsel should be limited to statements that counsel for Plaintiffs has a good faith belief will be supported by facts to be introduced into evidence. Closing arguments should be limited to issues supported by the evidence that was previously admitted by the Court during the trial. Anything beyond those bounds would be inappropriate and should be prohibited by the Court.

> **i. Plaintiffs should be prevented from eliciting any expert testimony as no expert witnesses have been disclosed by Plaintiffs.**

Plaintiffs should be prevented from eliciting any expert testimony as no expert witnesses have been disclosed by Plaintiffs. Fed. R. Civ. P. 26 states that in addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

Plaintiffs have not disclosed via mandatory disclosures nor through discovery any expert witness testimony they plan to present at trial. As such, Plaintiffs should be prevented from doing so.

> **j. Plaintiffs should be prevented from making any reference to any alleged actions of Defendants that would have occurred prior to the statute of limitations involved in this case.**

Fed. R. Evid. 401 states that evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 402 states, in relevant part, that irrelevant evidence is not admissible. The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

The statute of limitations for a cause of action under the FLSA is two years, except for causes of action arising out of a willful violation and in that case, the statute of limitations is three years after the cause of action accrued. 29 U.S.C.S. § 255.\

The statute of limitations for causes of action under the AMWA is two years. A.C.A. § 11-4-218. There is no specified statute of limitations in the WARN Act. In *North Star Steel Co. v. Thomas*, 132 L. Ed. 2d 27, 115 S. Ct. 1927, 1931 (1995), the Supreme Court of the United States held that federal courts should apply the most appropriate state statute of limitations to WARN claims. *Aaron v. Brown Grp.*, 80 F.3d 1220, 1223 (8th Cir. 1996).

Any evidence that the Plaintiffs anticipate presenting at trial should be limited to the applicable statutes of limitations for the causes of actions they have brought in this case. Anything outside of that would be irrelevant and inadmissible under F.R.E. 401, 402, and 403.

### k. Plaintiffs should be prevented from introducing any testimony or evidence of other lawsuits the Defendants have been in or of which they are currently participating.

Fed. R. Evid. 401 states that evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 402 states, in relevant part, that irrelevant evidence is not admissible. The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

The introduction of evidence regarding any other lawsuit in which the Defendants are a part of would be irrelevant to the issues currently before this Court. In addition, any probative value of said evidence would create unfair prejudice, would confuse the issues, create undue delay, and waste time. As such, this Court should prevent the Plaintiffs from eliciting any testimony or providing any evidence of any other lawsuits involving the Defendants.

### l. Plaintiffs should be prevented from introducing testimony or evidence regarding the hours worked of other Plaintiffs or wages earned by other Plaintiffs as it relates to this lawsuit.

Plaintiffs should be prevented from introducing testimony or evidence regarding the hours worked of other Plaintiffs or wages earned by other Plaintiffs as it relates to this lawsuit. Such proposed testimony or evidence would be inadmissible hearsay and beyond the personal knowledge of the separate Plaintiffs.

Fed. R. Evid. 602 states a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. If a Plaintiff witness does not have specific knowledge as to what hours or the amount of hours another Plaintiff worked, what hours that other Plaintiff allegedly was not paid for, or the wage of that other Plaintiff, then this Court should not allow the Plaintiff witness to testify to such matters.

Additionally, Fed. R. Evid. 802 states that hearsay is not admissible evidence unless there is a valid exception to the rule. Plaintiff witnesses should be disallowed from testifying as to what someone else told them about the hours or the amount of hours another Plaintiff worked, what hours that other Plaintiff allegedly was not paid for, or the wage of that other Plaintiff.

### m. Plaintiffs should be prevented from eliciting statements attributable to Defendants allegedly made to Plaintiffs by unknown speakers.

Plaintiffs should be prevented from eliciting statements attributable to Defendants allegedly made to Plaintiffs by unknown speakers. Defendants anticipate that Plaintiffs will attempt to attribute statements to the Defendants, particularly Ms. Franecke, that were allegedly made to Plaintiffs by some unknown speaker. This is double hearsay and no exception to the hearsay rule exists for both instances of hearsay.

