IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JOHNATHAN YASEVICH, et al.,**                                    **PLAINTIFFS**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.                              No. 3:20-cv-19-KGB

**THE HERITAGE COMPANY, INC.,**                                    **DEFENDANTS**
**and SANDRA FRANECKE**

### PLAINTIFFS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiffs Johnathan Yasevich, et al., individually and on behalf of all others similarly situated, by and through their attorneys of the Sanford Law Firm, PLLC, and for their Proposed Findings of Fact and Conclusions of Law, do hereby state as follows:

### I.      PROPOSED FINDINGS OF FACT

1.      Defendant The Heritage Company, Inc. ("Heritage") is a domestic for-profit corporation, registered and licensed to do business in the State of Arkansas.

2.      Defendant Sandra Franecke ("Franecke") is and was the owner, principal, officer, and director of The Heritage Company, Inc.

3.      Franecke managed and controlled the day-to-day operations of The Heritage Company, Inc., including but not limited to the decision on how to pay Plaintiffs.

4.      Franecke, at all relevant times, exercised supervisory authority over Plaintiffs in relation to their work schedules, pay policy and the day-to-day job duties that Plaintiffs' jobs entailed.

Page 1 of 13
Johnathan Yasevich, et al. v. The Heritage Company, et al.
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Plaintiffs' Proposed Findings of Fact and Conclusions of Law

5.     During each of the three years preceding the filing of the Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

6.     At all relevant times, Defendants continuously employed at least four (4) employees.

7.     At all relevant times, Defendants' annual gross volume of sales made or business done has exceeded $500,000.00 per year.

8.     Within the three years preceding the filing of Plaintiffs' Complaint, Defendants owned and operated call-centers throughout Arkansas.

9.     Plaintiff Yasevich worked as a TSR for Defendant from October of 2014 to December of 2019.

10.    Plaintiff Ronald Denney worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

11.    Plaintiff Holmes worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

12.    Plaintiff Nelson worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

**Page 2 of 13**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiffs' Proposed Findings of Fact and Conclusions of Law**

13.     Plaintiff Rose worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

14.     Plaintiff Amaya worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

15.     Plaintiff Anderson worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

16.     Plaintiff Brown worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

17.     Plaintiff Burdess worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

18.     Plaintiff Byrd worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

19.     Plaintiff Cannon worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

**Page 3 of 13**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiffs' Proposed Findings of Fact and Conclusions of Law**

20.     Plaintiff Chagala worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

21.     Plaintiff Crowe worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

22.     Plaintiff Ronnie Denney worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

23.     Plaintiff Dickerson worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

24.     Plaintiff Dunbar worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

25.     Plaintiff Fisher worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

26.     Plaintiff Followell worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

**Page 4 of 13**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiffs' Proposed Findings of Fact and Conclusions of Law**

27.     Plaintiff Gammons worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

28.     Plaintiff Goodrum worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

29.     Plaintiff Gray worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

30.     Plaintiff Gurnsey worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

31.     Plaintiff Hayes worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

32.     Plaintiff Hensley worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

33.     Plaintiff Alison Jackson worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

**Page 5 of 13**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiffs' Proposed Findings of Fact and Conclusions of Law**

34.     Plaintiff Laquisha Jackson worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

35.     Plaintiff Arnell Jones worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

36.     Plaintiff Chastiee Jones worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

37.     Plaintiff Lisko worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

38.     Plaintiff Long worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

39.     Plaintiff McMullen worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

40.     Plaintiff Charles Perry worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

**Page 6 of 13**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiffs' Proposed Findings of Fact and Conclusions of Law**

41.     Plaintiff Laura Perry worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

42.     Plaintiff Reid worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

43.     Plaintiff Rice worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

44.     Plaintiff Smith worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

45.     Plaintiff Stell worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

46.     Plaintiff Thomason worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

47.     Plaintiff Todd worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

Page 7 of 13
Johnathan Yasevich, et al. v. The Heritage Company, et al.
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Plaintiffs' Proposed Findings of Fact and Conclusions of Law

48.     Plaintiff Underwood worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

49.     Plaintiff Weeks worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

50.     Plaintiff Welch worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

51.     Plaintiff Chanell Williams worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

52.     Plaintiff Wilmoth worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

53.     Plaintiff Wallis Wilson worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

54.     Plaintiff Wood worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

Page 8 of 13
Johnathan Yasevich, et al. v. The Heritage Company, et al.
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Plaintiffs' Proposed Findings of Fact and Conclusions of Law

55.     Plaintiff Woods worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

56.     Plaintiff Wyman worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

57.     Plaintiff Zamudio worked as a TSR for Defendant within the three-years preceding the filing of this lawsuit and was employed by Defendant on or around December 20, 2019, when Defendant closed the facility without notice.

58.     All non-TSR Plaintiffs, including Plaintiffs Kristin Costner, Adam Followell, Katrina Grimes, Katie Reed, Ruby Walton, Ashley West, and Andrew West were employed by Defendants on or around December 20, 2019, when Defendant closed the facility without notice.

