IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOHNATHAN YASEVICH, et al., Each
Individually and on Behalf of All Others Similarly            **PLAINTIFFS**
Situated

CASE NO. 3:20-cv-19-KGB

THE HERITAGE COMPANY, INC.,
and SANDRA FRANECKE                                            **DEFENDANTS**

**DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

COMES NOW Defendants, The Heritage Company, Inc. (hereinafter referred to as "THC") and Sandra Franecke (hereinafter referred to as "Franecke") and sometimes collectively referred to as "Defendants", by and through their attorneys, the Davidson Law Firm, and for their Proposed Findings of Fact and Conclusions of Law, state:

**PROPOSED FINDINGS OF FACT**

1. Defendant THC is a domestic Arkansas corporation.

2. Defendant Franecke is an individual who owns an interest in THC.

3. Plaintiffs are former employees of THC.

4. THC began approximately sixty (60) years ago in Arkansas. THC is a professional telephone fundraiser for non-profit charities. The Plaintiffs worked in the following areas: call centers performing marketing calls in order to raise funds for these charities; administrative areas of THC; or in invoicing, collecting, or design of marketing. There are two classifications of Plaintiffs, telemarketing sales representatives ("TSR") and non-TSR.

5. Defendant THC was hit with a cyber-attack on October 15, 2019. This cyber-attack shut down their systems. Immediately a company was hired to handle the ransom communication.

6. After the ransom was paid, the systems did not come back up and another company was hired to get the systems operating again and promised to do so within days. THC remained open and paid employees through this time leaving the company unsuccessful in its business affairs.

7. Unfortunately, due to the cyber-attack, THC was forced to shut down based on the emergency imposed and therefore was not able to provide 60 days warning to its employees.

8. THC provided notice of the shutdown to its employees as soon as practicable.

9. After Heritage was forced to close its doors, The TSR Plaintiffs sued for violations of Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA").

10. TSR Plaintiffs also sued for violations of the Arkansas Minimum Wage Act. ("AMWA") Ark. Code Ann. §11-4-201 et. seq.

11. TSR and non-TSR Plaintiffs have sued for violations to the Worker Adjustment and Retraining Act 29 U.S.C. § 2101 et. seq. ("WARN").

12. TSR and non-TSR Plaintiffs have sued Franecke for personal liability for the funds they claim are owed.

13. Franecke did not manage or control the day-to-day operations of THC, make decisions on how to pay Plaintiffs, supervise Plaintiffs, handle Plaintiffs' day-to-day job duties, or set Plaintiffs' schedules.

14. These tasks were handled by other individuals within THC, including coaches, directors, human resources, and payroll personnel.

15. The Plaintiffs have not provided sufficient evidence to support their damages calculations. Individual Plaintiffs cannot quantify with sufficient precision the amount of their alleged unpaid hours.

16. Plaintiffs failed to provide sufficient evidence as to the alleged unpaid hours of other Plaintiffs.

17. Any time accumulated by Plaintiffs switching in between computer systems was *de minimus*.

18. THC had a policy of providing employees at the beginning of the week with their time sheets and gave the employees the opportunity to have corrections to the time sheet, if any time was missing.

19. Due to the cyber attack incident, THC lost the majority of its electronic files, including payroll documentation. This was not the fault of THC.

20. THC paid Plaintiffs for all overtime premiums they worked.

21. THC paid Plaintiffs for 15-minute breaks taken throughout the workday, despite Plaintiffs not performing any work during those break periods. This more than offset any alleged missing time that Plaintiffs claimed.

22. There is no evidence that THC had any knowledge that any of its employees were not being paid properly and in fact took steps to ensure with their employees that the employees' hours and pay were correct.

## PROPOSED CONCLUSIONS OF LAW

23. THC and Franecke have raised an affirmative defense, the *de minimis* exemption. This exemption would render the FLSA and AMWA claims inapplicable.

24. Plaintiffs have failed to mee their burden of proving that the Defendants willfully violated the FLSA, as such, the two-year limitations period applies.

25. Any time accumulated by Plaintiffs switching in between computer systems was *de minimus*.

26. THC paid Plaintiffs for 15-minute breaks taken throughout the workday, despite Plaintiffs not performing any work during those break periods. This more than offset any alleged missing time that Plaintiffs claimed.

27. Plaintiffs failed to prove that they worked any time that was unpaid.

28. Even if Plaintiffs had proven that they worked time that was unpaid by THC, Plaintiffs failed to prove with sufficient evidence the amount of their damages.

29. As such, Defendants are not liable under the FLSA or AMWA.

30. The FLSA defines an employer as:

> "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.
> 29 U.S.C.S. § 203 (d).