Hearsay included within hearsay is not excluded under the hearsay rule if *each* part of the combined statements conforms with an exception to the hearsay rule provided in these rules. Fed. R. Evid. 805. (emphasis added).

Declarations of unidentified persons are rarely admitted. *Carden v. Westinghouse Elec. Corp.*, 850 F.2d 996, 1003 (3d Cir. 1988). Part of a statement which contains a reiteration of what someone told him is ***not admissible as an admission by party-opponent if the author of the statement is unknown***. *Id.* (citing *Cedeck v. Hamiltonian Federal Savings and Loan Association*, 551 F.2d 1136 (8th Cir. 1977) (emphasis added). This is undoubtedly due in part to the heavy burden which rests on the proponent of the evidence to satisfy evidentiary and trustworthiness requirements. *Id.*

This is exactly the type of evidence the Plaintiffs will try to present at trial in this case. In the affidavits of the Plaintiffs attached to their Response to Defendants' Motion for Partial Summary Judgment (Doc. 73), they provide double hearsay statements they wish to attribute to Ms. Franecke made by unidentified speakers. The *Cedeck* case makes it clear that this double hearsay is inadmissible due to its unreliability and untrustworthiness. This Court should not allow it.

> **n. Plaintiffs should be prevented from introducing the damage calculation they provided on May 31, 2023, which was part of their Second Supplemental Initial Disclosures Pursuant to Rule 26(a)(1).**

Plaintiffs should be prevented from introducing the damage calculation they provided on May 31, 2023, which was part of their Second Supplemental Initial Disclosures pursuant to Rule 26(a)(1). This calculation is attached as Exhibit A to Defendants' Motion in Limine.

This calculation should be prevented from being introduced to the blatant inaccuracy of it and the great threat of confusion its admission would cause. On its face, the document contains

several obvious defects that should never be considered by this Court in calculating Plaintiffs' alleged damages.

The first issue is that it lists the following individuals as "Plaintiffs" that should be considered when calculating alleged damages, despite the fact that these individuals were either never named as Plaintiffs in this lawsuit or have been dismissed as Plaintiffs: Jessica Coffer, Sherri Denney, Danielle Gross, Heath Hatcher, Christine Jones, Aimee Milam, Tiauna Murphy, Charlotte Norman, Stephen Parnell, Kadi Stonecipher, Corey Throgmartin, Ashley Watts, Heather Whitener, Bertha Williams, Lillian Wilson, Michael Brown, Gary Dozier, Dynastiee Lewis, and Maureen Singleton.

There are also several individuals mentioned in this calculation that were salaried employees who would not have qualified to make a claim under the FLSA or AMWA. As such, they should not be added to the damage calculation.

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. The clear lack of reliability and accuracy of this document must make it inadmissible.

Additionally, this document's admissibility via testimony of a singular witness is highly unlikely to be admissible as no single Plaintiff can, based upon his or her own personal knowledge, testify as to all the calculations made within the document, as it makes conclusions as to the alleged damages of multiple Plaintiffs (and some individuals who are not Plaintiffs).

For the reasons stated, this Court should bar the admission of Plaintiffs' damage calculation that was provided in their Second Supplemental Initial Disclosures pursuant to Rule 26(a)(1).

## CONCLUSION

For the reasons stated above, Defendants request that this Court grants it Motion in Limine and for all other just and proper relief to which they are entitled.

Respectfully submitted,

Charles Darwin "Skip" Davidson; ABN 73026
Nickolas W. Dunn, ABN 2019115
**DAVIDSON LAW FIRM**
724 Garland, Cantrell at State
P.O. Box 1300
Little Rock, AR 72201
(501) 320-5132
Fax: (501) 374-5917
E-mail: skipd@dlf-ar.com
nick.dunn@dlf-ar.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I, Charles D. Davidson, do hereby certify that I have sent via:

☐ Hand Delivery
☐ Telefax
☐ Electronic mail
☐ U.S. Mail
☐ U.S. Mail, Certified, Return Receipt (as noted below)
☐ STATE CM/ECF System
☒ Federal Court ECF System (as noted below)

this 25th day of November 2023, a true and complete copy of the forgoing to the following individuals:

**Sean Short**
**Daniel Ford**
SANFORD LAW FIRM, PLLC
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211

Nickolas W. Dunn