59.     On or around December 22, 2019, Defendants closed their call centers and sent all employees home. Defendants' employees had no warning that the call centers were closing.

60.     Plaintiffs never received written notice of the closure of Defendants' call centers.

61.     Defendants had known for more than two months prior to the shut down of any hacking or "cyber attack" that allegedly occurred, but still did not provide any notice of a possible or certain shut down.

62.     TSR Plaintiffs were paid hourly and primarily responsibility for providing telemarketing services for Defendants.

**Page 9 of 13**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiffs' Proposed Findings of Fact and Conclusions of Law**

63.    Defendants had a policy of not paying its TSR employees for time spent not logged into a computer system.

64.    Defendants did not pay TSR Plaintiffs any overtime premiums for any hours that were not spent logged into a computer system, even if they were working during that time.

65.    Defendants did not maintain accurate records of hours worked by TSR Plaintiffs.

66.    At all relevant times, Defendants knew TSR Plaintiffs were consistently working overtime hours each week.

67.    At all relevant times, Defendants knew the FLSA required payment of an "overtime premium" for all hours worked over forty per week.

68.    At all relevant times, Defendants knew or should have known that Plaintiffs did not qualify for any exemption to the overtime wage requirements of the FLSA.

69.    At all relevant times, Defendants knew they were not paying the overtime premium required under the FLSA.

70.    Defendants did not take any affirmative steps to comply with the FLSA.

71.    Defendants had no objective or subjective reason for believing they were in compliance with the FLSA.

## II.    PROPOSED CONCLUSIONS OF LAW

1.    The Heritage Company, Inc., is a covered employer under the FLSA, the AMWA and the WARN Act.

2.    Franecke is a covered employer under the FLSA and the AMWA.

**Page 10 of 13**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiffs' Proposed Findings of Fact and Conclusions of Law**

3.      Plaintiffs were covered employees under the FLSA, the AMWA and the Warn Act.

4.      Defendants are jointly and severally liable as joint employers under the FLSA and the AMWA.

5.      Plaintiffs were non-exempt employees entitled to the rights and benefits of employees under the FLSA and the AMWA throughout their tenure with Defendants.

6.      The FLSA requires that an employee receive a minimum wage for all hours worked up to forty each week and overtime wages of one and one-half times the employee's regular rate for all hours worked in excess of forty per week.

7.      Defendants did not meet their burden of proving that TSR Plaintiffs qualified for an exemption from the overtime requirements of the FLSA and the AMWA.

8.      Defendants violated the FLSA and the AMWA by not paying TSR Plaintiffs overtime wages of one and one-half times their regular rate for all hours worked in excess of forty per week.

9.      As Defendants' records of Plaintiff's hours worked are inaccurate, Plaintiff is entitled to prove his time worked by stating to the best of his recollection the approximate amount of hours worked. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

10.      Defendants have not met their burden of negating Plaintiff's good faith estimates regarding the approximate number of hours worked by Plaintiffs. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).

11.      Defendants' violation of the FLSA was willful; therefore, the three-year limitations period of the FLSA applies to Plaintiff's claims. 29 U.S.C. § 255(a).

12.      Defendants are liable to TSR Plaintiffs for their back wages of $346,141.69.

**Page 11 of 13**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiffs' Proposed Findings of Fact and Conclusions of Law**

13.     Defendant The Heritage Company, Inc., is liable to Plaintiffs $376,574.92 in compensatory damages for violations of the WARN Act.

14.     Plaintiffs are entitled to liquidated damages in an amount equal to their damages set forth above as authorized by the FLSA and the AMWA because Defendants did not demonstrate that their actions in failing to properly compensate Plaintiff were in good faith and with reasonable grounds.

15.     Because Defendants carry the burden of proving good faith for liquidated damages purposes, liquidated damages are awarded as Defendants' decisions were not made in both objective and subjective good faith.

16.     Plaintiffs have incurred attorney's fees in an effort to assert their rights under the FLSA and the AMWA, and by law such reasonable attorney's fees should be paid by Defendants.

17.     Plaintiffs have incurred costs in an effort to assert their rights under the FLSA, the AMWA, and by law those costs should be paid by Defendants.

18.     In total, Defendants are jointly and severally liable to Plaintiffs, and this Court renders judgment as follows:

19.     Defendants are liable to TSR Plaintiffs for his back wages of $346,141.69, and for their liquidated damages of $346,141.69, for a total of $692,283.38.

20.     Defendant The Heritage Company, Inc., is liable to Plaintiffs $376,574.92 in compensatory damages.

21.     Defendants are also liable to Plaintiffs for their reasonable attorney's fees and costs, which will be requested by petition within the time required by the Federal Rules of Civil Procedure and Local Rules of this Court.

**Page 12 of 13**
**Johnathan Yasevich, et al. v. The Heritage Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB**
**Plaintiffs' Proposed Findings of Fact and Conclusions of Law**

Respectfully submitted,

**PLAINTIFFS JOHNATHAN YASEVICH,
et al., Each individually and on
Behalf of All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 13 of 13
Johnathan Yasevich, et al. v. The Heritage Company, et al.
U.S.D.C. (E.D. Ark.) No. 3:20-cv-19-KGB
Plaintiffs' Proposed Findings of Fact and Conclusions of Law