31. "The Eighth Circuit has held that a corporate officer with operational control of the corporation's day-to-day functions is an employer within the meaning of the FLSA." *Simms v. Northport Health Servs of Ark., LLC.*, 2:12-CV-02252, 2013 U.S. Dist. LEXIS 68302, 2013 WL 2102974 (W.D. Ark. May 14, 2013) (citing *Wirtz*, 322 F.2d at 262-63)). "The so-called 'active management test' provides that a corporate officer may be included in the definition of 'employer' if he hires the supervisors and home office workforce and if the wages of the corporation's employees are subject to his control, if only in varying degrees." *Id*. (citing *Chambers Constr. Co. v. Mitchell*, 233 F.2d 717, 724 (8th Cir. 1956)). *Wirtz* and its progeny "require 'operational control of significant aspects of . . . day-to-day functions, including compensation of employees or other matters in relation to an employee.'" *White v. 14051 Manchester Inc.*, 301 F.R.D. 368, 388 (E.D. Mo. 2014) (quoting *Hembree v. Mid-Continent Transp., Inc.*, 09-6094-CV-SJ-HFS, 2011 U.S. Dist. LEXIS 134162, 2011 WL 5841313, at *1 (W.D. Mo. Nov. 21, 2011)).

32. The Eighth Circuit has looked to "factors such as the control of hiring and firing of employees, control of the manner in which work is performed, and the fixing of employee wages in determining who is the 'employer.'" *Dole v. Continental Cuisine, Inc.*, 751 F. Supp. 799, 802-03 (E.D. Ark. 1990) (citing *Wirtz v. Pure Ice Company*, 322 F.2d 259 (8th Cir. 1963); *Fruco Const. Co. v. McClelland,* 192 F.2d 241 (8th Cir. 1951)). Consistent with the purpose of the four-factor test, no one factor is dispositive, but instead a court must consider the economic realities and the circumstances of the whole activity. *Baker v. Stone Cnty., Mo.*, 41 F. Supp. 2d 965, 980 (W.D. Mo. 1999) (citations omitted).

33. In addition to the Plaintiffs' failing to prove their claims under the FLSA and AMWA, Franecke does not meet the definition of an employer under the FLSA or AMWA. As such, she is not personally liable to Defendants under those claims.

34. The WARN Act claims against Franecke individually have previously been dismissed by this Court on summary judgment. (Doc. 90).

35. THC has raised an affirmative defense to the WARN Act claims, the emergency exemption. This exemption would render WARN inapplicable to the Plaintiffs.

36. 29 U.S.C.A. § 2102(b)(2)(A) states that [a]n employer may order a plant closing or mass layoff before the conclusion of the 60-day period if the closing or mass layoff is caused by business circumstances that were not reasonably foreseeable as of the time that notice would have been required. Further, the WARN act doesn't apply if there are business circumstances that were not reasonably foreseeable at the time that notice would have been required. *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000 (2004), see also, 29 U.S.C.A. § 2102(b)(2)(A).

37. One indication of a business circumstance not being foreseeable occurs when "the circumstance is caused by some sudden, dramatic, and unexpected action or condition outside of

the employer's control." *Id*. The test for this focuses on the employer's business judgment and requires the employer to exercise commercially reasonable business judgment as someone similarly situated would do. *Id*, *see also*, *Loeher v. McDonnel-Douglas Corp*,, 98 F.3d 1056 (8th Cir. 1996) and *Burnsides v. MJ Optical, Inc*. 128 F.3d 700 (1997).

      38.      THC was attacked in a ransom cyber-attack at the end of 2019. Throughout the ransom period, THC was promised that in a couple of days, they would have their servers back up and running. After more than two (2) months, the servers were still not fully operational, and THC was forced to shut down. This constitutes a circumstance that was not reasonably foreseeable. During the time of the server issues, THC continued paying all salaries but brought in very little revenue for their charities and therefore brought in no profits for the company despite pouring out funds for the salaries. THC intended to stay in business relying on the information provided to it by those hired to combat the cyber-attack, however, THC's servers never became functional again and THC ultimately had to make a business judgment to shut down, one in which others similarly situated would have done.

      39.      The employer must give as much notice as practicable and a brief statement of the basis for reducing the notification period. 29 U.S.C.A. § 2101(b)(3). Defendants held a meeting in which finances and the overall company were discussed. It was at this time that based on the cyber-attack and the impact it had on contracts with charities and money collected and therefore paid to THC, it was impractical to continue the operation of THC and it was forced to shut down. THC immediately sent out a notice from Franecke to all employees.

      40.      THC meets both the reduction time to notify Plaintiffs as well as the business judgment rule making it not liable under the WARN Act to Plaintiffs.

Respectfully submitted,

Charles Darwin "Skip" Davidson; ABN 73026
Nickolas W. Dunn, ABN 2019115
**DAVIDSON LAW FIRM**
724 Garland, Cantrell at State
P.O. Box 1300
Little Rock, AR 72201
(501) 320-5132
Fax: (501) 374-5917
E-mail: skipd@dlf-ar.com
       nick.dunn@dlf-ar.com

**ATTORNEYS FOR DEFENDANTS**